**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 19, 2021

<span style="color:blue">Plaintiff's motion for discovery is denied without prejudice for failure to comply with Individual Rule III(C)(3). If Plaintiff seeks to renew her request, she shall file a letter motion for a pre-motion discovery conference after conferring with Defendant in person or by telephone and otherwise complying with Rule III(C)(3). Plaintiff shall file a letter by **May 24, 2021**. Defendant shall file a response as described in the same rule by **May 28, 2021**.

Dated: May 20, 2021
New York, New York

_____
Lorna G. Schofield
UNITED STATES DISTRICT JUDGE</span>

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square
Courtroom 1106
New York, NY 10007-1312

Re:  **Edelman v. NYU Langone Health System,** *et al.*
     **Case No.: 1:21-cv-502 (LGS) (GWG)**
     **MLLG File No.: 209-2020**

Dear Judge Schofield:

This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case. The parties write jointly pursuant to this Court's Civil Case Management Plan & Scheduling Order dated March 15, 2021 requiring the submission of a joint status letter in accordance with Rule IV(A)(2) of this Court's Individual Rules and Procedures for Civil Cases (hereinafter "Individual Rules").

The parties address the issues raised therein below *seriatim*:

**(a) What discovery has taken place, specifically**

   **(1)**   *What discovery requests have been propounded, who propounded each request and on what date,*

Plaintiff respectfully submits that the parties have each served upon each other initial discovery pursuant to the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action (hereinafter the "Protocols"). However, Plaintiff notes that Defendants' discovery produced pursuant to the Protocols is deficient in two (2) immediate respects: (i) there is no discovery concerning Plaintiff's Equal Pay Act claim; and (ii) Defendants failed to comply with the requirement to produce information pursuant to Part 3(3) of the Protocols despite Plaintiff's correspondence requesting compliance with the Protocols in this respect on April 23, 2021 and again on April 30, 2021. Plaintiff requests an Order directing the aforesaid compliance. Plaintiff respectfully submits that Defendants' objections in the following paragraph below to her request for compliance be overruled as Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") require this Court and the parties to construe the Rules liberally to secure the just, speedy, and inexpensive determination of every civil proceeding (see Fed. R. Civ. P. 1), and because Defendants suffer no prejudice by Plaintiff seeking compliance from Defendants.

It is Defendants' position that Plaintiff has failed to comply with Rule III(C)(3) of the Court's Individual Rules as well as with Local Civil Rule 37.2 with regard to Plaintiff's request for an Order directing compliance with regard to the Protocols concerning the purported "deficiencies" in Defendants' production under the Protocols. Accordingly, Plaintiff's request for such Order should be summarily denied.

Further, with regard to the purported deficiency concerning Plaintiff's Equal Pay Act claim, Defendants respond that Plaintiff has not identified any potential comparator in her Complaint, in her Initial Disclosures or in her Initial Discovery responses pursuant to Part 3(3) of the Protocols. Rather, in Defendants' first request for the production of documents, served on May 17, 2021 in accordance with the applicable Civil Case Management Plan and Scheduling Order (Doc. 18) ("Scheduling Order"), which seek, *inter alia*, the production of identities of any purported comparators.

Defendants further submit that Plaintiff has failed to identify how Defendants' written responses produced pursuant to Part3(3) of the Protocols are in, any particular way, deficient. Plaintiff's blanket statement provides insufficient information to allow Defendants to substantively respond. In any event, Plaintiff's claim of Defendants' lack of compliance with Part 3(3) of the Protocols is inaccurate.

While Plaintiff has not sought consent of Defendants as permitted in Paragraph 8(g) of the applicable Scheduling Order, Plaintiff, nevertheless, respectfully seeks an additional week's time to propound her discovery demands. And while Plaintiff has not sought Defendants' consent, Defendants represent that they, nevertheless, have no objection to Plaintiff's requested one-week extension.

**(2)** *What responses were made, who made each response and on what date,*

The only responses made were those pursuant to the Protocols. Plaintiff's responses to Defendants' discovery demands are not due until the later of June 16, 2021. Defendants' responses to any discovery demands propounded by Plaintiff would not be due until thirty (30) days after service thereof.

**(3)** *The volume of documents produced, who produced the documents and when;*

Plaintiff produced 386 pages of documents on or about April 23, 2021 while Defendants produced 225 pages of documents on a rolling basis on April 21, 2021, April 23, 2021, and May 6, 2021, with the most recent production made on May 14, 2021.

**(b) The procedural history of the case to date, specifically**

*(1)    What pleadings have been filed, who filed each pleading and on what date,*

Plaintiff filed her complaint on January 20, 2021 and Defendants filed their answer on March 22, 2021.

*(2) What motions, if any, have been filed, who filed each motion and on what date each motion was filed,*

No motions have been filed to date.

*(3) What motions, if any, are currently pending and, for each pending motion, the date it was or is scheduled to be fully briefed; and*

No motions are currently pending.

**(c) The parties' plans to ensure that they meet the Court ordered discovery deadlines.**

The parties have cooperated in discovery thus far and expect to timely complete same absent any disputes that arise, which shall be brought to the Court's attention in accordance with this Court's Individual Rules.

The parties thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
May 19, 2021

Respectfully submitted,

| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| By: \_\_\_\_/s_____ | By: \_\_\_\_*/s/ Richard L. Steer*_____ |
| Emanuel Kataev, Esq. | Richard L. Steer |
| 3000 Marcus Avenue, Suite 3W8 | Tara Toevs Carolan |
| Lake Success, NY 11042-1073 | 1350 Broadway, 11th Floor |
| (516) 328-8899 (office) | New York, NY 10018 |
| (516) 303-1395 (direct dial) | (212) 216-8000 |
| (516) 328-0082 (facsimile) | rsteer@tarterkrinsky.com |
| emanuel@mllaborlaw.com | tcarolan@tarterkrinsky.com |