**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Edelman v. NYU Langone Health System, et al.,*
       Case No. 1:21-cv-00502 (LGS) (GWG)

Dear Judge Schofield:

  The parties write jointly pursuant to this Court's Memo Endorsement dated July 9, 2021 (Docket Entry 30), directing the parties to submit a supplemental letter apprising the court of the following:

(i) <u>The nature of the delay and scope of remaining discovery.</u>

  The nature of the delay primarily arises out of Plaintiff's counsel's trial and appellate brief due in other matters during the month of June 2021 as set forth further below. On July 2, 2021, Plaintiff served her First Set of Interrogatories and First Request for the Production of Documents.[1] Under the Federal Rules of Civil Procedure, Defendants' responses are due on August 2, 2021.

  All depositions need to be completed thereafter.

(ii) <u>The date by which parties intend to produce responsive documents currently in their possession.</u>

  Defendants intend to produce responsive documents currently in their position on August 2, 2021. Plaintiff has responded to Defendants' discovery demands.

---

[1] Plaintiff was unable to serve discovery demands earlier due to the rigors of trial preparation in the matter of <u>Teddy Volkswagen of the Bronx, LLC v. Demersky</u>, Case No.: 1:19-cv-2337 (AJN) (SN), with trial scheduled to commence on June 28, 2021 (the matter settled shortly before trial), and – inter alia – an appellate brief due before the Second Circuit in <u>Paleja v. KP NY Operations LLC</u>, Docket No.: 21-286-cv, on June 25, 2021. Plaintiff respectfully submits both that good cause and excusable delay existed such that her late submission of the discovery demands warranted an extension of time; notwithstanding, the scheduling Order provides that the parties are free to extend internal deadlines without the need for court approval.

(iii) <u>The number of responsive documents currently in their possession that have not been produced.</u>

Defendants have produced over 200 pages of documents and are still in the process of analyzing Plaintiff's First Request for the Production of Documents served on July 2, 2021. Based on the scope of Plaintiff's requests, it is anticipated that hundreds of additional documents are sought by Plaintiff.

Plaintiff has produced approximately 400 pages of documents thus far, and does not anticipate producing any additional documents at this time.

(iv) <u>The names and roles of any witnesses to be deposed</u> and (v) <u>the dates for the depositions of those witnesses.</u>

It is anticipated that Plaintiff will be deposed in mid-September, if not earlier. Plaintiff will ascertain who needs to be deposed upon receipt of Defendants' responses to discovery demands. Accordingly, the parties need additional time to determine an appropriate deposition schedule.

(vi) <u>Any interim discovery deadlines the parties have set, such as deadlines for interrogatories or requests to admit.</u>

The parties have not set any interim deadlines.

The parties thank this Court for its time, attention, and consideration in this case.

Respectfully submitted,

Dated: Lake Success, New York　　　　　　Dated: New York, New York
　　　　July 13, 2021　　　　　　　　　　　　　　July 13, 2021

**MILMAN LABUDA LAW GROUP PLLC**　　**TARTER KRINSKY & DROGIN LLP**

By: */s/ Emanuel Kataev*　　　　　　　　　By: */s/ Richard L. Steer*
　　Joseph M. Labuda　　　　　　　　　　　　Richard L. Steer
　　Emanuel Kataev　　　　　　　　　　　　　Tara T. Carolan
　　3000 Marcus Avenue, Suite 3W8　　　　1350 Broadway, 11th Floor
　　Lake Success, NY 11042-1073　　　　　New York, NY 10018
　　(516) 328-8899　　　　　　　　　　　　(212) 216-8000
　　joe@mllaborlaw.com　　　　　　　　　　rsteer@tarterkrinsky.com
　　emanuel@mllaborlaw.com　　　　　　　　tcarolan@tarterkrinsky.com

　　*Attorneys for Plaintiff*　　　　　　　　　　*Attorneys for Defendants*