UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Dr. Sari Edelman,

                                 Plaintiff(s),            21 Civ. 502 (LGS)

         -v-                                            **FIRST AMENDED**
                                                                CIVIL CASE
NYU Langone Health System, et al.,                 MANAGEMENT PLAN
                               Defendant(s).          AND SCHEDULING
                                                                 ORDER

------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent  X   ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.      The parties [have _____ / have not  X   ] conferred pursuant to Fed. R. Civ. P. 26(f).

3.      This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

      a.      An employment case governed by the Initial Discovery Protocols for Employment cases?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes __X__ / No _____ ]

      b.      A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
[Yes _____ / No __X__ ]

      c.      A patent case subject to the Local Patent Rules and the Court's Individual Rules?  https://nysd.uscourts.gov/rules  and  https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __X__ ]

      d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__ ]

4.  Alternative Dispute Resolution/Settlement

   a.  Settlement discussions [have _____ / have not __X__ ] taken place.

   b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   The parties will be exchanging initial discovery pursuant to the Protocols for Employment Cases.

   c.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   The parties would like a settlement conference before the Magistrate Judge.

   d.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   The parties recommend that the settlement conference be scheduled after the parties exchange discovery.

   e.  **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.  No additional parties may be joined after __4/16/2021__ without leave of Court.

6.  Amended pleadings may be filed without leave of Court until __4/16/2021__ .

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __4/01/2021__ days from the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.  Fact Discovery

   a.  All fact discovery shall be completed no later than ~~July 16, 2021~~ September 30, 2021 .
   *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

2

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ___05/17/2021___.

    c.    Responsive documents shall be produced by ___6/16/2021___.
Do the parties anticipate e-discovery? [Yes _X_ / No ____]

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ___05/17/2021___.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ___~~7/14/2021~~___.

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ___~~XX/14/2021~~___.

    **g.**    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
___Health care professional._____
_____
_____

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ___~~9/XX/2021~~___ ~~August 30, 2021~~ November 12, 2021 *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

    c.    If you have identified types of experts in question 9(a), by ___~~7/XX/2021~~___ ~~June 16, 2021~~ August 30, 2021 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is _X_ / is not ____] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is ___3-5 days___.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

  _____
  _____
  _____
  _____
  _____
  _____
  _____

13. Status Letters and Conferences

   a. By ~~05/19/2021~~ **August 14, 2021, and September 14, 2021** [~~60 days after the commencement of fact discovery~~], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2. **The letters shall include an update on each deposition.**

   b. By ~~7/30/21~~ **October 14, 2021** [14 days after the close of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On ~~9/16/2021~~ **December 2, 2021**, at **10:50 A.M.** ~~10:00 A.M.~~ [usually 14 days after the close of all discovery], a pre-motion conference will be held for any anticipated dispositive motions, provided:

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

   ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

4

      This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

      The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: ~~March 15, 2021~~ July 14, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
| *Counsel for Plaintiff* | *Attorneys for Defendants* |
| | |
| By: /s/ *Emanuel Kataev* | By: /s/ *Richard L. Steer* |
| Joseph M. Labuda | Richard L. Steer |
| Emanuel Kataev | Tara Toevs Carolan |
| 3000 Marcus Avenue, Suite 3W8 | 1350 Broadway, 11th Floor |
| Lake Success, NY 11042-1073 | New York, New York 10018 |
| (516) 328-8899 | Tel (212) 216-8000 |
| joe@mllaborlaw.com | rsteer@tarterkrinsky.com |
| emanuel@mllaborlaw.com | tcarolan@tarterkrinsky.com |

5