# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 24, 2021

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

>    *Re:*    **Edelman v. NYU Langone Health System,** *et al.*
>            **Case No.: 1:21-cv-502 (LGS) (GWG)**
>            <u>**MLLG File No.: 209-2020**</u>

Dear Judge Schofield:

This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case.  Plaintiff writes pursuant to ¶ III(A)(1) of this Court's Individual Rules and Procedures for Civil Cases (hereinafter the "Procedures") and Local Civil Rule ("LCR") 37.2 in response to Defendants' letter motion dated August 18, 2021.

While Plaintiff is amenable to an appropriate confidentiality stipulation to be so Ordered by this Court, she respectfully refuses to agree to one which imposes unilateral limitations which are not called for.  In this case, Defendants obstinately refuse to agree to allow Plaintiff to *potentially* designate certain items as confidential – regardless of what they are – merely because any such documents or electronically stored information *may* be "stored" on "NYU's computers, networks, and/or communication systems."  However, this Court cannot resolve this dispute in a vacuum without knowing what information, if any, is in NYU's computers, networks, and/or communication systems.  Frankly, neither can the Plaintiff.

In arguing this unripe, nonjusticiable issue which has not yet arisen such that it can properly be reviewed, Defendants seem to believe they may compel Plaintiff to agree to something she is not willing to agree to.[1]  Defendants cannot do so and must instead either come to terms which both parties agree on to have a confidentiality stipulation, or do without one. See <u>Alcon Vision, LLC v Lens.com, Inc.</u>, No. 18-CIV.-407 (NG), 2019 WL 8197768, at *1 (E.D.N.Y. July 25, 2019) (ordering the parties to "go back to the drafting boards" after a dispute over a minute point within a confidentiality stipulation).

---

[1] There is that pesky longstanding principle that "[f]reedom of contract" is a "deeply rooted" tradition under New York law, and courts have held that they are not free to substitute a party's notions of fairness and propriety for the express provisions of a parties' agreement, one way or the other.  See <u>Spandex House, Inc. v Hartford Fire Ins. Co.</u>, 407 F Supp 3d 242, 259 (S.D.N.Y. 2019), <u>aff'd</u>, 816 Fed. Appx. 611 (2d Cir. 2020).

Hon. Lorna G. Schofield, U.S.D.J.
August 24, 2021
P a g e | **2**

Perhaps underscoring the lack of reason in Defendants' argument that Plaintiff should be forced to acquiesce to Defendants' unilateral provision allowing them to blanket documents with a confidentiality designations – yet engage in a wholesale effort to prevent Plaintiff from doing so – on account of the possibility that a document may reside on NYU's computers, networks, and/or communication systems, Defendants submit case law on an employee's expectation of privacy[2] and a NYU policy in support of their position.  Notably, neither the case law nor the policy was provided to Plaintiff during the parties' multiple telephonic and Zoom meet-and-confer sessions, despite due demand for same, and was only provided by Defendants upon sharing a draft of their letter motion approximately one (1) week before filing.  This conduct smacks entirely of bad faith.

Defendants' bad faith is all the more apparent where Plaintiff has taken so much time and effort to assist Defendants in reaching a reasonable agreement as to the issue of confidentiality where they are not otherwise entitled to same absent an agreement.  Indeed, "[i]n this country, courts have recognized a strong presumption of public access to court records." See Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994). Absent an Order granting a request to seal or approving other protective measures based on a showing that "good cause exists to overcome the presumption of open access to documents filed in our courts," see Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000), there is no entitlement to confidentiality unless a law or rule provides otherwise.  Glaringly, Defendants fail to cite to any law or rule entitling them to such broad-sweeping confidentiality protections as sought in their proposed agreement.

Finally, as alluded to *supra*, Defendants' purported dispute raised herein is not ripe for review.  Plaintiff has not, at this point, attempted to designate any document that resides on NYU's "computers, networks and/or communications systems" as confidential.  See Trump v. New York, 141 S. Ct. 530, 535 (2020) ("To be justiciable, a case must be ripe — not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all) (citations and quotations omitted).  The issue Defendants raise here, which *may* occur – but hasn't – is therefore not ripe for review.  What's worse, the parties' proposed confidentiality stipulation provides a mechanism for the submission of disputes concerning documents improperly designated as confidential to be decided by this Court, which Defendants are free at all times to avail themselves of, *if* they disagree with any such future *possible* designation.  Indeed, the proposed confidentiality stipulation expressly provides:

> A Party shall not be obligated to challenge the propriety of a designation of "Confidential" or "Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party to this litigation disagrees at any stage of these proceedings with the

---

[2] This authority puts the cart before the horse, and would only be applicable in the event Plaintiff designates a document that is confidential that resides on NYU's computers, networks, and/or communications systems.  Without conceding that a document's mere presence on NYU's computers, networks, and/or communications systems renders it incapable of being confidential, that is not the issue before the Court as set forth further in this letter.

Hon. Lorna G. Schofield, U.S.D.J.
August 24, 2021
P a g e | **3**

designation of "Confidential" or "Confidential – Attorneys' Eyes Only," the Parties shall try first to dispose of such dispute in good faith on an informal basis. If any party receiving material marked "Confidential" or "Confidential Attorneys' Eyes Only" objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential. If the producing party does not make such a request within seven business (7) days of the receipt of the other party's written objection, then the issue will be deemed waived by the producing party and said material will not be deemed Confidential or Confidential Attorneys Eyes Only. The parties will maintain said material as Confidential in accordance with this stipulation pending a determination by the court on the producing party's request. The Party opposing such designation shall not object to the designating Party filing the information at issue with the Court under seal in order for the Court to resolve the matter.

In that regard, Plaintiff respectfully submits that: (i) Defendants' letter motion for a conference must be denied as an unripe, nonjusticiable issue; (ii) Defendants should either agree to the proposed confidentiality stipulation and Order without the offending provision Plaintiff does not agree to or move forward in this litigation without any confidentiality stipulation and Order; and (iii) upon denial, awarding Plaintiff attorneys' fees and costs in wasting time, effort, and resources negotiating the proposed confidentiality Order and stipulation to oblivion, which has only delayed this case from moving forward. See Fed. R. Civ. P. 37. Indeed, Rule 37 provides that, if a discovery motion is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees. Id. (emphasis added). Here, Plaintiff has, in good faith, gone through approximately seven (7) drafts of the confidentiality stipulation between May 2021 and August 2021, spanning approximately four (4) months, and this case has been delayed by Defendants' bad faith in negotiating same. As such, this Court must deny Defendants' motion and award Plaintiff relief consistent with Rule 37. Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
      August 24, 2021             Respectfully submitted,
                                          **MILMAN LABUDA LAW GROUP PLLC**
                                          /s
                                          Emanuel Kataev, Esq.
                                          3000 Marcus Avenue, Suite 3W8
                                          Lake Success, NY 11042-1073
                                          (516) 328-8899 (office)
                                          (516) 303-1395 (direct dial)
                                          (516) 328-0082 (facsimile)
                                          emanuel@mllaborlaw.com

cc: Defendants (via ECF).