

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Richard L. Steer
Partner
(212) 216-8070
rsteer@tarterkrinsky.com

August 18, 2021

The parties shall submit the Proposed Order by **August 27, 2021**, and include the following: "Plaintiff may designate Plaintiff's personal documents or information located on NYU computers, networks, and/or communication systems as 'Confidential' or 'Confidential – Attorneys Eyes Only.'"  If the parties dispute the treatment sought as to any particular document, they may submit their dispute to the Court.  Defendants are advised that the policy they cite does not appear to forbid personal use of NYU computers and that the policy suggests NYU protects the sensitive data of employees.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 37.

Dated: August 25, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Edelman v. NYU Langone Health System, et al.,*
         Case No. 1:21-cv-00502 (LGS)(GWG)
         **Request for a Pre-Motion Discovery Conference**

Dear Judge Schofield:

We represent defendants NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center," (collectively, "NYU") as well as individually named defendants Andrew T. Rubin, David Kaplan, Joseph Antonik and Joshua Swirnow.

We are constrained to request the Court's assistance to resolve a dispute related to the parties' proposed Stipulated Confidentiality Order (the "Proposed Order").  Despite multiple and ongoing attempts to resolve this issue among the parties without the need for court intervention, including several email exchanges and telephonic meet-and-confers, we have no alternative but to bring this issue to the Court.  Pursuant to Rule III(C)(3) of Your Honor's Individual Rules and Procedure for Civil Cases, the parties attempted, in good faith, to resolve the dispute among themselves via multiple email communications and telephonic conferences.

This is a single-plaintiff discrimination action by a physician formerly employed by Defendant NYU Langone Health. The Proposed Order contemplates the exchange and protection of confidential information which the parties have agreed to define in paragraph 3 as follows:

(a) trade secrets or other information of a non-public nature considered by the Producing Party to be commercially or personally sensitive, confidential, and/or proprietary, including, but not limited to, any NYU patient care, fiscal, or personnel information; or (b) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including, but not limited to, any NYU patient care, fiscal, or personnel information, and, with the exception of documents or information located on NYU computers, networks, and/or communication systems, (c) trade secrets or other information of a non-public nature considered by the Producing

Hon. Lorena G. Schofield
August 18, 2021
Page **2** of **3**

Party to be commercially or personally sensitive, confidential, and/or proprietary, including, but not limited to, any patient care, fiscal, or personnel information of Plaintiff's subsequent employer(s); or (d) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including, but not limited to, any patient care, fiscal, or personnel information of Plaintiff's subsequent employer(s).

The single dispute between the parties is whether plaintiff had a reasonable expectation of privacy in documents and information received or transmitted using and/or saved, stored and/or located on NYU computers, networks, and/or communication systems.  NYU's position is that Plaintiff had no such expectation of privacy based on NYU's written policies and practices and supporting precedence.  Plaintiff insists that she should have the right to designate such documents and/or information, in NYU's possession, custody, or control and located on NYU computers, networks, and/or communications as confidential, and refuses to include the highlighted and italicized language below in paragraph 7 of the Proposed Order.

With respect to the Confidential portion of any Discovery Material, produced by or on behalf of Defendants (other than deposition transcripts and exhibits), which are Plaintiff's personal documents or information –  and which are not NYU documents or information *and/or are not documents or information located on NYU computers, networks, and/or communication systems* –  Plaintiff or her counsel may designate such documents or information "Confidential" or  "Confidential –  Attorneys Eyes Only."

In my over 45 years of practice, I do not recall another instance in which an impasse had been reached, requiring the intercession of a court, regarding proposed language in a confidentiality agreement intended to protect the confidential information in the possession, custody or control of and/or located on the computers, networks and/or communications systems of a patient care facility.  To be clear, the documents and/or information at issue here are documents in the possession, custody, or control of NYU and/or prepared, sent or received by Plaintiff utilizing NYU's computers, networks, and/or communication systems.

In assessing an employee's reasonable "expectation of privacy in his [work] computer files and email," courts have increasingly turned to the four-factor test adopted in *In Re Asia Global Crossings, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005); *see also In re Rsrv. Fund Sec. & Derivative Litig.*, 275 F.R.D. 154, 159-160 (S.D.N.Y. 2011). Courts should consider the following four factors when measuring such expectation of privacy:

(1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?'

Here, NYU's Policy on Responsible Use of NYU Computers and Data (a copy of which is

Hon. Lorena G. Schofield
August 18, 2021
Page **3** of **3**

publicly available online)[1] specifies that: acceptance of authorization to use NYU computer and data resources establishes an obligation to, among other things, behave in accordance with NYU's educational, research, and services purposes and in a manner compliant with this and other applicable NYU policies and procedures and all applicable laws and regulations; and to behave with civil regard for other members of the NYU community and of the wider community on the Internet; NYU computer systems are routinely monitored and recorded; computer and data resources provided by NYU are the property of NYU and not the personal property of the individual; and authorized persons access the NYU computers used by employees.

Further, NYU advises NYU community members that it is their responsibility to know and abide by IT and NYU policies and advises that, in particular, NYU community members review the Policy on Responsible Use of NYU Computers and Data.

Based on the applicable policy and law, Plaintiff had no expectation of privacy in information, documents, or records she prepared, sent, transmitted, viewed, received, and/or stored on or utilizing NYU computers, networks, and/or communication systems. While a copy of the substance of this letter was provided to Plaintiff's counsel on August 11, 2021, with a final copy provided again on August 17, 2021, as part of a final attempt to resolve the matter prior to seeking the Court's intervention, Plaintiff has provided no legal authority to the contrary as of the submission of the letter to the Court.

Furthermore, Plaintiff's sought-after ability to designate information and/or documents located in NYU's possession, custody or control would impose a burden and obligation on the part of NYU that now potentially cannot be complied with by virtue of the fact that the information and/or documents are already in the possession, custody or control of NYU without any known obligation or duty to keep same confidential. Even on a going forward basis Plaintiff does not and should not have the right to designate information and/or documents in NYU's possession, custody or control confidential when they are not under the law and NYU policies. Forcing NYU to take steps to ensure their confidentiality imposes an obligation that NYU would not otherwise have. Plaintiff could have avoided this issue by simply using her personal devices or email when dealing with purportedly personal matters.

We thank the Court for its time, attention, and consideration.

Respectfully submitted,
**TARTER KRINSKY & DROGIN LLP**


By: */s/ Richard L. Steer*
Richard L. Steer

---

[1]  NYU Langone Health, *Policy on Responsible Use of NYU Computers and Data*, https://www.nyu.edu/about/policies-guidelines-compliance/policies-and-guidelines/responsible-use-of-nyu-computers-and-data-policy-on.html (last visited August 17, 2021).