**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. SARI EDELMAN,<br><br>        *Plaintiff*,<br><br> – against –<br><br>NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,<br><br>        *Defendants*. | Case No. 1:21-cv-502 (LGS) (GWG)<br><br>**STIPULATED**<br>**CONFIDENTIALITY ORDER** |

  **WHEREAS**, this matter having come before the Court by stipulation of plaintiff, Dr. Sari Edelman ("Plaintiff" or "Edelman"), and defendants, NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University, f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center;" and Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow ("Defendants" or "NYU") (Plaintiff and Defendants are each individually referred to herein as a "Party" and collectively referred to herein as the "Parties"), for the entry of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), limiting the review, copying, dissemination and filing of confidential and proprietary documents and information to be produced by either Party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED** that any person subject to this Order – including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and/or consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. A Party may designate all or portions of any information, materials, or documents produced or furnished by that Party pursuant to discovery or otherwise during the course of this litigation as "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the terms of this Order.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only such material that it reasonably and in good faith believes consists of: (a) trade secrets or other information of a non-public nature considered by the Producing Party to be commercially or personally sensitive, confidential, and/or proprietary, including, but not limited to, any NYU patient care, fiscal, or personnel information; or (b) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including, but not limited to, any NYU patient care, fiscal, or personnel information, and, with the exception of documents or information located on NYU computers, networks, and/or communication systems, (c) trade secrets or other information of a non-public

nature considered by the Producing Party to be commercially or personally sensitive, confidential, and/or proprietary, including, but not limited to, any patient care, fiscal, or personnel information of Plaintiff's subsequent employer(s); or (d) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including, but not limited to, any patient care, fiscal, or personnel information of Plaintiff's subsequent employer(s).[1]

4. Information designated as "Confidential – Attorneys Eyes Only" shall be disclosed only to in-house and outside attorneys for the Parties to this action, their authorized secretarial and legal assistant staff, and to outside experts retained or consulted with by the Parties or their attorneys for purposes of this litigation. No documents or information designated "Confidential – Attorneys Eyes Only" shall be disclosed to any individual Party to this action or to any officer, director or employee of any Party who is not an attorney, except by written stipulation of the Parties or by order of the Court, pursuant to the procedure set forth herein.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

---

[1] Nothing herein shall serve to contravene Part 2(2)(h) of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (hereinafter the "Protocols"), which provides that "[t]he defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days['] notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon."

6. With respect to the Confidential portion of any Discovery Material, which are NYU documents or information, produced by or on behalf of Plaintiff other than deposition transcripts and exhibits, NYU or its counsel may designate documents or information produced by Plaintiff "Confidential" or "Confidential – Attorneys Eyes Only."

7. With respect to the Confidential portion of any Discovery Material, produced by or on behalf of Defendants (other than deposition transcripts and exhibits), which are Plaintiff's personal documents or information – and which are not NYU documents or information– Plaintiff may designate Plaintiff's personal documents or information located on NYU computers, networks, and/or communication system as "Confidential" or "Confidential – Attorneys Eyes Only."

8. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Confidential – Attorneys' Eyes Only" either by indicating on the record during the deposition that a question calls for Confidential information, and notifying the reporter and all counsel of record, in writing, within thirty (30) days after receiving a copy of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only" upon which all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30) day period, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Confidential – Attorneys' Eyes Only."

9. A Party shall not be obligated to challenge the propriety of a designation of "Confidential" or "Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation

disagrees at any stage of these proceedings with the designation of "Confidential" or "Confidential – Attorneys' Eyes Only," the Parties shall try first to dispose of such dispute in good faith on an informal basis. If any party receiving material marked "Confidential" or "Confidential Attorneys' Eyes Only" objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential. If the producing party does not make such a request within seven business (7) days of the receipt of the other party's written objection, then the issue will be deemed waived by the producing party and said material will not be deemed Confidential or Confidential Attorneys Eyes Only. The parties will maintain said material as Confidential in accordance with this stipulation pending a determination by the court on the producing party's request. The Party opposing such designation shall not object to the designating Party filing the information at issue with the Court under seal in order for the Court to resolve the matter.

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, as the parties hereby expressly agree that the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and that this provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence ("FRE") 502(d); or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

  (b)  auditors or accountants for any Party;

  (c)  counsel retained specifically for this action, including any in-house and outside counsel, and any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  (d)  outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

  (e)  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

  (f)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (g)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (h)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (i)  court reporters engaged to transcribe depositions the Parties conduct in this action; and

  (j)  this Court (including any person having access to any Confidential Information by virtue of his or her position with the Court).

12.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(g), or 9(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In the event that such person refuses to sign an agreement in the form

attached as Exhibit, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

13. The disclosure of a document or information without designating it as "Confidential or Confidential Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of this Stipulation and Order.

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Public Access to Court Electronic Records ("PACER") Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal to the extent permitted by law (including, without limitation, in accordance with and as provided in any applicable rules of the Court) with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. To the extent that the Court requires any further act by the parties as a precondition to the filing of Confidential Discovery Material under seal (beyond the submission of this Stipulation and Order For The Production and Exchange of Confidential Materials), it shall be the obligation of the producing party of the Confidential Discovery Material to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal in accordance with and as provided in any applicable rules of the Court, including Individual Rule I.D.3.

15. Recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose, nor in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if and only if the Producing Party deems, in the Producing Party's sole discretion, it appropriate to do so.

17. Each person who has access to Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within sixty (60) days of the final disposition of this action – including all appeals – all recipients of Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party (except those copies of any Discovery Material with notes protected by any privilege, which the other party shall destroy), destroy such material, including all copies thereof. In either event, by the sixty (60) day deadline, the recipient must certify its

return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order is effective *nunc pro tunc* from January 20, 2021 (the date of the Complaint and filing of the Action), and will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. The foregoing is without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by any Party and any violation of this Order may result in the imposition of sanctions by the Court in its sole discretion.

22. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: August 27, 2021

| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

By: _/s/ Emanuel Kataev_____  
    Joseph M. Labuda  
    Emanuel Kataev  
    3000 Marcus Avenue, Suite 3W8  
    Lake Success, NY 11042  
    (516) 328-8899  
    joe@mllaborlaw.com  
    emanuel@mllaborlaw.com

By: _/s/ Richard L. Steer_____  
    Richard L. Steer  
    Tara Toevs Carolan  
    1350 Broadway, 11th Floor  
    New York, New York 10018  
    (212) 216-8000  
    rsteer@tarterkrinsky.com  
    tcarolan@tarterkrinsky.com

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.  So Ordered.

Dated: __August 27__, 2021  
      New York, New York

_____  
**LORNA G. SCHOFIELD**  
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. SARI EDELMAN,<br><br>                        *Plaintiff*,<br><br>        – against –<br><br>NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,<br><br>                      *Defendants*. | Case No. 1:21-cv-502 (LGS) (GWG)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge and agree that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job title is _____.

    4.    I received a copy of the Protective Order, entered into the above-captioned action, on _____, 20\_\_.

    5.    I have carefully read and understand the provisions of the Protective Order.

    6.    I will comply with all of the provisions of the Protective Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Material that is disclosed to me.

    8.    I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

    9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Name (Signed): _____    Dated: _____

Name (Printed): _____