

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Richard L. Steer
Partner
(212) 216-8070
rsteer@tarterkrinsky.com

October 12, 2021

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Edelman v. NYU Langone Health System, et al.*
     Case No. 1:21-cv-00502 (LGS)(GWG)
     **Request for a Pre-Motion Discovery Conference**

Dear Judge Schofield:

  We represent Defendants, NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center," (collectively, "NYU") as well as individually named defendants, Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow (collectively with NYU, "Defendants").

  Pursuant to notice and a written stipulation, on September 20, 2021, the first day of Plaintiff's deposition was conducted remotely for approximately 6.5 hours (exclusive of breaks). At the conclusion of the deposition that day, the undersigned Counsel requested to schedule an additional day of Plaintiff's deposition, to which Plaintiff's counsel objected. Thereafter, on September 29, 2021, Defendants renewed their request in writing to continue Plaintiff's deposition.

  On September 28, 2021, counsel for the parties engaged in a telephonic meet and confer, pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure ("Rule 30(d)(1)"), concerning Defendants' request for a second day of Plaintiff's deposition of seven and a half (7.5) hours (including the ½ hour that remains from the first day of her deposition).

  Plaintiff rejected Defendants' request and, instead, offered an insufficient hour and thirty-three minutes or some number between that a number less than seven hours. However, as Plaintiff's deposition would require more than 7.5 hours to complete, Defendants have nevertheless proposed 7.5 hours as a compromise.

  Rule 30(d)(1) "requires a deposition to be extended if additional time is required to fairly examine the witness, as is the case here." *Amley v. Sumitomo Mitsui Banking Corp.*, No. 19-cv-03777-CM, 2021 WL 22060, at *1 (S.D.N.Y. Jan. 4, 2021) (granting defendant's request for plaintiff to be available for two days of deposition totaling 14 hours). Further, "[a] district court

Hon. Lorena G. Schofield
October 12, 2021
Page 2 of 3

has broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (GEL), 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (granting an additional four hours of testimony after witness had already been deposed for fourteen hours over two days, for a total of 18 hours, when the witness was "a very significant witness in the case") (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("observing that the district court has wide latitude to determine the scope of discovery").

Plaintiff served a 112-paragraph Complaint, and Defendants require sufficient time to depose her on all relevant facts related to her Complaint and Defendants' affirmative defenses. *Amley*, 2021 WL 22060, at *1 (defendant granted a total of 14 hours to depose plaintiff where plaintiff served a 143-paragraph complaint and defendant required sufficient time to depose on all relevant facts to the complaint and defendant's affirmative defense).

Additionally, Plaintiff has indicated her desire to conduct seven (7) party depositions as well as an intention to subpoena the depositions of two (2) former employees of NYU. The depositions include individuals who evaluated Plaintiff's performance and who determined that Plaintiff's contract should not be renewed. While Plaintiff will be able to question each of these witnesses about their interactions with her over the course of multiple separate depositions, NYU and the four named individual Defendants have numerous topics to cover with Plaintiff including among others, her interactions with her coworkers at NYU, her clinical practices at NYU, the internal investigation into her allegations against certain of the Defendants, NYU's affirmative defenses, and issues related to the alleged damages which she claims exceed $10,000,000.00, together with Plaintiff's job search and the facts surrounding her move to Florida following her leaving NYU's employment. Defendants also seek to depose Plaintiff concerning the allegations set forth in the remainder of Plaintiff's over 100 paragraph Complaint that were not covered in the first day of Plaintiff's deposition.[1] Given the foregoing, the needs of the case warrant additional time for Plaintiff's deposition.

NYU's request herein is reasonable given the disproportionate amount of deposition testimony being sought in this Action. Plaintiff has represented to the Court that she intends to take nine (9) depositions of current and former NYU employees. NYU, however, has noticed only *one (1)* Party deposition – Plaintiff's. Therefore, by the end of the depositions, Plaintiff will have taken approximately a total of sixty-three (63) hours of depositions of current and former NYU employees while, if additional time is not granted, NYU would be limited to only seven (7) hours

---

[1] While Plaintiff was provided with the basis for the instant request stated in this letter on September 29, 2021, Plaintiff's opposition since conveyed to Defendants failed to address the Court's analysis in *Amley* which is applicable here; rather, Plaintiff accused Defendants of squandering their time by their questioning of Plaintiff concerning the custody and maintenance of over 200 pages of documents that she served at 10:00 p.m. the night before her deposition.

Hon. Lorena G. Schofield
October 12, 2021
Page 3 of 3

for the deposition of the key witness in this case about her allegations against NYU as well as her specific allegations against each of the four individual defendants.

NYU's request is reasonable given the relative discovery burdens faced by the parties thus far. NYU has further been burdened with more discovery throughout this case than has Plaintiff. NYU searched and produced discovery from various departments and various custodians concerning records for Plaintiff and various other NYU physicians and has produced 1090 pages of documents.  NYU is also now required to attempt to track down the unproduced medical records from a witness whose existence was only disclosed during Plaintiff's recent deposition and whose identity has <u>not</u> yet been provided to Defendants despite the fact that it is responsive to Defendants' document requests to Plaintiff dated May 17, 2021.  Plaintiff, on the other hand, has only had to search her own records. Given the relative discovery burdens in this case to date, allowing NYU more time for Plaintiff's deposition is fair and proportionate to the needs of this case, particularly given Plaintiff is the main witness.

Therefore, we respectfully request that Plaintiff be directed to appear for an additional day of seven and one half (7.5) hours for the continuation of her deposition.

We thank the Court for its time and consideration.

Respectfully submitted,
**TARTER KRINSKY & DROGIN LLP**

By: */s/ Richard L. Steer*
Richard L. Steer

By **October 20, 2021**, the parties shall (1) meet and confer for at least thirty (30) minutes to attempt to resolve their discovery dispute and (2) file a joint letter confirming that they met and conferred for at least thirty minutes.  If the parties are unable to resolve their dispute, the letter shall state the parties' positions.  The letter shall not exceed six (6) pages.  So Ordered.

Dated: October 13, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

{Client/002528/5/02504406.DOCX;5 }