**VIA ECF**                                                                 October 20, 2021
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Edelman v. NYU Langone Health System, et al.*
             <u>Case No. 1:21-cv-00502 (LGS) (GWG)</u>

Dear Judge Schofield:

      The parties write jointly pursuant to the Court's October 14, 2021 Order (Docket Entry 59) confirming that they met and conferred for at least thirty (30) minutes on Monday, October 18, 2021 at 3:00 PM to attempt to resolve their discovery dispute concerning Plaintiff's objection to Defendants' request for additional time to continue Plaintiff's deposition. Despite diligently seeking to work cooperatively in an effort to resolve the dispute, the parties are constrained to request the Court's assistance and state their positions below.

      The first day of Plaintiff's deposition was conducted remotely (pursuant to a stipulation concerning remote depositions) on September 20, 2021, for approximately 6.5 hours (exclusive of breaks) from 10:34 AM through 6:30 PM.[1] As Defendants submit that Plaintiff's deposition was not completed, Defendants requested to schedule an additional day to continue Plaintiff's deposition, to which Plaintiff objected on the grounds that she was fairly examined without any cause or basis to state that her deposition was impeded in any way.

      On September 28, 2021, counsel for the parties engaged in a telephonic meet and confer, pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure ("Rule"), concerning Defendants' request for a second day of Plaintiff's deposition of seven and a half (7.5) hours (including the ½ hour that remains from the first day of her deposition). Plaintiff rejected Defendants' request and offered an hour and thirty-three minutes, representing the amount of time left after subtracting all time off from breaks from the seven (7) hours allotted under Rule 30.[2]

---

[1] Where a witness has sat for a full seven hours, a movant must show good cause to reopen and extend the deposition. See *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CIV.-1514 (PAC) (HBP), 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008). The determination of whether good cause exists is fact specific. *Id.*

[2] Crucially, Defendants agreed to Plaintiff's counsel's request to continue Defendant Andrew T. Rubin's ("Rubin") deposition by subtracting the time for breaks from the seven (7) hours allotted under Rule 30 and have thus limited his deposition to seven (7) hours. Plaintiff submits that the same should be done here. Furthermore, it is Defendants' position that Plaintiff's *quid pro quo* suggests why more time is needed for Plaintiff's deposition. Defendant Rubin will be deposed for seven (7) hours only with regard to issues within his scope of knowledge, while Plaintiff is the one with knowledge of the basis of her alleged claims against the other four (4) Defendants as well as Rubin.

The parties engaged in a second telephonic meet and confer on October 18, 2021, for more than 30 minutes, as directed by this Court's October 14, 2021 Order (Docket Entry 59). It is Defendants' position that, in order to fully complete Plaintiff's deposition, it would require more than fourteen (14) hours to complete. Defendants nevertheless proposed 7.5 hours as a compromise. Defendants submit that Rule 30(d)(1) requires a deposition to be extended if additional time is required to fairly examine the witness, as is the case here. *Amley v. Sumitomo Mitsui Banking Corp.*, No. 19-cv-03777-CM, 2021 WL 22060, at *1 (S.D.N.Y. Jan. 4, 2021) (granting defendant's request for plaintiff in employment discrimination case to be available for two days of deposition totaling 14 hours). In *Amley*, there had not been any disagreement between the parties that for the defendant to "fairly examine" the plaintiff, the plaintiff's deposition should occur over the course of two (2) full days. This is consistent with the 2000 Advisory Committee notes[3] to Rule 30(d) which provide that the "7 hour time limit is merely a guide and that parties should work together to determine a fair time limit: 'It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court….'" *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004). However, Plaintiff submits that Amley is inapposite for a plethora of reasons. Critically, the parties in Amley agreed that the witness there should be deposed for fourteen (14) hours; no such agreement exists here. In fact, the court in Amley merely held that "plaintiff may not hold the Amley deposition hostage to his desire for a *quid pro quo*" to obtain a similar benefit of additional time to depose a witness. Defendants submit that unlike the parties in *Amley* who took to heart the Advisory Committee's position that the parties should seek to agree to additional time for a deposition where necessary to fairly examine the plaintiff in that single Defendant employment discrimination case, Plaintiff here has refused to agree to an extension of seven hours in this multiple Defendant employment discrimination case, to which Plaintiff respectfully counters that she has fairly offered an hour and thirty three minutes at the outset (which offer was rejected by Defendants), and expressed willingness to consider some greater time were Defendants to propose same (which proposal was similarly categorically rejected).

Further, "[a] district court has broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (GEL), 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (granting an additional four hours of testimony after witness had already been deposed for fourteen hours over two days, for a total of 18 hours, when the witness was "a very significant witness in the case") (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("observing that the district court has wide latitude to determine the scope of discovery"). Plaintiff submits that while there is no dispute that she is a significant witness in this case, Defendants have not provided any compelling reason warranting divergence from the seven (7) hour rule. Further, Arista Records LLC is inapposite. There, an argument existed that the witness impeded the progress of the deposition by "stonewalling on questions" and "tak[ing] unusually long periods of time to read the entirety of documents presented." See 2008 WL 1752254 at *1. No such conduct is alleged here, as Plaintiff was a model witness during her deposition.

---

[3] Plaintiff respectfully submits that Defendants' reliance on the non-binding Advisory Committee notes are misplaced. See Schiavone v. Fortune, 477 U.S. 21, 31 (1986) (holding that the interpretations in the Advisory Committee Notes in the Federal Rules of Civil Procedure are not binding and merely constitute persuasive authority).

It is Defendants' position that there does not need to be a claim that the witness impeded the deposition in order for the Court to properly find that more time is needed to fairly examine the witness. Moreover, in *Arista* the Court granted the additional time despite finding that Plaintiff did not impede the deposition. Rather, the court granted the additional time due to the witness being a party as well as being a significant witness in the case. Defendants submit that Plaintiff served a 112-paragraph Complaint against 11 named defendants (of which there is one correct corporate entity and four individually named defendants), and Defendants require sufficient time to depose her on all relevant facts related to her Complaint and Defendants' affirmative defenses. In multi-party cases, such as here, the need for each party to examine the witness may warrant additional time. (The 2000 Advisory Committee Notes to Rule 30(d).) The multiple Defendants have numerous topics left to cover with Plaintiff including among others, her allegations specific to each of them, her clinical practices at NYU, her interactions with her coworkers at NYU, the internal investigation into her allegations against certain of the Defendants, NYU's affirmative defenses, and issues related to the alleged damages which she claims exceed $10,000,000.00, together with Plaintiff's job search and the facts surrounding her move to Florida following her leaving NYU's employment. Plaintiff submits that the number of relevant paragraphs is approximately half given that the preliminary statement and facts section of the complaint contain about a dozen identical allegations and the causes of action portion of the complaint contains legalese for which there is no need to depose Plaintiff regarding. In that regard, this argument concerning the number of paragraphs in the complaint is a red herring. Regardless of whether the proper number of allegations to be considered are contained in 112 or 60 paragraphs, as noted above, Defendants still have numerous crucial issues raised by Plaintiff to examine her in her continued deposition. Moreover, Plaintiff submits that while Defendants wish to question her on the topics outlined in this paragraph, they instead chose to focus their time on other issues during her deposition. Had Defendants managed their time properly in the conduct of the deposition, there would be no need for additional time.

Defendants submit that Plaintiff's deposition on September 20, 2021 also revealed that records must have existed and were responsive to their May 17, 2021 document requests, which had not been produced. The 2000 Advisory Committee Notes to Rule 30(d) provide that "If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." Defendants must now seek the unproduced records from an out-of-state witness whose existence was only disclosed during Plaintiff's recent deposition and whose identity was just produced on October 19, 2021, and for whom a signed records authorization has not yet been received. Plaintiff submits that she had produced documents related to her visits with a therapist, which are not medical records (as she is not in possession of any) on Tuesday, October 19, 2021, and that Defendants would need to subpoena the therapist to obtain testimony concerning same. As such, this is not a valid ground to provide additional time for Plaintiff to be deposed because Defendants will be able to question the therapist.

Based on the complete lack of sufficient cause for same, Plaintiff respectfully submits that this Court should exercise its discretion in favor of denying Defendants' application to continue her deposition for an unprecedented additional seven (7) hours.

Indeed, the only two cases Defendants cite in support of such rare relief are inapposite to the facts in this case, as there was no agreement concerning Plaintiff being deposed for an additional day like there was in <u>Amley</u>, and there is no evidence that Plaintiff has done anything to impede her deposition on September 20, 2021, which was the basis for granting additional time in <u>Arista Records LLC</u> (which is also not an employment discrimination case like this one, but a complicated, convoluted, multi-party copyright infringement case related to a computer software program). Defendants have adequately explained their position regarding the case law above and will not belabor it here.

At best, Plaintiff submits that should this Court exercise its discretion in favor of granting additional time to conduct Plaintiff's deposition (which it should not), the great weight of authority (cited in Defendants' initial letter motion) shows that courts grant somewhere between three to five additional hours where warranted. Here, the Court should only permit an additional hour and thirty-three minutes in keeping with Rule 30(d)(1). Defendants submit that even a cursory review of their initial letter motion demonstrate the inaccuracies of Plaintiff's claims regarding Defendants' letter motion as well as Plaintiff's contention regarding the "great weight of authority."

In an effort to resolve this dispute, Plaintiff submits that though no additional time is warranted here, after Defendants rejected Plaintiff's offer to conduct an additional day of deposition for the remaining hour and thirty-three minutes left of the allotted seven (7) hours under Rule 30, Plaintiff stated that she would be willing to stipulate to some number of hours between the 1.5 hours offered and the 7.5 hours sought were Defendants to make an offer. This offer was made in recognition of the fact that this Court may well Order Plaintiff to be deposed for *some* additional time given that she was only deposed for 5.5 hours exclusive of breaks. Regrettably, Defendants categorically and unreasonably rejected this offer, making this otherwise unnecessary and resolvable application necessary. <u>See</u> <u>La Belle v. Barclays Capital Inc.</u>, No. 19-CIV.-3800 (GWG), 2021 WL 3363545, at *3 (S.D.N.Y. Aug. 3, 2021) ("plaintiff asks for permission to depose [a witness] for more than the presumptive seven-hour limit contained in Fed. R. Civ. P. 30(d)(1). … the Court will await any application made after the conclusion of the 7 hours presumed by the rule. That being said, the parties are encouraged to discuss this matter further to reach a reasonable compromise that would avoid any such application"). Defendants submit that Plaintiff's suggested additional step process burdens the parties and the Court.

Rule 30 provides that a deposition is limited to one (1) day of seven (7) hours unless otherwise stipulated or ordered by the court. <u>See</u> Fed. R. Civ. P. 30(d)(1). In referencing Rule 26(b)(1) and 26(b)(2), Rule 30 further provides that the court must allow additional time consistent with the cited subsections of Rule 26 *if needed to fairly examine* the deponent or if any circumstance impedes or delays the examination. <u>See</u> Fed. R. Civ. P. 30(d)(1) (emphasis added). Here, Defendants raise no circumstances that impede or delay the examination, and they have otherwise failed to show how they were prevented from fairly examining the Plaintiff in line with Rules 26(b)(1) and 26(b)(2).

Hon. Lorna G. Schofield
Page 5 of 6

Rule 26(b)(1) outlines the scope of discovery by providing that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, *the parties' resources*, the importance of the discovery in resolving the issues, and whether *the burden or expense of the proposed discovery outweighs its likely benefit*. See Fed. R. Civ. P. 26(b)(1) (emphasis added). Rule 26(b)(2), in turn, provides that the court may alter the limits in these rules on the number of depositions or on the length of depositions by order. See Fed. R. Civ. P. 26(b)(2)(A). It provides, further, that the court *must limit the frequency or extent of discovery otherwise allowed by these rules* if it determines that the party seeking discovery has had an ample opportunity to obtain the information by discovery in the action. See Fed. R. Civ. P. 26(b)(1)(C)(ii) (emphasis added).

The Hon. Paul A. Engelmayer, U.S.D.J. recently held in Lyons v New York Life Ins. Co.:

> Lyons has not shown that further depositions of the witnesses at issue are justified. She claims that both individuals … are important witnesses, and that she needs to ask further questions of each in light of unspecified "matters that were first revealed by Defendant's other employees during their depositions, and facts disclosed by Defendant's document production which occurred subsequent to" these witnesses' depositions. … But she has not proffered any specific topics, issues, or questions raised by later discovery, or why these particular witnesses are relevant, let alone important, witnesses with respect to those matters. And, importantly, she was well aware that document and deposition discovery were ongoing when she chose to depose these individuals.[4] … In sum, Lyons has not provided any basis to conclude that "the burden of a second deposition" would not "outweigh[ ] its potential benefit," id., much less that additional time is "needed to fairly examine the deponent," Fed. R. Civ. P. 30(d)(1).

See No. 20-CIV.-3120 (PAE), 2021 WL 2981586, at *2 (S.D.N.Y. July 15, 2021). Crucially, in Lyons, despite the fact there was discovery produced *after* the witness was deposed (which the moving party there sought additional time to depose the witness about), Judge Engelmayer nonetheless denied the application for additional time.

This Court should hold like Judge Engelmayer and deny Defendants' application in its entirety, especially whereas here, the facts in this case are similar to that in Lyons.

---

[4] See, e.g., United States v. Prevezon Holdings, Ltd., 320 F.R.D. 112, 114 (S.D.N.Y. 2017) ("A court may deny a second deposition even if relevant documents are produced subsequent to the [first] deposition if the party taking the deposition ... chose to conduct the deposition prior to the completion of document discovery") (citation omitted). The *Prevezon* case actually supports Defendants' position because the court there allowed a second day of deposition of the non-party witness in question.

      Moreover, Plaintiff respectfully submits that an additional day's deposition would pose an undue burden on her, a practicing doctor with many patients to attend to.  Because there is no question Defendants had more than a fair opportunity to examine the Plaintiff – and the Plaintiff invites the Court to review the deposition transcript if it wishes to learn how Defendants have squandered their time in questioning her[5] – the application must be denied since the burden of a second deposition on Dr. Edelman would not outweigh any potential benefit to the resolution of this case. Defendants submit that Plaintiff ignores the fact that three of the individuals she seeks to depose in her lawsuit are also "practicing doctors" with patients to attend to.  Plaintiff submits that no additional time is warranted and that, to the extent any relief is granted, Plaintiff's deposition should begin after noon on Friday, October 29, 2021 to accommodate her work schedule and that any such time be limited to no more than one hour and thirty-three minutes.  See Republic of Turkey v Christie's, Inc., 326 F.R.D. 402, 407 (S.D.N.Y. 2018) ("The Court finds that, in order for the witnesses to be fairly examined …, each witness must be produced for an additional three and one-half hours of deposition. In making this finding, the Court is mindful of *the additional time it takes for translation during depositions*") (emphasis added).  Defendants respectfully request that Plaintiff be directed to appear for her continued deposition for seven and one half (7.5) hours beginning at 10:00 a.m. on Friday, October 29, 2021.[6] Defendants request that the time granted for the continuation of Plaintiff's deposition be exclusive of lunch, breaks and an additional time that Plaintiff's Counsel may want to examine Plaintiff.  We thank the Court for its time and consideration.

|  |  |
|---|---|
| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
| By:  */s/ Emanuel Kataev*<br>Joseph M. Labuda<br>Emanuel Kataev<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042-1073<br>(516) 328-8899<br>joe@mllaborlaw.com<br>emanuel@mllaborlaw.com<br>*Attorneys for Plaintiff* | By: */s/ Richard L. Steer*<br>Richard L. Steer<br>Tara T. Carolan<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>(212) 216-8000<br>rsteer@tarterkrinsky.com<br>tcarolan@tarterkrinsky.com<br>*Attorneys for Defendants* |

---

[5] Plaintiff's claim that Defendants "squandered" their time at Plaintiff's deposition is based upon Defendants' need to question Plaintiff regarding Plaintiff's production of over 200 pages of documents at 10 pm the night before her deposition.  Plaintiff submits that the documents produced were made in response to Defendants' production of documents (not Defendants' discovery demands), which – among other things – called into question her ability and skill as a physician.

[6] During the parties' meet and confer, Plaintiff's counsel confirmed that it is Plaintiff's preference that she be deposed shortly after noon on a Friday because she is required to work on Friday until that time and cannot take any additional time off from work.  While Plaintiff's counsel advised that Plaintiff did not have additional "PTO" (paid time off), Defendants' counsel was not advised that Plaintiff could not take unpaid time off to be deposed in her lawsuit.