

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Richard L. Steer
Partner
(212) 216-8070
rsteer@tarterkrinsky.com

November 28, 2021

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Edelman v. NYU Langone Health System, et al.*
              Case No. 1:21-cv-00502 (LGS)(GWG)

Dear Judge Schofield:

      We represent Defendants NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center," (collectively, "NYU") as well as individually named defendants, Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow (collectively with NYU, "Defendants").  We write in opposition to plaintiff's letter motion (Doc. 73) seeking to extend the fact discovery deadline from November 30, 2021, to January 31, 2022, and to the extent plaintiff's letter impermissibly seeks other relief.

      At the outset, Defendants are constrained to point out that the Court has already ordered, multiple times, that there will be no further extensions of the November 30, 2021, discovery completion deadline, and plaintiff has once again filed a discovery-related letter motion without meeting and conferring with Defendants, or even attempting to do so, despite the undersigned counsel being reachable by email or phone.

      <u>The Factual Background and Procedural History</u>

      There are well documented facts underlying defendants' legitimate non-discriminatory reasons for their actions.  These include that plaintiff's compensation was set based upon money her private practice generated before she was hired by NYU. Her gender played no part in same. The same method for setting compensation was used with male physicians.

      Regarding the non-renewal of plaintiff's employment contract and her alleged retaliation claims, complaints about plaintiff from patients, managers, staff, and those supervising plaintiff's clinical practices existed at the time of her contract non-renewal.  Such complaints regarding plaintiff were made before and after plaintiff complained to Employee and Human Relations about alleged conversations with the managers of her worksite.  Even though the managers were

Hon. Lorena G. Schofield
November 28, 2021
Page 2 of 3

attempting to consolidate all rheumatologists' offices in the same office suite and use of plaintiff's office was necessary, Plaintiff had refused to allow an incoming female rheumatologist to use plaintiff's assigned office on days that plaintiff was not scheduled to be there and was working elsewhere. While plaintiff made allegations about gender discrimination and " male chauvinism", she failed to produce any actual evidence of same to the Employee & Human Resources investigator.  When plaintiff continued to complain, and the investigator was leaving her position. The new Employee & Labor Relations representative responsible for plaintiff's workplace reached out to plaintiff to inquire about her complaints, but plaintiff failed to respond to her.

<u>Defendants Did Not Inappropriately Withhold Discovery</u>

Defendants have produced over 1,000 pages of records and continue to produce records in accordance with their ongoing discovery obligations.

The spreadsheet produced by Defendants and referenced in Plaintiff's letter motion was created by a former NYU employee, Miriam Ruiz, when she worked for NYU. Ms. Ruiz is being deposed as a non-party witness on Monday, November 29. As such, Defendants endeavored to locate such record of its former employee and have produced such spreadsheet in advance of Ms. Ruiz's deposition.  Plaintiff raised no issues and posed no inquiries with Defendants concerning the produced record prior to filing her instant letter motion.

With respect to the additional records recently produced, they include underlying patient records to Dr. Porges' written summary account of the myriad issues with Plaintiff and her performance leading up to the non-renewal of her employment.  Dr. Porges' deposition is scheduled to take place on December 10, 2021.  While Plaintiff attempts to use the date of this deposition as a basis for her motion to extend discovery, Dr. Porges' deposition was only scheduled after the November 30, 2021, deadline due to Plaintiff's counsel's canceling of Dr. Porges' deposition and the Court's permission to reschedule Dr. Porges' deposition so long as it did not affect the final deadline for the close of all discovery.

The "Antonik email" to which plaintiff's counsel refers, and his comments about it, demonstrate that plaintiff has not been prejudiced in any way by an alleged withholding of documents.

Further, Plaintiff's representation that the parties still need to exchange post-deposition discovery demands is inaccurate. Defendants have no intention of serving additional discovery demands as this Court has already ordered that there will be no further extensions of the November 30, 2021, fact discovery completion deadline.

Plaintiff's attempt to extend discovery to depose Drs. Goldberg and Taverni is also without good cause.  Plaintiff identified Dr. Goldberg in her Responses to Initial Discovery Protocols for Employment Cases Alleging Adverse Action, dated April 23, 2021, as an individual she believed to have knowledge of the facts concerning the claims or defenses at issue in the lawsuit. Plaintiff

Hon. Lorena G. Schofield
November 28, 2021
Page 3 of 3

further identified Dr. Taverni as early as September 8, 2021, as someone she sought to depose, in a letter to the Court (Doc. 48). Plaintiff's failure to secure the depositions of these physicians despite previously identifying them and forcing them to cancel patients last minute supports the denial of Plaintiff's request to extend the fact discovery completion deadline.

Moreover, Plaintiff's request should be denied in its entirety in accordance with the Court's Orders that there will be no further extensions of such deadline.

Thanking the court for its time and consideration.

                                         Respectfully submitted,
                                         **TARTER KRINSKY & DROGIN LLP**

                                         By: */s/ Richard L. Steer*
                                                   Richard L. Steer