# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 26, 2021

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

      *Re:*    **Edelman v. NYU Langone Health System,** *et al.*
                **Case No.: 1:21-cv-502 (LGS) (GWG)**
                <u>**MLLG File No.: 209-2020_____**</u>

Dear Judge Schofield:

      This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case. Due to Defendants' eleventh-hour production of documents that they should have produced from the outset of this case, and for the additional reasons set forth below, Plaintiff writes to respectfully request an extension of time to complete discovery until January 31, 2022.

**Brief Factual Background and Procedural History**

      This case was commenced on January 20, 2021. <u>See</u> Docket Entry 1. The complaint asserts causes of action for sex discrimination under the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as retaliation under Title VII, the NYSHRL, and the NYCHRL. <u>Id.</u> Plaintiff continues to await a notice of right to sue as required by federal law to exhaust administrative remedies and – pursuant to the complaint – has agreed to stay her Title VII claims until she receives same. <u>See</u> <u>Id.</u> at ¶ 59. Issue was joined on March 22, 2021 by Defendants' answer. <u>See</u> Docket Entry 20. The current scheduling Order provides that all fact discovery shall be completed no later than November 30, 2021, this coming Tuesday. <u>See</u> Docket Entry 64 at ¶ 8(a).

      By way of background, Dr. Edelman is a stellar rheumatologist whose patients have written in throngs as to her whereabouts so that they may follow her[1] after Defendants unlawfully retaliated against her by not renewing her employment agreement following a complaint she made to Human Resources concerning the gender discrimination she endured at the hands of Defendants Joseph Antonik ("Antonik") and David Kaplan ("Kaplan").

---

[1] Some have even flown from New York to Florida where she now resides to continue treatment with her.

Hon. Lorna G. Schofield, U.S.D.J.
November 26, 2021
P a g e | **2**

Dr. Edelman's employment with Defendants began in 2014 when was hired by Defendants with a three (3) year term employment agreement that provided she may not be terminated except for cause. The employment agreement required Dr. Edelman to meet productivity requirements, which she always met and exceeded. Dr. Edelman did so well during her first three years that, upon renewal, her productivity targets were increased as well as her salary. Her second employment agreement covered another three (3) year term from 2017 through 2020, in which she once more met or exceeded all productivity targets for each year.

Prior to her renewal at the end of 2020, in September 2019, Antonik approached Dr. Edelman about changes he decided to implement concerning Dr. Edelman's office without input or consent from Dr. Edelman. When she opposed the changes, Antonik engaged in a harassing and demeaning diatribe against Dr. Edelman which resulted in her immediate complaint to Human Resources. The Defendants' Human Resources Department dropped the ball with her complaint despite Dr. Edelman repeatedly following up about it. Later in or about September 2019, Defendant Joshua Swirnow ("Swirnow") spoke with Dr. Edelman and apologized for Antonik's behavior and tried to explain it away as a misunderstanding. Dr. Edelman informed Swirnow that the way Antonik spoke to her was unacceptable and that she would not be rescinding her complaint. Defendants could not terminate Dr. Edelman except for cause under her employment agreement. As such, they bided their time, and on or about December 1, 2020, Dr. Edelman received notice that her contract with NYU would not be renewed. As set forth below, Antonik's plan to terminate Dr. Edelman was hatched shortly after her complaint to Human Resources.

**Defendants Inappropriately Withheld Discovery, Warranting Relief to Plaintiff**

While the parties have mostly cooperated in discovery, Plaintiff respectfully submits that Defendants have apparently engaged in gamesmanship concerning relevant documents that should have been produced at the outset of this case.

On April 21, 2021, Defendants produced their initial production of documents pursuant to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action, which was Bates stamped D1 through D70. The documents bearing Bates stamps D3 through D11 consist of an email chain from Dr. Andrew Porges (hereinafter "Dr. Porges") dated November 6, 2020 concerning a laundry list of complaints catalogued from November 2019 through October 2020[2] about Dr. Edelman which was sent to Kaplan. The e-mail appears to be a copy-paste job based on its formatting.

Following this email, Defendants Kaplan and Swirnow exchanged several cryptic emails concerning Dr. Porges' correspondence which culminated in a phone call between the two of them. Conveniently, neither Defendant recalled what was discussed during that telephone conference when asked at their depositions on October 26, 2021 and November 9, 2021, respectively. Similarly, neither recalled having any conversations with Dr. Porges concerning his November 6, 2020 email.

---

[2] Notably, no complaints predate Dr. Edelman's complaint to Human Resources in September 2019 concerning Antonik's and Kaplan's harassment and apparent discrimination of her.

Hon. Lorna G. Schofield, U.S.D.J.
November 26, 2021
P a g e | **3**

Antonik was deposed on October 7, 2021. During his deposition, he testified under oath that he was responsible for collecting documents relevant to this case and did so by searching "Edelman" in his emails and then providing it to his counsel. Antonik was specifically asked whether he withheld any documents that came up in his search and he denied doing so. Notwithstanding the foregoing, on the eve of Thanksgiving, Defendants produced two (2) e-mails from Antonik to Dr. Porges and others concerning Dr. Edelman in a production of about sixty-three (63) documents following another production of documents the day prior of approximately thirty-five (35) pages of documents.

The emails, which reference Dr. Edelman, are time-stamped 2:20 PM and 4:19 PM, respectively, on November 6, 2020 – the same date Dr. Porges sent his earlier referenced e-mail at 4:31 PM, just twelve (12) minutes later – and contain choice statements from Antonik such as "We need a clear, convincing summary with examples sent," "Here is what I have from my notes,"[3] and "Ideally we want recent examples of inappropriate behavior and communicates [*sic*] between Edelman, staff and patients." Just the day prior, Defendants produced a spreadsheet containing a list titled "Dr. Sari Edelman Issues." The author of this spreadsheet is not identified, and the date of the first "issue" logged is November 13, 2019, less than two (2) months after Dr. Edelman complained to Human Resources. These emails support Plaintiff's position that Defendants' proffered reasons for terminating her were entirely pretextual. Plaintiff thus needs additional time to obtain relevant discovery concerning this late-produced emails.

**An Avalanche of Good Cause Exists to Extend Time to Complete Discovery**

Based on the foregoing, Plaintiff submits that she is entitled to depose Defendant Antonik again. Further, Plaintiff seeks an Order from this Court requiring Defendants to submit their computer hard drives in order for a third-party vendor to search for and produce all documents relevant to Dr. Edelman given Defendants' apparent inability to properly search for documents and inexcusable failure to produce same. Rule 37(e)(1) allows, "upon finding prejudice to another party from loss of the information, [a court to] order measures no greater than necessary to cure the prejudice." See Fed. Trade Commn. V. Vyera Pharm., LLC, No. 20-CIV.-706 (DLC), 2021 WL 2201382, at *2 (S.D.N.Y. June 1, 2021) (citing Fed. R. Civ. P. 37(e)(1)). In cases such as this one, where Defendants produced crucial emails related to this case at the eleventh hour within days of the fact discovery deadline such that it prejudices Plaintiff, the appropriate remedy is to extend discovery and require Defendants to bear the cost of same. See Pitts v. HP Pelzer Automotive Systems, Inc., 331 F.R.D. 688 (S.D.Ga. 2019) (holding that appropriate sanction for employer's failure to disclose e-mails showing intent to terminate employee's employment was to reopen discovery in employee's action alleging discrimination and retaliation, as well as award employee reasonable expenses incurred from employer's omission of the e-mails).

Moreover, because there remain two (2) depositions to take of Dr. Avraam Goldberg and Dr. Joseph Taverni, which have not yet been scheduled, and because Dr. Porges is currently scheduled to be deposed on December 10, 2021, there is additional good cause warranting the relief requested by the Plaintiff.

---

[3] Of note, no notes of Defendant Antonik have been produced.

Hon. Lorna G. Schofield, U.S.D.J.
November 26, 2021
P a g e | **4**

    Finally, the parties still need to exchange post-deposition discovery demands, as each deposition has resulted in the call for production of various relevant documents. This serves as more reason for an extension of time to complete discovery.

    Accordingly, and for all the foregoing reasons, more than sufficient good cause exists warranting an extension of time to complete discovery. See Fed. R. Civ. P. 6(b)(1)(A). Pursuant to ¶ I(B)(2) of this Court's Individual Rules and Civil Procedures, Plaintiff submits that: (i) the original deadline to complete discovery is November 30, 2021; (ii)-(iii) there have been two (2) previous requests for an extension of time to complete discovery, both of which were granted; and (iv) Defendants' position could not be obtained due to the Thanksgiving holiday and this request is otherwise timely made given that Defendants only produced the aforementioned emails at 4:11 PM on the eve of Thanksgiving. Plaintiff respectfully submits that she did not want to be prejudiced by failing to timely seek an extension of time to complete discovery and thus makes the instant motion without seeking Defendants' position as no one is expected to respond during the Thanksgiving holiday.

    Upon Defendants' submission concerning their position to Plaintiff's instant motion and this Court's Order, a proposed Fourth Amended Civil Case Management Plan & Scheduling Order will be submitted for this Court's review.

    Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       November 26, 2021                       Respectfully submitted,

                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            _____/s_____
                                            Emanuel Kataev, Esq.
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, NY 11042-1073
                                            (516) 328-8899 (office)
_____          (516) 303-1395 (direct dial)
**LORNA G. SCHOFIELD**               (516) 328-0082 (facsimile)
**UNITED STATES DISTRICT JUDGE**   emanuel@mllaborlaw.com

Application GRANTED IN PART and DENIED IN PART. Plaintiff's application for an extension of the discovery deadline is GRANTED for the limited purpose of conducting an additional deposition of Defendant Antonik based on the late disclosure of documents. Plaintiff's further requests for relief, such as third-party review of hard drives or payment of costs, are denied as disproportionate to the harm Plaintiff suffered from the late disclosure of documents. Plaintiff's request for additional time to depose Drs. Goldberg and Taverni is denied because it is unsupported by any cause for delay let alone extraordinary circumstances. The parties were previously advised that no further extensions would be granted absent extraordinary circumstances. To the extent Plaintiff requests to conduct additional written discovery following the deposition of Antonik, Plaintiff's request is denied without prejudice to renewal so long as any renewed request is narrowly related to issues that follow from the late disclosure of documents. By **December 3, 2021**, the parties shall confer and submit a joint letter proposing a date for the deposition of Defendant Antonik as related to the late disclosed documents.

Dated: December 1, 2021
    New York, New York

4