

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Plaintiff shall file a response to Defendants' letter by December 7, 2021.**

Dated: December 3, 2021
New York, New York

Richard L. Steer
Partner
212-216-8070
rsteer@tarterkrinsky.com

*[Signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

December 2, 2021

Re: *Edelman v. NYU Langone Health System, et al.*
Case No. 1:21-cv-00502 (LGS)(GW)

Dear Judge Schofield:

We represent Defendants NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center," (collectively, "NYU") as well as individually named defendants, Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow (collectively with NYU, "Defendants"). We write to respectfully request, pursuant to Fed. R. Civ. P. 60, that Your Honor reconsider your Order dated December 2, 2021 (Dkt. No. 78), because Defendants did not have a fair opportunity to object to Plaintiff's untimely and misleading request to extend expert discovery.[1]

While the Order at Dkt. No. 70 granted the parties an extension of the deadline to file a proposed schedule for expert depositions to December 1, 2021, the parties did not file a proposed schedule for expert depositions on December 1, 2021, because no party had made expert witness disclosures, described in Rule 26(a)(2) of the Federal Rules of Civil Procedure, by the deadline to do so on November 24, 2021. (See the Court's Order dated November 3, 2021 (Dkt. No. 66).) Moreover, when the Court extended the parties' deadline to file a proposed schedule for expert depositions to December 1, 2021, the Court specifically advised that the remaining so ordered expert discovery deadlines (e.g., the November 24, 2021, deadline to make expert witness disclosures) were not extended. (See the Court's Order dated November 18, 2021 (Dkt. No. 70).)

Plaintiff's letter motion (Dkt. Nos. 66 and 67) filed on December 2, 2021, fails to include these facts and the fact that an extension of the November 24, 2021, would also affect all other deadlines regarding expert disclosures. Rather, Plaintiff blurred the deadlines and instead requested an extension of the December 1, 2021, deadline (which was to file a proposed schedule

---

[1] Given the fact that the Court's Order has already been entered, we believe conferring with Plaintiff's counsel pursuant to Local Rule 37.2 and Rule IC3 of Your Honor's Individual Rules and Procedures for Civil Cases, we have not conferred with Plaintiff's counsel regarding this letter motion.

Hon. Lorna G. Schofield
United States District Court
December 2, 2021
Page 2 of 2

for expert depositions) despite the fact that Plaintiff failed to comply with the so ordered deadline of November 24, 2021, to make expert disclosures.

Further, Plaintiff's claim of any prejudice concerning the timeliness of Defendants' response for consent is disingenuous and baseless. The first we learned that Plaintiff even had a proposed expert was in an email from Plaintiff's counsel at 3:44 p.m. on December 1, 2021, enclosing the proposed letter motion. Plaintiff's counsel filed the letter motion seeking an extension of expert discovery on December 2, 2021, at 11:02 a.m. (Dkt. No. 76), while we were still in the process of consulting with our client regarding a response to the request for consent. At 11:06 a.m., Plaintiff filed a supplemental letter motion for extension of time, with exhibits (Dkt. No. 77).

Further, prior to Plaintiff's sending an email proposing an extension of expert discovery yesterday, Plaintiff has never indicated to the Court or to the undersigned counsel that she anticipated or intended on identifying a purported expert on Work Relative Value Units ("wRVUs") and omitted such disclosures in the case management plan and each subsequent amended case management plan. This is despite the fact that Plaintiff's counsel has represented that she has been "seeking an appropriate expert."

While Defendants have not yet had the benefit of fully analyzing the proposed expert's qualifications, a cursory review of Plaintiff's representation as to what the expert is expected to testify about and the materials Plaintiff attaches to her letter motion, reflects Plaintiff's failure to understand (or attempt to misconstrue) that the wRVUs were not the unit of measure of a doctor's productivity utilized by Defendants to determine salaries of physicians such as Plaintiff as established by the sworn deposition testimony given in response to extensive questioning concerning wRVUs. Defendants anticipate that such expert testimony would be subject to a *Daubert* motion.

In light of all of the above, Defendants' object to Plaintiff's belated request blurring the deadlines to extend expert discovery, as Plaintiff has failed to establish "good cause" warranting the extensions Plaintiff seeks.

Accordingly, Defendants are constrained to respectfully request that Your Honor reconsider your Order (Dkt. No. 78) ordering that the parties file a proposed schedule for expert depositions by December 3, 2021.

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By:   s/Richard L. Steer
        Richard L. Steer