December 3, 2021

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

> Application GRANTED. A deadline for the parties to propose a date for the deposition of Plaintiff's proposed expert witness will be set after the dispute regarding the timeliness of Plaintiff's disclosure is resolved.
>
> Dated: December 6, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

    *Re:*    <u>Edelman v. NYU Langone Health System, *et al.*
            Case No. 1:21-cv-502 (LGS) (GWG)</u>

Dear Judge Schofield:

      The parties write jointly in response to the Court's Order dated December 2, 2021 (Dkt. No. 78), to file a proposed schedule for expert depositions by December 3, 2021.[1] The parties respectfully submit that, at this juncture, a deposition of Plaintiff's proposed expert witness (identified by Plaintiff on December 2, 2021, in her letter motion to the Court (Dkt. Nos. 66 and 67)) cannot be scheduled and/or held until after such time as the expert's written report is produced (in the event the Court grants Plaintiff a retroactive extension[2] of her November 24, 2021, deadline (Dkt. No. 6.) to do so).

      Defendants continue to object to a retroactive extension of the November 24, 2021, disclosure deadline and submit that, based on a review of the information provided in and with Plaintiff's letter motion on December 2, 2021 (Dkt. Nos. 66 and 67), the facts underlying the basis for the testimony of Plaintiff's proposed expert witness appear erroneous and demonstrate that the

---

[1] Defendants' motion for reconsideration of the Court's order dated December 2, 2021 (Dkt. No. 78) is *sub judice*. Plaintiff will respond to same, as Ordered, on or before December 7, 2021. See ECF Docket Entry 80.

[2] Plaintiff submits that Defendants' argument concerning a "retroactive" extension is a red herring. As will be further set forth in Plaintiff's opposition to Defendants' letter motion for reconsideration (see Docket Entry 79), on November 17, 2021, Defendants sought – with Plaintiff's consent – an extension of time to file a proposed schedule for expert depositions *on the ground that they needed to* "determine whether an expert witness will be necessary." <u>See</u> Docket Entry 69. Plaintiff stated within the letter that she is considering whether to retain an expert and would meet the new deadline requested for the disclosure of any expert. <u>Id.</u> However, Defendants submit that the Court did not set a new deadline for such disclosure, and the deadline remained November 24, 2021. Plaintiff responds that she did not submit any expert disclosures as required by the original schedule as Plaintiff was still in the process of determining whether an expert was necessary as set forth in the November 17, 2021 joint letter (<u>see</u> Docket Entry 69), and – upon determining to do so – was unable to find an available expert witness until December 1, 2021, as set forth in her December 1, 2021 letter motion for an extension of time. <u>See</u> Docket Entries 76-77.

Hon. Lorna G. Schofield, U.S.D.J.
December 3, 2021
P a g e | 2

expert's anticipated testimony would not be probative with regard to any issue in dispute and would not be admissible under the Federal Rules of Evidence 702, 703 or 705.[3]

However, in the event that the Court grants a retroactive extension of Plaintiff's deadline of November 24, 2021, to complete her expert disclosures and provide the expert report in Compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, the parties respectfully request an extension of time to file the deposition date of Plaintiff's proposed expert witness be extended to one (1) week after Plaintiff's compliance with the expert disclosure requirements in Rule 26(a)(2) including providing a copy of the written expert report described therein.

Plaintiff also submits that the earliest that her proposed expert witness is available to be deposed is December 23, 2021 (subject to the availability of the parties and their counsel).

The parties thank this honorable Court for its time and attention to this case.

Respectfully submitted,

| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
|---|---|
| By: __s/Emanuel Kataev__<br>Joseph M. Labuda<br>Emanuel Kataev<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042-1073<br>(516) 328-8899<br>joe@mllaborlaw.com<br>emanuel@mllaborlaw.com<br>*Attorneys for Plaintiff* | By: __s/Richard L. Steer__<br>Richard L. Steer<br>Tara T. Carolan<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>(212) 216-8000<br>rsteer@tarterkrinsky.com<br>tcarolan@tarterkrinsky.com<br>*Attorneys for Defendants* |

---

[3] Plaintiff will not belabor the Court with arguments concerning Defendants' position here and submit said arguments on or before December 7, 2021 as ordered.