# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 7, 2021

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

   *Re:* **Edelman v. NYU Langone Health System,** *et al.*
     **Case No.: 1:21-cv-502 (LGS) (GWG)**
     <u>**MLLG File No.: 209-2020**</u>

Dear Judge Schofield:

  This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case. Plaintiff writes pursuant to this Court's Order dated December 3, 2021 (<u>see</u> Docket Entry 80) to respond to Defendants' letter motion for reconsideration (<u>see</u> Docket Entry 79) of this Court's December 2, 2021 Order requiring the submission of an expert schedule no later than Friday, December 3, 2021 (<u>see</u> Docket Entry 78). For the reasons set forth below, good cause exists to extend the deadline to identify an expert and provide an expert report.

  As an initial matter, Plaintiff respectfully submits that Defendants erroneously contend the Court's December 2, 2021 Order requiring the submission of an expert schedule by December 3, 2021 was an Order granting Plaintiff's letter motion for an extension of time to provide a complete expert report (<u>see</u> Docket Entries 76-77). Indeed, it is evident, based on the text of the December 2, 2021 Order, that the Court raised the parties' non-compliance with a prior Order dated November 18, 2021 (<u>see</u> Docket Entry 70) requiring the submission of a proposed schedule for expert depositions by December 1, 2021. See Docket Entry 78 ("WHEREAS, the Order at *Dkt. No. 70* granted the parties an extension of the deadline to file a proposed schedule for expert depositions to December 1, 2021; WHEREAS, the parties did not file a proposed schedule. …") (emphasis added). This argument is supported by the fact that the December 2, 2021 Order references the November 18, 2021 Order but does not refer to Plaintiff's letter motion for an extension of time submitted just two (2) hours prior the same day. Accordingly, Defendants' letter motion for reconsideration fails from the start in arguing that Defendants did not have a fair opportunity to object to Plaintiff's request for an extension of time, as the Order did not decide it.

  Addressing the merits of their motion nonetheless leads to the inescapable conclusion that Defendants' motion must be denied. Defendants argued that no extension should be granted because Plaintiff's motion is untimely and is misleading because, though the Court extended the time for the parties to file a proposed schedule of expert depositions, it did not extend the time for the parties to identify an expert. Both of these hyper-technical arguments fail.

Hon. Lorna G. Schofield, U.S.D.J.
December 7, 2021
P a g e | **2**

With respect to untimeliness, Plaintiff respectfully submits that this Court may, for good cause, extend the time for an act that must be done upon request, or – if made after the time has expired – upon a showing of excusable neglect in addition to establishing good cause. See Fed. R. Civ. P. 6(b)(1). Here, as previously set forth in her prior letter motion, Plaintiff submits that she was diligent in seeking an appropriate expert by inquiring with numerous law firms specializing in health care management, but for various reasons (including one due to a conflict), putative experts associated with those firms were unavailable to serve as an expert witness in this case. One of these law firms referred Plaintiff to the Medical Group Management Association, which has a consulting services team, and Plaintiff was not able to reach an expert there until December 2, 2021 despite repeated contact since being referred by the aforementioned law firm. Thus, the reason Plaintiff could not identify an expert sooner is because she was unable to find one until December 2, 2021. Based on the foregoing, both good cause *and* excusable neglect exists such that this Court should extend the deadline, even if untimely because Plaintiff sought an expert witness but ran into setbacks due to conflicts and other issues which prevented her from timely disclosing an expert. It should be noted, further, that on December 3, 2021, Plaintiff served upon Defendants a complete expert disclosure with all of the required items under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("Rule"), further demonstrating Plaintiff's diligence.[1]

Defendants' next argument, that Plaintiff misled this Court concerning the deadlines it sought to extend, fares no better. As set forth in a prior joint letter to this Court, on November 17, 2021, Defendants sought – with Plaintiff's consent – an extension of time to file a proposed schedule for expert depositions on the ground that they needed to "determine *whether an expert witness will be necessary.*" See Docket Entry 69. Plaintiff stated within the letter that she is considering whether to retain an expert and would meet the new deadline requested for the disclosure of any expert. Id. Logic and common sense dictate that no expert disclosure could have been timely made by the November 24, 2021 deadline if the parties sought an extension of time to determine whether an expert witness *will be* necessary. In that regard, Defendants' argument is as meritless as it is nonsensical. Moreover, Defendants point to no prejudice suffered by Plaintiff's disclosure of an expert witness. The subject of wRVUs is technical, admittedly plays a significant role in salary decisions of physicians by the deponents in this case, and warrants an expert opinion concerning its correlation to physicians' salaries. Plaintiff should not be denied the opportunity to present her case in her pursuit of justice based on Defendants' overly technical analysis of this Court's Orders. Indeed, the Rules are to be construed by the parties and the Court to secure the just, speedy, and inexpensive determination of every proceeding. See Fed. R. Civ. P. 1.

---

[1] While Plaintiff's expert was able to provide an opinion concerning the fact Plaintiff was underpaid despite performing more work than her male counterparts based on a review of Plaintiff's employment agreements containing salaries and corresponding annual wRVU targets and that of her male comparators, Plaintiff seeks from Defendants all monthly wRVU productivity reports which Defendants have testified they regularly review to monitor all physicians' productivity at NYU during the relevant statute of limitations period. Thus, sufficient time is necessary for Defendants to produce – and for Plaintiff's expert to then review – these productivity reports to provide a complete report pursuant to Rule 26(a)(2). The testimony adduced at depositions reveals that these reports are available through Defendants' EPIC system and may be produced in quick fashion, with some time necessary to redact patient identification numbers.

Hon. Lorna G. Schofield, U.S.D.J.
December 7, 2021
P a g e | **3**

      Because Defendants fail to set forth how, if in any way, Plaintiff's use of an expert witness would be unjust, delay a trial (as none has been scheduled), or too costly (given that Plaintiff is compensating the expert witness), their misguided and mistaken letter motion for reconsideration must be denied and this Court should instead extend the expert discovery deadlines to permit the production of the additional requested wRVU reports sought from Defendants, a fair opportunity for Plaintiff's expert to examine those documents and supplement his expert report, and an appropriate amount of time for the expert to be deposed.

      Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       December 7, 2021                    Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        _____/s_____
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

cc: Defendants (via ECF).