# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 2, 2021

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

      *Re:*    **Edelman v. NYU Langone Health System,** *et al.*
              **Case No.: 1:21-cv-502 (LGS) (GWG)**
              <u>**MLLG File No.: 209-2020**</u>

Dear Judge Schofield:

      This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case. Plaintiff writes to inform the Court and the Defendants that she has identified an expert witness and respectfully requests an extension of time to provide a complete expert report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

      This case was commenced on January 20, 2021. <u>See</u> Docket Entry 1. The complaint asserts causes of action for, as relevant here, sex discrimination under the Equal Pay Act ("EPA"), <u>Id</u>. The deadline to file a proposed schedule for expert depositions is December 1, 2021, in which the parties jointly sought an extension of time until that date to determine whether they should retain an expert. <u>See</u> Docket Entry 70.

      Plaintiff respectfully submits that she identifies Owen J. Dahl, MBA, FACHE, CHBC, LSSMBB (hereinafter "Mr. Dahl") as an expert on wRVUs, the unit of measure of a doctor's productivity utilized by Defendants to determine salaries of physicians such as the Plaintiff. Evidence has been adduced in discovery that a male physician earns more than $80.00 per wRVU while Dr. Edelman earned less than $50.00 per wRVU despite the fact that Plaintiff had equal skill and qualifications as the comparator male physician, supporting her EPA claims. While Plaintiff encloses Mr. Dahl's *curriculum vitae* and his fee schedule, and notes that Mr. Dahl has not testified as an expert at trial or by deposition during the previous four (4) years, Plaintiff respectfully requests an extension of time to submit a complete report outlining a complete statement of all opinions Mr. Dahl will express and the basis and reasons for them, the facts or data considered by Mr. Dahl in forming them,[1] and any exhibits that will be used to summarize or support them.

---

[1] While Plaintiff is in possession of her and male comparator employment agreements containing salaries and corresponding annual wRVU targets, Plaintiff seeks from Defendants all monthly wRVU productivity reports which Defendants have testified they regularly review to monitor all physicians' productivity at NYU during the relevant statute of limitations period. Thus, sufficient

Hon. Lorna G. Schofield, U.S.D.J.
December 2, 2021
P a g e | **2**

  Plaintiff respectfully submits that she was diligent in seeking an appropriate expert by inquiring with numerous law firms specializing in health care management, but for various reasons (including one due to a conflict), putative experts associated with those firms were unavailable to serve as an expert witness in this case. One of these law firms recently referred Plaintiff to the Medical Group Management Association, which has a consulting services team, and Plaintiff was not able to reach an expert there until *yesterday* despite repeated contact since being referred by the aforementioned law firm. Thus, the reason Plaintiff could not identify an expert sooner is because she was unable to find one until just the day prior.

  Pursuant to ¶ I(B)(2) of this Court's Individual Rules and Civil Procedures, Plaintiff submits that: (i) the original deadline to submit a proposed schedule for expert depositions is December 1, 2021; (ii)-(iii) there has been one (1) previous joint request for an extension of time to submit a proposed schedule for export depositions, which was granted; and (iv) Defendants have not responded to Plaintiff's request for their position to the instant request despite two (2) requests made yesterday at 3:44 PM and this morning at 6:28 AM following receipt of an email from Defendants' counsel at 6:14 AM concerning this case. Plaintiff intended on filing this letter motion yesterday and has been prejudiced by Defendants' apparent intention not to respond. Accordingly, Plaintiff respectfully submits that sufficient good cause and excusable neglect exists warranting an extension of time to submit a complete expert disclosure. See Fed. R. Civ. P. 6(b)(1)(B). Plaintiff will meet and confer with Defendants concerning whether a proposed Fourth Amended Civil Case Management Plan & Scheduling Order is required pending this Court's decision on Plaintiff's letter motion for an extension of time to complete discovery.

**Plaintiff's application for an extension of the time to disclose her expert and the expert's report is DENIED. The parties' deadline to disclose experts and their written reports was November 24, 2021. Plaintiff has not offered good cause for failing to seek an extension of the November 24 deadline prior to its expiration and has offered no explanation for why good cause exists for failure to comply with that deadline. Plaintiff's claims of diligence in seeking an expert are unsupported. Plaintiff does not state when she began seeking to hire an expert or whether those efforts were underway prior to the deadline. Defendants will be prejudiced by the extension because they have operated since November 24, 2021, under the belief that no party has an expert and now Plaintiff seeks the production of additional documents for her proposed expert to review, Plaintiff's expert would need to be deposed and Defendants would need to consider presenting a counter-expert. *See FIH, LLC v. Found. Cap. Partners LLC*, 920 F.3d 134, 145-46 (2d Cir. 2019) (upholding district court's decision to exclude an expert report disclosed at the eleventh hour and finding district court acted within its discretion in enforcing the discovery deadline it had set).**

Dated: December 8, 2021
New York, New York

             *[signature]*
            LORNA G. SCHOFIELD
            UNITED STATES DISTRICT JUDGE

---

time is necessary for Defendants to produce – and for Mr. Dahl to then review – these productivity reports to provide a complete report pursuant to Rule 26(a)(2). The testimony adduced at depositions reveals that these reports are available through Defendants' EPIC system and may be produced in quick fashion, with some time necessary to redact patient identification numbers.