# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 17, 2022

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Lorna G. Schofield, U.S.D.J.
40 Foley Square, Courtroom 1106
New York, NY 10007-1312

Application GRANTED.  Plaintiff shall file the amended complaint by **January 25, 2022**.

Dated: January 21, 2022
New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

*Re:* **Edelman v. NYU Langone Health System,** *et al.*
**Case No.: 1:21-cv-502 (LGS) (GWG)**
<u>**MLLG File No.: 209-2020**</u>

Dear Judge Schofield:

This firm represents the Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff" or "Dr. Edelman") in the above-referenced case. Plaintiff writes pursuant to Rule 15 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to respectfully request leave to file an amended complaint.

This case was commenced on January 20, 2021. <u>See</u> Docket Entry 1. The complaint asserts causes of action for sex discrimination under the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as retaliation under Title VII, the NYSHRL, and the NYCHRL. Notably, while Plaintiff commenced this case without receiving a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC") because of the independent federal question under the EPA (which does not require the exhaustion of any administrative remedies), the Plaintiff still awaits a notice of right to sue as required by federal law to exhaust administrative remedies and – pursuant to the complaint – has agreed to stay her Title VII claims until she receives same. <u>See</u> <u>Id.</u> at ¶ 59.

On January 13, 2022, Plaintiff received from the EEOC a notice of right to sue. More than 180 days have passed since Plaintiff filed her charge of discrimination with the EEOC in January 2021. As such, Plaintiff respectfully submits that she has exhausted her administrative remedies and is entitled to pursue her Title VII claims.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." <u>See</u> Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." <u>See</u> <u>Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.</u>, 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citation omitted).

Hon. Lorna G. Schofield, U.S.D.J.
January 17, 2022
P a g e | **2**

Further, amendments are generally favored because they "tend to facilitate a proper decision on the merits." See <u>Sokolski v. Trans Union Corp.</u>, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks omitted) (<u>quoting</u> <u>Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.</u>, No. 94-CIV.-4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971).

Here, Plaintiff properly filed the complaint in this case given the existence of her EPA claims while she sought to resolve her Title VII claims with the EEOC as required. Regrettably, though approximately 360 days have passed – twice the 180 day time period required under the law to pursue Title VII claims in federal court – the EEOC has not been able to timely act to assist in resolving Plaintiff's Title VII claims. As such, she is entitled to proceed to federal court because she has timely sought to amend her complaint to establish the exhaustion of administrative remedies. Accordingly, Plaintiff's letter motion to amend the complaint must be granted.

A copy of the proposed amended complaint is annexed hereto, and Defendants have not responded as to whether they consent to this request despite receiving notice of Plaintiff's intention to make the instant application on Friday, January 14, 2022 at 11:45 AM. Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
January 17, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

cc: Defendants (via ECF).