

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Richard L. Steer
Partner
(212) 216-8070
rsteer@tarterkrinsky.com

**Defendants' request that this Court preemptively order certain records to be filed under seal is DENIED. The parties shall comply with the process set out in Individual Rule I.D for sealing materials.**

**Dated: February 4, 2022**
**New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Edelman v. NYU Langone Health System, et al.*
      Case No. 1:21-cv-00502 (LGS) (GWG)

Dear Judge Schofield:

      By this submission, with respect to Plaintiff's Letter Motion to Seal [102], Defendants respond to the Court's Order [104] directing Defendants to provide the basis for sealing the information[1] submitted in Plaintiff's ECF filing [103] in accordance with the three part test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

      Plaintiff was employed as a physician with NYU. This action deals with confidential information including patient records and complaints, information concerning Plaintiff's clinical practices, and proprietary, financial, and business plan and salary information concerning certain of NYU's physicians and directors. As such, and on consent from Plaintiff's counsel,[2] Defendants also seek to maintain the confidentiality of such categories of documents pursuant to the Stipulated Confidentiality Order ("Confidentiality Order") [45] (a copy of which is submitted herewith as Exhibit A) by permitting and ordering that such records, filed in support of and in opposition to Defendants' forthcoming motion for summary judgment, be designated "Confidential" and filed redacted and/or under seal.

      "There is a common-law and First Amendment right of public access to judicial documents." *Valassis Commc'ns. Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "As such, documents may be sealed 'only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Lugosch*, 435 F.3d at 124).

---

[1] The information contained in Plaintiff's letter motion that Defendants seek to seal are compensation and wRVU targets (which are part of NYU's business plans) of NYU physicians including, but not limited to, an NYU Medical Director and Clinical Director, that were produced by and designated "Confidential" by Defendants in discovery under the Confidentiality Order.
[2] Plaintiff consents to Defendants' application subject to the reservation of and without waiving all rights under the Stipulated Confidentiality Order.

"Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Lugosch*, 435 F.3d at 119-20).

"To be classified a judicial document, material 'must be relevant to the performance of the judicial function and useful in the judicial process.'" *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers…." *Id.* (emphasis in original). "Documents submitted in connection with trial or summary judgment are entitled to the highest presumption of public access…." *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1049-50, 53 (2d Cir. 1995) ("*Amodeo II*")). Established countervailing factors and values that can outweigh the presumption of public access include privacy interests and business secrecy. *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Amodeo II*, 71 F.3d at 1051).

1. NYU Patient Records.

Sealing and redacting medical records including "medical record numbers, treatment dates, partial addresses of patients, the names of treating physicians, and details concerning patients' medical conditions and care" are warranted. *Offor v. Mercy Med. Ctr.*, No. 17-cv-1872, 2018 WL 3364389, at *1 (S.D.N.Y. July 10, 2018). The best way to protect medical privacy while preserving public access to the parties' motion papers (if judicial documents to which a presumption attaches) is to grant sealing applications. *See Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, Nos. 18-cv-1781, 18-cv-7692, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021) (directing redactions of names and other personally identifying information) (citing *Lugosch*, 435 F.3d at 119). Where detailed medical records cannot easily be redacted, such documents records should remain under seal. *See Michelo*, 2021 WL 1637814, at *1.

2. NYU Employee Records, Salary, and Business Plans.

Defendants' request that personnel files containing personal identifying information of non-parties remain confidential is appropriate.[3] *See Mitchell v. Metropolitan Life Ins. Co., Inc.*, No. 03-cv-10294, 2004 WL 2439704, at * 2 (S.D.N.Y. Nov. 2, 2004) (ordering that personnel files of defendant's employees containing personal identifying information of non-parties, such as social security numbers, disciplinary records and information relating to personal circumstances

---

[3] These redactions are in addition to those required under Fed. R. Civ. P. 5.2(a) which requires redaction of (i) the first six numbers of an individual's social security number and taxpayer-identification number, (ii) the year of an individual's birth, (iii) a minor's initials, and (iv) all but the last four digits of a financial account number.

(e.g., disability and marital status) remain confidential) (citing *Amodeo II*, 71 F.3d at 1050-51) ("stating that the privacy interests of innocent third parties should weigh heavily in a court's decision whether to hold information confidential"); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002) ("protective order warranted for medical, educational, and other inherently private information concerning individual employees…")). "Protecting the privacy of individuals' personal identifying, financial, and medical information … are values that overcome the presumption of public access." *Re: Mindbody, Inc. Securities Litigation*, No. 19-cv-08331, 2021 WL 3500176, at *3 (S.D.N.Y. Aug. 9, 2021) (citing *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *4 (personal identifying information); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, No. 01-cv-5980, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (private financial and medical information).

The request to maintain the confidentiality of employee compensation and related business plans is also warranted here. "Among other reasons, 'redaction of this salary information vindicates the privacy interests these non-parties have in sensitive personal information that outweighs the public's interest in disclosure.'" *Statoli (Nigeria) Limited v. Nigerian National Petroleum Corp.*, No. 18-cv-2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (citing *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. Sept. 29, 2017); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. July 30, 2015) ("personal information of current and former employees of the parties … including … compensation is the type of information [that] overcomes the presumption of public disclosure."). "Protecting … specific business information are values that overcome the presumption of public access." *Re: Mindbody, Inc. Securities Litigation*, 2021 WL 3500176, at *3 (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); *see also Mitchell*, 2004 WL 2439704, at *2 (ordering the confidentiality of earnings, expense analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted). Sensitive business information such as NYU business plans and metrics including wRVUs set by NYU for each physician also outweigh the public's presumed right of access. *See Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

In addition to providing the basis for sealing the information submitted in Plaintiff's ECF filing [103], and, in an effort to maintain the confidentiality of NYU's employee records, salary and business plans and its patient records, treatment and information, pursuant to the Confidentiality Order [45], Defendants seek an order directing that such records, filed in support of and in opposition to Defendants' forthcoming motion for summary judgment, be designated "Confidential" and filed redacted and/or under seal.

        Respectfully submitted,
        **TARTER KRINSKY & DROGIN LLP**
        *Attorneys for Defendants*

        By:   */s/ Richard L. Steer*
               Richard L. Steer