**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
DR. SARI EDELMAN,

                        Plaintiff,

     -against-

NYU LANGONE HEALTH SYSTEM, NYU
LANGONE HOSPITALS, NYU LANGONE
MEDICAL CENTER, NYU LANGONE
NASSAU RHEUMATOLOGY, NYU SCHOOL
OF MEDICINE, NYU GROSSMAN SCHOOL
OF MEDICINE, NYU HOSPITALS CENTER,
ANDREW T. RUBIN, DAVID KAPLAN,
JOSEPH ANTONIK, and JOSHUA SWIRNOW,

                       Defendants.
-----------------------------------------------------------------x

Case No. 1:21-cv-502 (LGS)(GWG)

**DECLARATION OF**
**JOSEPH ANTONIK**
**IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT**

      **JOSEPH ANTONIK**, under penalties of perjury, hereby declares pursuant to 28 U.S.C. § 1746:

      1.    I am Site Director of NYU Langone Health's Ambulatory Care site at Marcus Avenue in Lake Success, New York ("Marcus Avenue").

      2.    In my position as Site Director, I report to David Kaplan, who oversees the operations of NYU's Faculty Group Practice ("FGP") Ambulatory Care operations for Nassau County and Queens.

      3.    As Site Director at Marcus Avenue, I oversee the day-to-day operations of the practices there.

1

4. Currently, approximately 85 FGP physicians at Marcus Avenue report to me.

5. I do not communicate with Andrew Rubin or Joshua Swirnow and did not do so regarding Plaintiff.

6. I do not have a role in any decisions regarding renewal or non-renewal of physician employment agreements.

7. I do not make decisions involving physician terminations.

8. I do not advise senior leadership about physician terminations.

9. I did not recommend that Plaintiff's employment agreement not be renewed.

10. At the time that Kaplan had asked me to gather information that was submitted to senior leadership about Plaintiff, I was not aware that it had anything to do with Plaintiff's contract renewal or non-renewal.

11. At the time that Kaplan had asked me to gather information and when the information was submitted to senior leadership, I had not seen Plaintiff's employment agreement and was not aware of Plaintiff's employment agreement expiration date.

12. At the time of Plaintiff's non-renewal, I did not know the reason for Plaintiff's termination.

13. At the time of Plaintiff's non-renewal, I did not know who made the decision not to renew her employment agreement.

14. I was not given a copy of Plaintiff's notice of non-renewal before it was given to Plaintiff.

All of the above testimony is true to the best of my knowledge and recollection. I have not been pressured in any way or promised anything to make the statements set forth above. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2022.

                                                 JOSEPH ANTONIK