**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
DR. SARI EDELMAN,

                    Plaintiff,

          Case No. 1:21-cv-502 (LGS)(GWG)

      -against-

NYU LANGONE HEALTH SYSTEM, NYU
LANGONE HOSPITALS, NYU LANGONE
MEDICAL CENTER, NYU LANGONE
NASSAU RHEUMATOLOGY, NYU SCHOOL
OF MEDICINE, NYU GROSSMAN SCHOOL
OF MEDICINE, NYU HOSPITALS CENTER,
ANDREW T. RUBIN, DAVID KAPLAN,
JOSEPH ANTONIK, and JOSHUA SWIRNOW,

                    Defendants.
-----------------------------------------------------------x

**DECLARATION OF**
**DAVID KAPLAN**
**IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT**

      **DAVID KAPLAN**, under penalties of perjury, hereby declares pursuant to 28 U.S.C. § 1746:

      1.     I am the Senior Director, Ambulatory Operations, at NYU Langone Health.

      2.     Prior to the non-renewal of Plaintiff's employment, I never had any discussion with Andrew Rubin about Plaintiff's continued employment or the potential non-renewal of same.

      3.     Prior to the non-renewal of Plaintiff's employment, I never had any discussion with Joshua Swirnow about Plaintiff's continued employment or the non-renewal of same.

      4.     I asked Joseph Antonik to gather information about Plaintiff's performance in response to a request I received from Andrew Rubin for such information. I was not aware of the

context in which the information was sought, or that it was in connection with the potential non-renewal of Plaintiff's employment.

5. Prior to the non-renewal of Plaintiff's employment, I never had any discussion with Joseph Antonik about Plaintiff's continued employment or the potential non-renewal of same.

6. Prior to the non-renewal of Plaintiff's employment, I did not know the date on which her employment agreement was set to expire.

7. Prior to the non-renewal of Plaintiff's employment, I did not know that her employment would not be renewed.

8. I did not request that Plaintiff's employment not be renewed.

9. I was not asked for input concerning the expiration of Plaintiff's employment agreement or the subject of her potential non-renewal, and I did not provide any.

10. I was not given a copy of Plaintiff's notice of non-renewal before it was given to her.

11. No one forced or rushed Plaintiff to leave NYU's Huntington Medical Group ("HMG") and transition her patients to Marcus Avenue. The decision was Plaintiff's alone, as was the timetable on which the transition was to take place.

12. Bryan Maguire, my counterpart for NYU's HMG facility, never advised me that Plaintiff had to leave that facility and move back to Marcus Avenue. To the best of my knowledge, nothing would have prevented Plaintiff from remaining in HMG as long as she wanted. If there was a need for Plaintiff to move out of HMG, I would have been so advised.

13. Likewise, nothing required Plaintiff to transition herself and her patients back to Marcus Avenue in a short time span.

14. Plaintiff decided to move quickly back to the Marcus Avenue facility at a time when Dr. Li's move to the rheumatology suite there was drawing near. Her doing so prevented her office from being available for use by Dr. Li.

All of the above testimony is true to the best of my knowledge and recollection. I have not been pressured in any way or promised anything to make the statements set forth above. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2022.

*/s/ David Kaplan*
DAVID KAPLAN