<u>UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK</u>

DR. SARI EDELMAN,

        Plaintiff,

– against –

NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,

        Defendants.

Case No. 1:21-cv-502 (LGS)

**<u>DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW
IN RESPONSE TO AND TO STRIKE PLAINTIFF'S NEW CHART</u>**

## TABLE OF CONTENTS

                                                  **Page**

**PRELIMINARY STATEMENT** ....................................................................................................1

**ARGUMENT**..................................................................................................................................3

    1.   **The Court Should Strike the New Chart as Plaintiff's Disingenuous Motion to "Amend" was a Specious Effort to File an Improper Sur-Reply Without Leave of Court** ....................................................3

**CONCLUSION** ...............................................................................................................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Braten v. Kaplan*,
  No. 07 CIV. 8498 (HB), 2009 WL 614657 (S.D.N.Y. Mar. 10, 2009), *aff'd*,
  406 F. App'x 516 (2d Cir. 2011) ...................................................................................................3

*Diarra v. City of New York*,
  No. 16-CV-7075 (VSB), 2018 WL 4538903 (S.D.N.Y. Sept. 20, 2018), *aff'd*,
  771 F. App'x 69 (2d Cir. 2019) .....................................................................................................4

*Dodona I, LLC v. Goldman, Sachs & Co.*,
  119 F. Supp. 3d 152 (S.D.N.Y. July 30, 2015) ............................................................................1

*Endo Pharm. Inc. v. Amneal Pharm., LLC*,
  No. 12-CIV-8060, 2016 WL 1732751 (S.D.N.Y. Apr. 29, 2016) ............................................3, 4

*Guadagni v. N.Y.C. Transit Auth.*,
  387 F. App'x 124 (2d Cir. 2010) ..................................................................................................3

*Neary v. Weichert,*
  489 S. Supp. 3d 55, 62 (E.D.N.Y. 2020) .....................................................................................3

*Soto v. Wright*,
  No. 11-cv-2289, 2012 WL 265962 (S.D.N.Y. Jan. 26, 2012) ......................................................3

**Other Authorities**

FRCP 56(c) ......................................................................................................................................2

**PRELIMINARY STATEMENT**

Defendants submit this Supplemental Reply Memorandum of Law in response to and in support of their motion to strike Plaintiff's new chart ("New Chart"), deemed filed (Doc. 148), and in response to Plaintiff's motion for leave to "correct a ministerial clerical error" in Plaintiff's Opposition papers (Docs. 146, 147). What Plaintiff mischaracterizes as a single "correction" in the New Chart is in fact a collection of changes and additions that materially alters the arguments Plaintiff advanced in her Opposition. More accurately, the New Chart is an improper, poorly cloaked sur-reply ("Sur-Reply") specifically in response to the clear evidence Defendants presented in the chart annexed as Exhibit 1 to the Declaration of Joshua B. Swirnow in Further Support of Defendants' Motion for Summary Judgment (Docs. 142-1, 145-3).[1] The Court should recognize Plaintiff's subterfuge for what it is and strike Plaintiff's Sur-Reply from the record.[2]

The sheer number of material changes Plaintiff urges the Court to permit demonstrates the falsity of her claim the New Chart is intended to correct a simple "ministerial clerical error." The "data" Plaintiff seeks to add is without evidentiary support, presents information not raised by any

---

[1] Inasmuch as Plaintiff failed to provide the Court with a redlined comparison reflecting the purported "inadvertent ministerial clerical error" in the New Chart, Defendants do so here. The sole change Defendants have made is to number the columns in Plaintiff's proposed chart for the Court's convenience and ease of reference. We note that Plaintiff has – without explanation – bolded and/or color coded certain of the numbers she includes. Beyond that, she once again seeks improperly to equate wRVU target numbers with dollar amounts (*see* Columns 7 and 10) when there is ample evidence to demonstrate that NYU makes no such calculation.

[2] Defendants respectfully request that Plaintiff's letter motion and this Supplemental Reply Memorandum be filed under seal as it contains confidential non-public financial and compensation terms for NYU physicians subject to Defendants' motions to seal which were submitted unopposed simultaneous with Defendants' initial moving and reply papers, respectively, on February 19, 2022, and May 6, 2022 (Docs. 116-122 and 143-145). *See* Defendants' May 6, 2022, memorandum of law in support of motion to seal (Doc. 144 at p. 6) (citing *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. July 30, 2015) ("personal information of current and former employees of the parties … including … compensation is the type of information [that] overcomes the presumption of public disclosure.")).

party in the briefing that was fully submitted on May 6, 2022, and is an improper attempt to open a brand-new line of argument with regard to renewal compensation for Plaintiff and her purported comparators. (*See* Columns 5-10).

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Doctor | Initial Pay for Clinical Duties | Initial wRVU Target | Initial Clinical Pay Per wRVU | Renewal/ Initial Pay for Clinical Duties | Renewal /Initial wRVU Target | Renewal /Initial Clinical Pay Per wRVU | 1st/ 2nd Renewal Pay for Clinical Duties (If prior to 12/20) | 1st/ 2nd Renewal wRVU Target | 1st / 2nd Renewal Clinical Pay Per wRVU |
| Dr. Goldberg | ■ (11/22/13) | ■ | $83.31 | $■ (1/13/17) | ■ | $85.47 | $■ (1/16/19) | ■ | $87.17 |
| Dr. Porges | ■ (8/11/14) | ■ | $52.12 | $■ ¹ (4/3/17) | ■ | $49.50 | ■ ² N/A | N/A | $57.28 N/A |
| Dr. Modi | ■ N/A (3/10/17) | N/A $58.94 N/A | (2/10/17 & 1/1/19) | $■ | N/A | N/A (after $58.94 12/20) | $■ N/A (7/24/20) | N/A | $60.57 N/A |
| Dr. Edelman | ■ (9/5/14) | ■ | $41.68 | $■ 11/17/17 | ■ | $53.46 | N/A $■ (5/12/2021) | N/A | $53.46 N/A ³ |

¹ Dr. Porges' compensation of $■ remained intact; the remaining $■ was allocated and paid to him for his subsequent "administration/leadership" role. (See Kataev Decl., Ex. M (D000871)).
² Dr. Porges' compensation increased to $■, the remaining $■ was allocated and paid to him for his subsequent "administration/leadership" role. (See Kataev Decl., Ex. M (D000878, D000875, D000879)).
³ Plaintiff continued to receive the same pay for the approximately additional six (6) months she worked following her notice of non-renewal and beyond her three (3) year renewed employment agreement.

Plaintiff fails to cite *anything* in the record in purported support of the alterations she seeks, as required by FRCP 56(c), but instead asks the Court to take them at face value. For example, Plaintiff now – for the very first time – attempts to compare the *renewal* salaries and wRVU targets of some physicians with the *initial* salaries of others, but offers no indication of the numbers' origin, accuracy, or relevance. *See* Columns 5 and 6. Beyond that, and because Plaintiff

nonsensically purports to combine initial salaries and wRVU targets offered certain physicians with those offered to them upon contract renewal – information not reflected in the record on this motion – it is impossible to identify which is which, let alone to evaluate its meaning, if any.

## ARGUMENT

I.  **The Court Should Strike the New Chart as Plaintiff's Disingenuous Motion to "Amend" was a Specious Effort to File an Improper Sur-Reply Without Leave of Court**

Plaintiff purported to seek leave to correct what she misleadingly characterizes as a "ministerial clerical error" in her Opposition papers. This submission, for which she did not seek the Court's permission to file as required, is instead a material overhaul of the chart she filed in Opposition to Defendant's motion that is transparently intended, without support from the record, to rebut Defendants' arguments on Reply. *See Neary v. Weichert*, 489 S. Supp. 3d 55, 62 (E.D.N.Y. 2020) (supplemental filings require leave of court) (citing *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12-CIV-8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]") (citing *Guadagni v. N.Y.C. Transit Auth.*, 387 F. App'x 124, 126 (2d Cir. 2010))). The Court has discretion to deny Plaintiff's duplicitous sur-reply, and should deny her permission to file. *See Soto v. Wright*, No. 11-cv-2289, 2012 WL 265962, at *2 n3 (S.D.N.Y. Jan. 26, 2012) (recommending sur-reply not be considered as plaintiff was not given permission to file and "since sur-replies are not permitted in federal court") (citing *Kapiti*, 2008 WL 754686, at *1 n1) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs") (citation and quotations omitted)); *Braten v. Kaplan*, No. 07 CIV. 8498 (HB), 2009 WL 614657, at *2 n1 (S.D.N.Y. Mar. 10, 2009), *aff'd*, 406 F. App'x 516 (2d Cir. 2011) (sur-reply not

3

considered as "neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court authorize litigants to file surreplies").)

Plaintiff disingenuously and impermissibly filed a sur-reply in the false guise of a purported minor clerical correction. Her submission is confusing, presented without explanation, and, if not struck, will prejudice Defendants.[3]  *Neary*, 489 S. Supp. 3d 55, 62. Although the briefing underlying Defendant's motion for summary judgment has been *sub judice* for six weeks[4], Plaintiff seeks now to belatedly submit new facts and arguments in response and opposition to Defendants' Reply. *See, e.g., Diarra v. City of New York*, No. 16-CV-7075 (VSB), 2018 WL 4538903, at *2 (S.D.N.Y. Sept. 20, 2018), *aff'd*, 771 F. App'x 69 (2d Cir. 2019) (construing plaintiff's post-briefing letter to the court, filed without leave, as a sur-reply and striking same upon finding that it improperly "introduced arguments in response to Defendant's reply memorandum.") Plaintiff's duplicitous attempt to cure obvious defects in her claims and arguments is blatantly improper and should not be countenanced by the Court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's Sur-Reply be rejected out of hand and struck from the record.

Dated: New York, New York
       June 17, 2022

---

[3]    Defendants had a right to rely on the arguments and information Plaintiff presented in her Opposition in drafting their Reply. They should not now be stripped of that ability simply because Plaintiff has come to feel, six weeks later, that those arguments were lacking, nor should Defendants be forced to guess at what Plaintiff here may intend to convey.

[4]    *See Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12 CIV. 8060 (TPG), 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (striking plaintiff's sur-reply as untimely).

**TARTER KRINSKY & DROGIN LLP**

By: */s/ Richard L. Steer*
    Richard L. Steer
    Tara Toevs Carolan
    Jonathan S. Hershberg
    Ingrid J. Cardona
    1350 Broadway, 11th Floor
    New York, New York 10018
    Tel.: (212) 216-8000
    Fax: (212) 216-8001
    rsteer@tarterkrinsky.com
    tcarolan@tarterkrinsky.com
    jhershberg@tarterkrinsky.com
    icardona@tarterkrinsky.com