UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. SARI EDELMAN,
                        Plaintiff,        21 Civ. 502 (LGS)

       -against-

                                      ORDER

NYU LANGONE HEALTH SYSTEM, et al.
                       Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on February 18, 2022, Defendants filed a motion to for summary judgment;

       WHEREAS, on February 19, 2022, and May 6, 2022, Defendants filed motions to seal portions of their memoranda of law and declarations and exhibits filed therewith. Dkt. Nos. 116, 143. Plaintiff also filed materials under seal but failed to file a motion to seal as required by the stipulated confidentiality order in this case and the Court's Individual Rules. It is hereby

       **ORDERED** that the motions to seal are GRANTED in part and DENIED in part. For substantially the reasons stated in Defendants' motions, which also apply to some of the materials Plaintiff filed under seal, specific details of individuals' contracts and compensation, including the contracts themselves, will remain sealed, and only the parties, counsel of record and Court users will have access, including the entirety of Dkt. Nos. 118-1, 118-2, 132-9, 145-4 and 145-6 and the redacted portions of Dkt. Nos. 118-3, 118-4, 118-5, 119-1, 120-1, 120-2, 133, 134, 135, 145-3, 147 and 149. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents

in redacted form is necessary to prevent the unauthorized dissemination of confidential business information and personal information, including personal health information.  It is further

**ORDERED** that other materials redacted or filed under seal for this reason appear to mostly or entirely include more general information that is neither private nor competitively sensitive, including the redacted portions of Dkt. Nos. 117, 118, 119 ¶¶ 10-12, 120 ¶¶ 7-8, 122-1, 122-2, 122-5, 137, 145-1, 145-2 and 145-5.  Defendants have not explained how general employment practices like setting productivity targets, paying employees based on productivity, analyzing prior productivity to predict future productivity, etc., are competitively sensitive or would cause any harm to Defendants if disclosed.  Similarly, any "individually identifiable health information" protected by the Health Insurance Portability and Accountability Act ("HIPAA") may also remain sealed, but all the materials the parties seek to seal on this basis currently appear to be either over-redacted or filed under seal when narrow redactions would suffice to safeguard protected health information, including Dkt. Nos. 119 ¶¶ 21-26, 120 ¶¶ 17-25, 120-3, 121-1, 122-3, 122-4 and 135-6.  *See* 45 C.F.R. § 160.103.  Contrary to Defendants' argument, information is not protected by HIPAA merely because it discusses or refers generally to patient care, unless there is a "reasonable basis to believe the information can be used to identify the individual" to whom care was provided.  *Id.*  Much of the general and presumptively non-confidential information about compensation and patient care is also disclosed in the unredacted memorandum of law and Local Rule 56.1 statement that Defendant filed at Dkt. Nos. 108-1 and 108-2.  To the extent any party seeks to maintain any of the above documents under seal in whole or in part, that party shall file a letter motion by **October 5, 2022**.  Each party shall file any documents that implicate HIPAA with narrower redactions only to the extent necessary to comply with HIPAA and shall file more narrowly redacted (or unredacted) versions of any other

documents, if narrower redactions are possible.

Plaintiff also filed under seal the excerpts from depositions transcripts at Dkt. Nos. 132-2, 132-3, 132-5, 132-6, 132-7, 132-8, 132-10, 132-11, 132-12 and 132-13, including excerpts from the depositions of Plaintiff, Individual Defendants and several other employees of Defendants and excerpts from contracts, some of which were filed in redacted form by Defendants. Neither Plaintiff nor Defendants have filed a motion to seal any of those materials, and each appears to be mostly or entirely subject to public access. To the extent any party seeks to maintain any portion of those exhibits under seal, the party seeking continued sealing shall file a letter motion by **October 5, 2022**, bearing in mind the guidance above concerning what may remain sealed.

All sealed documents shall remain sealed at this time pending further motion practice, and only the parties and individuals identified in the Appendix to Dkt. No. 116-1 will have access.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 116 and 143.

Dated: September 14, 2022
New York, New York

                                            LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE