```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
DR. SARI EDELMAN,                                             :
                                    Plaintiff,                :
                                                              :      21 Civ. 502 (LGS)
                 -against-                                    :
                                                              :           ORDER
NYU LANGONE HEALTH SYSTEM, et al.,                            :
                                    Defendants.               :
                                                              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 19, 2022, Defendants moved for reconsideration of that part of the Court's Order denying summary judgment on Plaintiff's Equal Pay Act claims.

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

WHEREAS, none of the matters raised in Defendants' motion was overlooked in the Court's prior ruling on Plaintiff's EPA claim.

WHEREAS, Defendants' first two arguments asserting two undisputed facts were fully considered in deciding the motion for summary judgment. First, the fact that Plaintiff set her own prior salary, and presumably was not biased against herself in doing so, does not alter the Court's conclusion. Second, while it is undisputed that Defendants used Plaintiff's prior salary as part of its assessment of her practice's future profitability to NYU, there is a dispute of material fact

whether that profitability assessment was affected by gender bias.  Neither of these undisputed facts explains how Plaintiffs' compensation was actually derived from her prior salary, nor how any of her comparators' higher salaries were set, particularly those who did not come from private practice.  In light of the disparity with Plaintiffs' comparators, including those who came from private practice and those who did not, there remains a material dispute of fact to be resolved at trial.

WHEREAS, Defendants' last two arguments also were not overlooked by the Court in deciding Defendants' prior motion, and in any event are contradictory.  Defendants' third argument is that renewal salaries were based on incorporating prior productivity bonuses into future salaries.  The undisputed documentary evidence shows that those productivity bonuses increased physicians' compensation proportionally based on the amount by which their wRVUs exceeded their target.  Thus, contrary to Defendants' fourth argument, physicians arguably were compensated each year under their original contracts, and at renewal, on a per-wRVU basis.  The Court did not overlook that Defendants dispute this characterization and has not "adopted" Plaintiffs' methodology for comparing salaries on a per-wRVU basis, as Defendants suggest.  There is at least a genuine dispute of material fact whether differences in productivity-adjusted compensation are explained by permissible considerations rather than discriminatory ones.

It is hereby **ORDERED** that Defendants' motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 159.

Dated: October 24, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE