

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Richard L. Steer
Partner
(212) 216-8070
rsteer@tarterkrinsky.com

October 19, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Edelman v. NYU Langone Health System, et al.*
              Case No. 1:21-cv-00502 (LGS) (GWG)

Dear Judge Schofield:

      We write on behalf of Defendants in accordance with the Court's September 14, 2022 Order (Doc. No. 152; the "Order") granting in part and denying in part Defendants' Motion to Seal. In the Order, the Court granted sealing and redaction of information that fell into either (1) private and competitively sensitive materials or (2) individually identifiable health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). At the same time, the Court identified three groups of documents that, to the extent it contained such confidential information, that information could be adequately protected with lesser amounts kept from the public. Defendants believe that a lesser amount of sealing and redaction will suffice to protect the Parties' and the Parties' patients' interests.

**Background**

      "There is a common-law and First Amendment right of public access to judicial documents." *Valassis Commc'ns. Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "As such, documents may be sealed 'only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Lugosch*, 435 F.3d at 124). "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *Lugosch*, 435 F.3d at 119-20). Privacy and business interests have been identified as valid countervailing factors. *Valassis Commc'ns. Inc.*, 2020 WL 2190708, at *1 (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

**Private and Competitively Sensitive Materials**

      In the category of "private and competitively sensitive materials," Defendants believe that

Hon. Lorna G. Schofield
October 19, 2022
Page 2 of 4

the business loan amount found in Doc. No. 118, ¶11, the fifth sentence in Doc. No. 120, ¶7 (beginning "If the…"), Doc. No. 122-2 (p. 6, lines 2, 7-9), Doc. No. 145-1 (pp. 3 and 4), Doc. No. 145-2 (¶¶6, 8, 9, 10, 13) and Doc. No. 145-5 (¶¶4-5, 8, 10) should remain sealed.

Defendants have elected not to pursue redactions of NYU's larger framework of compensation strategies and practices generally, limiting their requests herein to particular specific personal and commercial information found within the documents in question, primarily in the form of wRVU targets and compensation details. Defendants would seek only to keep under seal:

- The amount of a business loan[1] partly attributable to a non-party, while the existence of the loan itself would remain public (Doc. No. 118);
- Compensation terms in the contract of a non-party (Doc. No. 120, ¶7, fifth sentence);
- A particular dollar change in compensation for a non-party (Doc. No. 122-2, line 2);
- A particular work target for a non-party (Doc. No. 122-2, lines 7-9);
- Compensation figures listed in Defendants' Reply Brief (Doc. No. 145-1, pp. 3-4);
- Specific compensation and target terms (Doc. No. 145-2, ¶¶6, 8, 9, 10, 13); and
- Specific compensation and target terms for a non-party (Doc. No. 145-5, ¶¶4, 5, 8, 10).

Defendants concerns regarding disclosure of this information is not merely hypothetical. NYU Langone Health is constantly targeted by competitors seeking to poach its physicians and practices. Indeed, Northwell Health was recently looking to recruit from NYU's vascular surgeons working in Brooklyn and, at present, has been making an approach on its plastic surgeon specializing in breast procedures. Disclosure of these particular facts would provide Defendants' competitors like Northwell Health with an advantage in these efforts now and in the future by giving them an unfair ability to outbid and/or undercut Defendants. Moreover, having this information would provide NYU's competitors with the identity of, and a roadmap to, NYU's most productive doctors and practices. Courts have found it appropriate to keep non-public "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'" *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

Additionally, many of these sought-after redactions comprise individual compensation details. "[P]ersonal information of current and former employees of the parties . . . including . . . compensation" is the "type of information [that] overcomes the presumption of public disclosure." *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020). This is especially true as Doctors Goldberg and Porges are not parties to this litigation. *See, e.g., Amodeo*, 71 F.3d at 1050 ("We have previously held that the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation.").

**Individually Identifiable Health Information**

Defendants request the Court keep the following portions of these materials under seal: the

---

[1] A loan amount has also been redacted from Defendants' Letter Motion for Reconsideration filed today. Doc. No. 159. For these same reasons, Defendants request that it remain redacted.

Hon. Lorna G. Schofield
October 19, 2022
Page 3 of 4

MRN number on p. 4 of Doc. No. 120-3; Doc. No. 121-1[2] (pp. 2-4, 6, 20, 22-24); Doc. No. 122-4 (p. 14); and Doc. No. 135-6.

HIPAA governs the potential disclosure of Protected Health Information ("PHI"), defined as information "that relates to: the individual's past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present, or future payment for the provision of health care to the individual" that could also identify or be used to identify the individual in question. *See* 45 C.F.R. § 160.103. Sealing medical records including "medical record numbers, treatment dates, partial addresses of patients, the names of treating physicians, and details concerning patients' medical conditions and care" is typically warranted. *Offor v. Mercy Med. Ctr.*, No. 17-cv-1872, 2018 WL 3364389, at *1 (S.D.N.Y. July 10, 2018).

The documents Defendants seek to continue to have sealed all contain individually identifiable health information and implicate the medical privacy of their patients. Doc. No. 120-3 contains an MRN number, which the *Offor* court specifically addressed and protected, on p. 4. Doc. No. 121-1 contains details and dates of Plaintiff's patient care (pp. 2-4, 20, 22, 23) and communication between Plaintiff and a patient that could be used to identify that patient (p. 6).

Unlike the other documents and portions thereof that Defendants seek to keep under seal, Doc. No. 135-6 is not adequately addressed through targeted redactions. This collection of documents comprises communications by patients with their Plaintiff through NYU's Epic system and direct text messages. The documents contain patient names, birth dates, pictures, phone numbers, dates of visits, and even descriptions of the particular care received by the individuals. Where detailed medical records cannot easily be redacted, such documents should remain under seal in their entirety. *See Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, Nos. 18-cv-1781, 18-cv-7692, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021). Accordingly, Defendants believe the entirety of Doc. No. 135-6 should remain under seal.

**Deposition Transcript Excerpts Filed by Plaintiff**

The Court also identified as overly redacted multiple documents filed by Plaintiff. Defendants believe a portion should remain sealed: Doc No. 136-3 (p. 7, lines 8-9, 12-14, 18-19); Doc No. 136-8 (p. 6, lines 5-7; p. 7, lines 2-5, 21, 24-25; p. 8, lines 4-6, 13-14, 16, 20-25); Doc No. 136-12 (p. 8, lines 4-7); and Doc. No. 136-13 (p. 3, pp. 7-17, pp. 20-21, pp. 26-38, pp. 46-49).

One group of these documents contains confidential information regarding NYU's compensation and productivity data as discussed above. *See* Doc Nos. 136-3; 136-8[3]. Doc. No. 136-12 contains compensation information of a non-party, Dr. Porges. Doc. No. 136-13, which comprises multiple documents, contains multiple examples of PHI and sensitive personal and

---

[2] Defendants note that the document at Doc. No. 121-1 also contains separate redactions marked with boxes containing the word "Redacted". *See, e.g.*, Doc. No. 121-1, (pp. 2-4). These redactions were not made for purposes of filing but were instead how the document was produced and used in discovery. Accordingly, Defendants do not address these redactions herein.

[3] Pages 7-8 also discuss and contain the compensation details of a non-party, Dr. Goldberg.

business information: an MRN number (p. 3), confidential contract terms (pp. 7-17, 20-21, 26-37, 38) and details and dates of Plaintiff's patient care (pp. 46-49).

\* \* \*

For these reasons, Defendants request that this reduced portion of the briefing for summary judgment remain under seal. Copies of the above-discussed documents with new highlighting will follow this filing.

Respectfully submitted,
**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By:   */s/ Richard L. Steer*
      Richard L. Steer

---

Defendants' motion to seal is GRANTED with respect to the narrower redactions and sealing requests proposed in the attachments to Dkt. No. 161. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); s*ee also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents in redacted form is necessary to prevent the unauthorized dissemination of confidential business information and personal information, including personal health information. *See Offor v. Mercy Med. Ctr.*, No. 17 Civ. 1872, 2018 WL 3364389, at *1 (S.D.N.Y. July 10, 2018) (noting that "'medical record numbers, treatment dates, partial addresses of patients, the names of treating physicians, and details concerning patients' medical conditions and care'" generally should be sealed pursuant to "the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, and accompanying regulations").

By **October 28, 2022**, Defendants shall file on the public docket redacted versions of the documents for which narrower redactions were proposed.

Dated: October 24, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE