TARTER KRINSKY & DROGIN LLP
*Attorneys for Defendants*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DR. SARI EDELMAN,                                         :
                                                         :
                                     Plaintiff,          :
                                                         :   Case No. 1:21-cv-502 (LGS)(GWG)
                          -against-                      :
                                                         :
                                                         :
                                                         :
NYU LANGONE HEALTH SYSTEM, NYU          :   **<u>DECLARATION OF</u>**
LANGONE HOSPITALS, NYU LANGONE          :   **<u>JOSHUA B. SWIRNOW</u>**
MEDICAL CENTER, NYU LANGONE             :   **IN SUPPORT OF DEFENDANTS'**
NASSAU RHEUMATOLOGY, NYU SCHOOL         :   **MOTION FOR SUMMARY**
OF MEDICINE, NYU GROSSMAN SCHOOL        :   **JUDGMENT**
OF MEDICINE, NYU HOSPITALS CENTER,      :
ANDREW T. RUBIN, DAVID KAPLAN,          :
JOSEPH ANTONIK, and JOSHUA SWIRNOW,     :
                                                         :
                                     Defendants.         :
-----------------------------------------------------------------x

     **JOSHUA B. SWIRNOW**, under penalties of perjury, hereby declares pursuant to 28

U.S.C. § 1746:

     1.     I am the Vice President of Ambulatory Care and Business Strategy at NYU

Langone Health.

     2.     The team of experts at NYU Langone Ambulatory Care Lake Success located at

Marcus Avenue ("Marcus Avenue") offers a variety of medical specialties, tests, and services.

     3.     The physicians at Marcus Avenue work together to provide coordinated,

multidisciplinary care, including rheumatology.

4.      As Vice President, and previously as Assistant Vice President, of Ambulatory Care and Business Strategy, I am, in part, responsible for negotiating the terms and conditions of employment of new ambulatory network physicians upon NYU's hiring them.

## NYU Hires Plaintiff from Private Practice

5.      NYU hired the physicians of the private rheumatology practice formerly consisting of Plaintiff Dr. Sari Edelman ("Plaintiff") and Dr. Kavini B. Mehta in 2014, as part of NYU's Faculty Group Practice ("FGP") at Marcus Avenue. Andrew Rubin and I were primarily negotiating their agreements with them on behalf of NYU.

6.      Mr. Rubin and I met, in person, with Plaintiff and Dr. Mehta for purposes of presenting NYU's offer to hire them.

7.      As I met in person with Plaintiff and Dr. Mehta, I was aware that each was female.

8.      NYU's contract negotiations, thereafter, with Plaintiff and Dr. Mehta occurred via email communications.  (Annexed as Exhibit A is a true copy of an email exchange reflecting the negotiations concerning salary and expenses.)

9.      A member of our FGP staff generated a business plan for Plaintiff and Dr. Mehta based on financial data supplied to NYU by their private practice. (A true copy of the business plan is annexed at Exhibit B.) Their respective salaries were negotiated based on their incomes in private practice as reflected in the business plan. *Id.*

10.     Plaintiff's employment agreement with NYU also included an "expectation" of production based upon NYU's analysis of Plaintiff's production in private practice. This expectation was presented in terms of work relative value units ("wRVUs").  (A true copy of Plaintiff's employment agreement is annexed at Exhibit C.)

2

11.     When NYU hired Plaintiff and Dr. Mehta, NYU hired those physicians and the staff members that chose to come with them. NYU also assumed the practice's lease obligations and responsibility for its business loan, the outstanding balance of which, at the time, was █████████ (attributable in equal amounts to Plaintiff and Dr. Mehta). Plaintiff's employment agreement with NYU was renewed by an amendment dated November 17, 2017.  (A true copy of such agreement is annexed at Exhibit D.)  As NYU had by then paid off the balance of the business loan associated with Plaintiff's former private practice, the Plaintiff's amended agreement included an increase in her compensation.

**Office Assignments, Reorganization & Plaintiff's Refusal to Cooperate**

Dr. Modi

12.     I also was involved in negotiating the employment agreement of Dr. Anang Modi upon his hire by NYU in May 2017.  (A true copy of Dr. Modi's employment agreement is annexed at Exhibit E.)

13.     Dr. Modi is a Board Certified Rheumatologist and Clinical Instructor in the Department of Medicine at NYU Grossman School of Medicine.

14.     The compensation and wRVU expectation included in Dr. Modi's employment agreement were based upon his previous employment as the Medical Director at Advantage Care Physicians Hempstead Office.  (A true copy of Dr. Modi's curriculum vitae is annexed at Exhibit F.)

Plaintiff's Deteriorating Relationships at Work

15.     As of in or about 2017, Plaintiff's working relationships with her co-workers had deteriorated to the point that Mr. Rubin and I met with her in Mr. Rubin's office in Manhattan to address certain issues that had been raised.

3

16.     During that meeting, and in an attempt to improve Plaintiff's performance, Mr. Rubin and I verbally counseled Plaintiff about her behavioral issues.

17.     After that meeting, additional incidents of interpersonal conflict involving Plaintiff continued being brought to management's attention. On November 6, 2020, Dr. Porges submitted to David Kaplan a summary of concerns regarding Plaintiff's interpersonal conflicts and clinical practices. This summary was also forwarded to me.

18.     Following our receipt of Dr. Porges' summary, Mr. Rubin and I spoke with him to discuss its contents and his concerns about Plaintiff. Mr. Rubin and I also spoke with Dr. Goldberg to discuss with him the issues Dr Porges had summarized.

19.     Plaintiff was advised by a letter dated December 1, 2020, that her employment contract would not be renewed upon its expiration on December 31, 2020, and that her employment and faculty appointment would be terminated effective May 31, 2021.

20.     The annexed exhibits are business records of NYU maintained in the ordinary course of business.

All of the above testimony is true to the best of my knowledge and recollection.  I have not been pressured in any way or promised anything to make the statements set forth above.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on February __16__, 2022.

JOSHUA B. SWIRNOW

4