Plaintiff's motion for leave to amend is GRANTED, and Plaintiff shall file her Second Amended Complaint by **December 9, 2022**. Because the Court's prior orders setting deadlines for amended pleadings provided for later amendments with leave of the Court, the standards under Rule 15 and not Rule 16 apply to Plaintiff's motion. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Under Rule 15, leave to amend shall be given freely and the only grounds for denial are "undue delay, bad faith, dilatory motive, or futility." *Id.* (cleaned up). Defendants do not suggest that Plaintiff acted in bad faith or with dilatory motive, or that amendment would be futile, but focus on the late stage of the litigation and purported prejudice they would suffer if amendment is permitted. This argument is unpersuasive because "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *accord Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021). There is no risk of prejudice because, contrary to Defendants' argument, "[c]laims for violations of the NYSEPA are evaluated under the same standard as the Federal Equal Pay Act," so no additional discovery will be necessary or permitted. *Postell v. Fallsburg Library*, No. 20 Civ. 3991, 2022 WL 1092857, at *8 (S.D.N.Y. Apr. 8, 2022); *accord Kent v. Papert Cos.*, 764 N.Y.S.2d 675, 684 (1st Dep't 2003).

Dated: December 7, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

    Re:    *Edelman v. NYU Langone Health System, et al.*
            Case No. 1:21-cv-00502 (LGS)(GW)

Dear Hon. Judge Schofield:

    Defendants respectfully submit this letter brief in opposition to Plaintiff's letter motion to amend dated November 21, 2022 (Dkt. 165) ("Motion to Amend"). Plaintiff has not even attempted to show good cause required for amendment under Rule 16, and has not shown a legitimate explanation for the inordinate delay in seeking to amend under Rule 15. The Motion to Amend should be denied in the interest of justice.

    **Plaintiff Failed Multiple Times to Assert A Claim Under Then Existing Law** – Plaintiff filed this employment discrimination action two years ago on January 20, 2021, asserting several discrimination claims including for violation of the federal Equal Pay Act, 29 U.S.C. § 206(d) ("Federal EPA"). At the time of the filing of the complaint, New York had long ago enacted its own version of the Equal Pay Act, Labor Law §194 ("NY EPA").[1] Plaintiff was represented by experienced employment counsel from the outset of this action. According to Plaintiff's attorneys, they concentrate their practice in employment law, "focused on … representation before administrative agencies, litigation, and appeals."[2] Yet, Plaintiff has provided no proper explanation for why she failed to assert the NY EPA claim when she filed this action or, more significantly, why she waited two years before seeking permission to amend.

    Indeed, Plaintiff has already amended her complaint once in January 2022. (Dkt. 96). She fails to inform the Court of this fact and provides no explanation why, again, she did not assert the NY EPA in the amended complaint at that time.

---

[1] The NY EPA prohibited unequal pay on the basis of gender since at least 2016 and the current version covering more protected classes, became effective in 2019.

[2] See https://www.milmanlabuda.com, last visited on December 5, 2022.

Allowing the new claim now would be unfair and prejudicial to Defendants since fact discovery was closed as of December 21, 2021 (Dkt. 84), a dispositive motion has already been filed and decided, and a trial date is set for May 8, 2023, with motions *in limine* due on March 17, 2023 (Dkt. 156).

**Plaintiff Failed to Demonstrate Good Cause** – This Court has issued several Scheduling Orders setting for various deadlines, including the deadline to amend pleadings. The Court issued its initial Scheduling Order on March 15, 2021, setting April 6, 2021 as the deadline to amend pleadings. (Dkt. 18). The Court reaffirmed this deadline in three subsequent Scheduling Orders. (Dkt. 32, 54, 64). Plaintiff has never sought to extend this deadline until now.

As explained by the Second Circuit, "[a]lthough Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Thus, a party who wishes to amend a pleading after the deadline set by the court must demonstrate "good cause" and not merely meet the standards under Rule 15(a). *Id.*; see also: *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (same). Plaintiff has made no attempt, let alone demonstrate, good cause. Although the Second Circuit more recently decided that courts should only follow the standard under Rule 15 where a scheduling order indicated that the deadline may be modified with leave of court, that decision was predicated on only one scheduling order issued by the court. *Sacerdote v. New York Hospital*, 9 F.4th 95, 114-15 (2d Cir. 2021). Here, in contrast, this Court has issued multiple orders setting the deadline and Plaintiff has failed to follow each of those orders. If those orders were to mean anything, Plaintiff should be required to show good cause under Rule 16(b).

**Plaintiff Failed to Provide Sufficient Reason for the Delay** – Even if only Rule 15(a) applies, Plaintiff still fails to meet the standard due to the inordinate delay of more than a year and half since the deadline passed. As acknowledged in the Motion to Amend (p. 3), such inordinate delay must be explained satisfactorily to the Court before amendment is allowed. Failure to meet this burden will result in denial of amendment. *Creswell v. Sullivan & Cromwell*, 922 F.2d 60, 72, (2d Cir. 1990) ("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay"); *Morency v. NYU Hospital Center*, 728 Fed.Appx. 75, 76-77 (2d Cir. 2018) (amendment denied where plaintiff "failed to provide a satisfactory explanation for her nearly 13-month delay in seeking amendment"); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 952, (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984) ("courts have placed the burden upon the movant to show some valid reason for his neglect and delay").

Here, Plaintiff's only excuse for failure to assert the new claim is that of an "oversight." Motion to Amend, p. 3. Yet, Plaintiff has completely failed to provide any explanation, let alone a valid one, for the alleged oversight. Plaintiff does not provide any factual explanation as to why there was this alleged oversight and what caused the oversight. The failure to provide any explanation must result in the denial of the Motion to Amend.

Moreover, Plaintiff's excuse for the delay is simply not creditable given Plaintiff's counsel professed expertise and specialization as employment law attorneys. Indeed, the complete lack of

Hon. Lorna G. Schofield
December 9, 2022
Page 3 of 3

candor regarding the alleged oversight smacks of bad faith.[3]

**Defendants Would be Prejudiced by a New Claim** – Under the NY EPA, a plaintiff may establish a claim by demonstrating that the plaintiff performs either "equal work" or "substantially similar work," where in contrast the plaintiff must demonstrate "equal work" under the Federal EPA. Because Plaintiff has only asserted a claim under the Federal EPA, Defendants have only pled in their answer a defense that Plaintiff did not perform equal work. (Dkt. 97).

More importantly, Defendants have relied on Plaintiff's pleadings and the defenses asserted in response thereto in developing their strategy regarding defense of this action and their evidence during discovery. Since Plaintiff did not assert a NY EPA claim, Defendants have not developed any evidence concerning whether Plaintiff did "substantially similar work" as her alleged comparators. To properly develop the evidence for this new claim and under its standard, Defendants will need to re-depose Plaintiff and otherwise gather other relevant evidence. Since a trial date is set and discovery is closed, Defendants would be severely prejudiced if the new claim is allowed.[4] The amendment should therefore be denied. *Sanders*, 582 F.Supp. 952 (where the non-moving party has demonstrated prejudice, it is the burden of the moving party to show why amendment should not be denied).

Even if the Court were to allow additional discovery, it would be unfair for Defendants to have to incur additional time and expense for a second round of discovery when all evidence could have been collected together and in a much more efficient manner had Plaintiff been diligent in asserting her new claim.

Moreover, had this claim been asserted, Defendants could have adjusted its settlement posture during mediation and settlement negotiations. Now, instead, Defendant would be facing potential quadruple damages if the new claim is allowed.

By:  */s/ Richard L. Steer*
      Richard L. Steer
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000
      rsteer@tarterkrinsky.com

---

[3] This Court has already allowed a post hac amendment of papers when plaintiff filed a chart changing the analysis of defendants' defense subsequent to defendants' reply when the summary judgment motion was fully submitted in the guise of a "correction". (Dkt. 146).

[4] While defendants did not raise their defenses to plaintiff's assertion of equal work in their summary judgment motion, believing that such issue might create a question of fact improper for resolution on summary judgment, the answer preserves the unequal work defense. (Dkt. 97, ¶ 128).