**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*
Richard L. Steer
Tara Toevs Carolan
Ingrid J. Cardona
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. SARI EDELMAN,<br><br>    Plaintiff,<br><br>  – against –<br><br>NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,<br><br>    Defendants. | Case No. 1:21-cv-502 (LGS)(GWG)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |

NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University, f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center;" and Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow (collectively, "Defendants"), as and for their Answer to the Second Amended Complaint (Doc. 170) (the "Complaint") of Plaintiff, Dr. Sari Edelman ("Plaintiff"), respectfully allege:

{Client/002528/5/02342544.DOCX;1 }

## **PRELIMINARY STATEMENT & FACTUAL BACKGROUND**

1.      That to the extent the allegations contained in Paragraph "1" of the Complaint simply describe the Complaint, no response is required; admit that this action purports to be brought as alleged, but deny the allegations therein of wrongdoing on the part of Defendants.

2.      Deny the allegations in Paragraph "2" of the Complaint, except admit that effective December 1, 2014, Plaintiff was hired by NYU Grossman School of Medicine, a Division of New York University, f/k/a "NYU School of Medicine" ("NYUGSOM") as a Staff Physician and Assistant Professor (clinical).

3.      Deny the allegations in Paragraph "3" of the Complaint, except admit that Plaintiff was hired by NYUGSOM and was given an employment contract with a 3-year term, which was amended in or about November 2017 through December 31, 2020.

4.      Deny the allegations in Paragraph "4" of the Complaint, except admit that Plaintiff exceeded the productivity standards that she was required to meet, and that Plaintiff's compensation was increased in or about November 2017 and the term of her agreement was extended.

5.      Deny allegations in Paragraph "5" of the Complaint.

6.      Deny allegations in Paragraph "6" of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "7" of the Complaint, except deny that Plaintiff was treated poorly solely on account of her sex.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "8" of the Complaint as to what Plaintiff allegedly learned, except deny the remainder of the allegations of Paragraph "8" of the Complaint.

2

9.    Deny the allegations in Paragraph "9" of the Complaint.

10.    Deny allegations in Paragraph "10" of the Complaint.

11.    Deny the allegations in Paragraph "11" of the Complaint.

12.    Deny the allegations in Paragraph "12" of the Complaint, and refer all questions of law to the Court for its determination, except admit that Plaintiff complained to Human Resources and that Plaintiff did not utilize her office one day per week.

13.    Deny the allegations in Paragraph "13" of the Complaint.

14.    Deny the allegations in Paragraph "14" of the Complaint, except admit that Plaintiff's Complaint was determined to be unfounded.

15.    Deny the allegations in Paragraph "15" of the Complaint.

16.    Deny the allegations in Paragraph "16" of the Complaint, except admit that on or about December 1, 2020, Plaintiff was given six (6) months' notice of her termination.

17.    Deny the allegations in Paragraph "17" of the Complaint.

## JURISDICTION

18.    Paragraph "18" of the Complaint contains conclusions of law to which no response is required, and refer all questions of law to the Court for its determination.

19.    Paragraph "19" of the Complaint contains conclusion of law to which no response is required, and refer all questions of law to the Court for its determination.

## VENUE

20.    Paragraph "19" of the Complaint contains conclusion of law to which no response is required, and refer all questions of law to the Court for its determination.

21.    Paragraph "21" of the Complaint contains conclusions of law to which no response is required, and deny the allegations in Paragraph "21" of the Complaint.

**PARTIES**

22.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "22" of the Complaint.

23.     Paragraph "23" of the Complaint contains conclusions of law to which no response is required, and refer all questions of law to the Court for its determination.

24.     Deny the allegations contained in Paragraph "24" of the Complaint, and refer all questions of law to the Court for its determination.

25.     Deny the allegations contained in Paragraph "25" of the Complaint, except admit that the individual defendant, Andrew T Rubin, is employed in New York, New York, and refer all questions of law to the Court for its determination.

**FACTS**

26.     Deny the allegations in Paragraph "26" of the Complaint, except admit effective December 1, 2014, NYUGSOM hired Plaintiff as a Staff Physician and Assistant Professor (clinical).

27.     Deny the allegations in Paragraph "27" of the Complaint, except admit that when Plaintiff joined NYUGSOM, Plaintiff had her own patients.

28.     Deny the allegations in Paragraph "28" of the Complaint, except admit that Plaintiff exceeded productivity standards that she was required to meet.

29.     Deny the allegations in Paragraph "29" of the Complaint, except admit that Plaintiff was granted a raise, and her employment agreement was extended for another three (3) year term.

30.     Deny the allegations in Paragraph "30" of the Complaint.

31.     Deny the allegations in Paragraph "31" of the Complaint.

32.     Deny the allegations in Paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "33" of the Complaint as to what Plaintiff allegedly witnessed, and deny the remainder of the allegations of Paragraph "33".

34.     Deny the allegations in Paragraph "34" of the Complaint.

35.     Deny the allegations in Paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "38" of the Complaint as to what Plaintiff allegedly became aware of, but deny the reminder of the allegations in Paragraph "38" of the Complaint.

39.     Deny the allegations in Paragraph "39" of the Complaint, except admit that Plaintiff's salary was $207,000.00 under her first contract.

40.     Deny the allegations in Paragraph "40" of the Complaint, except admit that Plaintiff spoke with Kathleen Pacina of employee relations.

41.     Deny the allegations in Paragraph "41" of the Complaint, except admit that Plaintiff did not utilize her office one day per week.

42.     Admit that Plaintiff made allegations to HR in some or substance in the form alleged in Paragraph "42" of the Complaint, but deny that any mistreatment or discriminatory conduct occurred or that the conduct alleged by Plaintiff has been commonplace at NYU during her tenure there.

43.     Deny the allegations in Paragraph "43" of the Complaint, except admit that Plaintiff's complaint was determined to be unfounded.

44.     Deny the allegations in Paragraph "44" of the Complaint.

45.     Deny the allegations in Paragraph "45" of the Complaint, except admit that Plaintiff's contract was not renewed over one year after her alleged complaint to employee relations.

46.     Deny the allegations in Paragraph "46" of the Complaint.

47.     Deny the allegation in Paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "48" of the Complaint and refer all questions of law to the Court for its determination.

49.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "49" of the Complaint and refer all questions of law to the Court for its determination.

**COUNT ONE**
**Unequal Pay in Violation of The Equal pay Act**
**(29 U.S.C. § 206(d)(1))**

50.     Repeat and reallege each and every response to Paragraph "1" through Paragraph "49" herein in response to Paragraph "50" of the Complaint.

51.     Deny the allegations in Paragraph "51" of the Complaint.

52.     Deny the allegations in Paragraph "52" of the Complaint.

53.     Deny the allegations in Paragraph "53" of the Complaint, and refer all questions of law to the Court for its determination.

54.     Deny the allegations in Paragraph "54" of the Complaint.

55.     Deny the allegations in Paragraph "55" of the Complaint.

56.     Deny the allegations in Paragraph "56" of the Complaint, except admit that Plaintiff purports to seek the relief sought as alleged therein, but deny that such relief is warranted.

57.     Deny the allegations in Paragraph "57" of the Complaint, and refer all questions of law to the Court for its determination.

## COUNT TWO
### Unequal Pay in Violation of The New York Labor Law
### (NYLL § 194)

58.     Repeat and reallege each and every response to Paragraph "1" through Paragraph "57" herein in response to Paragraph "58" of the Complaint.

59.     Deny the allegations in Paragraph "59" of the Complaint, and refer all questions of law to the Court for its determination.

60.     Deny the allegations in Paragraph "60" of the Complaint.

61.     Deny the allegations in Paragraph "61" of the Complaint.

62.     Deny the allegations in Paragraph "62" of the Complaint, and refer all questions of law to the Court for its determination.

## COUNT THREE
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e, *et seq.*)

63.     Repeat and reallege each and every response to Paragraph "1" through Paragraph "62" herein in response to Paragraph "63" of the Complaint.

64.     Deny the allegations in Paragraph "64" of the Complaint, except admit that Plaintiff complained, and her complaint was determined to be unfounded, and refer all questions of law to the Court for its determination.

65.     Deny the allegations in Paragraph "65" of the Complaint.

66.     Deny the allegations in Paragraph "66" of the Complaint.

67.     Deny the allegations in Paragraph "67" of the Complaint, except admit that Plaintiff was notified on or about December 1, 2020 that her employment agreement would not be renewed, and she was given 6 months' notice of termination.

68.     Deny the allegations in Paragraph "68" of the Complaint.

69.     Deny the allegations in Paragraph "69" of the Complaint.

70.     Deny the allegations in Paragraph "70" of the Complaint, and refer all questions of law to the Court for its determination.

## COUNT FOUR
### Retaliation in Violation of the NYSHRL
### (N.Y. Exec. Law § 296)

71.     Repeat and reallege each and every response to Paragraph "1" through Paragraph "70" herein in response to Paragraph "71" of the Complaint.

72.     Refer the Court to the text of NY Executive Law §296(7), cited in Paragraph "72" of the Complaint, for the language therein, and refer all questions of law to the Court for its determination.

73.     Deny the allegations in Paragraph "73" of the Complaint, and refer all question of law to the Court for its determination.

74.     Deny the allegations in Paragraph "74" of the Complaint.

75.     Deny the allegations in Paragraph "75" of the Complaint, except admit that Plaintiff's employment agreement was not renewed.

76.     Deny the allegations in Paragraph "76" of the Complaint.

77.     Deny the allegations in Paragraph "77" of the Complaint.

## COUNT FIVE
### Retaliation in Violation of the NYCHRL
### (N.Y.C. Admin. Code § 8-107(7))

78.    Repeat and reallege each and every response to Paragraph "1" through Paragraph "77" herein in response to Paragraph "78" of the Complaint.

79.    Refer the Court to the text of NY City Administrative Code §8-107(7), cited in Paragraph "79" of the Complaint, and refer all questions of law to the Court for its determination.

80.    Deny the allegations in Paragraph "80" of the Complaint, and refer all questions of law to the Court for its determination.

81.    Deny the allegations in Paragraph "81" of the Complaint.

82.    Deny the allegations in Paragraph "82" of the Complaint.

83.    Deny the allegations in Paragraph "83" of the Complaint.

84.    Deny the allegations in Paragraph "84" of the Complaint.

## PRAYER FOR RELIEF

85.    Deny any and all of the allegations in the Complaint that are not expressly admitted above and further deny that Plaintiff is entitled to any of the requested relief in the Complaint.

## JURY DEMAND

86.    Defendants admit that Plaintiff purports to demand, in the unnumbered Jury Demand in the Complaint, a trial by jury on all issues triable by a jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

87.    Defendants set forth below their affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing

stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89.    Upon information and belief, the claims are barred in whole or in part, to the extent Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

90.    Upon information and belief, Plaintiff failed to mitigate her damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

91.    Laches bars certain of Plaintiff's claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

92.    Any alleged differences in compensation, alleged by Plaintiff to exist are based upon bona fide factors other than sex that bar Plaintiff's compensation claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

93.    Plaintiff was guilty of unclean hands, which bars certain of the relief sought by Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

94.    All of Defendants' actions were taken in good faith and without reckless disregard of Plaintiff's rights.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

95.    At all relevant times Defendants had policies and procedures for the prevention of discrimination in the workplace and Plaintiff negligently failed to utilize them.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

96.    Some or all of Plaintiff's alleged damages may be barred by the doctrine of after acquired evidence of misconduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

97.    Upon information and belief, Plaintiff did not engage in protected activity under the statutes alleged.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

98.    The claims must be dismissed because Defendants exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct in the workplace.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

99.    Upon information and belief, Plaintiff violated the duty of loyalty that she owed to Defendants.  Accordingly, the faithless servant doctrine bars compensation to her from the date of her faithless service.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

126.    Prior to the commencement of Plaintiff's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, Plaintiff failed to properly exhaust administrative remedies.

11

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

100.    Upon information and belief, Plaintiff did not perform equal work with her alleged comparators within the meaning of the Equal Pay Act.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

101.    NYU Langone Health Systems and NYU Langone Hospitals were not Plaintiff's employer and are not proper party defendants.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

102.    Defendants, "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology" "NYU School of Medicine," NYU Grossman School of Medicine," and "NYU Hospitals Center" are not corporate entities amenable to suit and are not proper party defendants.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

103.    To the extent that Plaintiff alleges that she was paid less than men for similar but unequal work, any differences in compensation were based upon factors other than sex.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

104.    To the extent that Plaintiff alleges that she was paid less than men for similar but unequal work, any alleged differences arose from a legitimate factor other than sex.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

105.    Any differences in pay alleged by Plaintiff in her Complaint arose from differences in the quality and quantity of her production.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

106.    To the extent that Plaintiff seeks quadruple damages under the Equal Pay Act under the New York Labor Law ("NYLL") §§ 194, 198, any difference in pay alleged by Plaintiff in the Complaint arose from a legitimate factor other than sex and was not a willful violation of the law.

12

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

107.    The same actor inference bars Plaintiff's discrimination and retaliation claims.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

108.    To the extent that Plaintiff alleges that she was paid less than men on the basis of her sex any alleged differences in pay arose from bona-fide factors other than sex.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

109.    Defendants did not act willfully, with wanton negligence, recklessly, or in a reckless or conscious disregard of Plaintiff's rights. Accordingly, Plaintiff's alleged claim for punitive damages must be denied.

WHEREFORE, Defendants demand judgment dismissing the Complaint together with such other and further relief as the Court deems just and proper.

Dated:  December 22, 2022
        New York, New York

TARTER KRINSKY & DROGIN LLP
*Attorneys for Defendants*

By:    */s/ Richard L. Steer*
        Richard L. Steer
        Tara Toevs Carolan
        Ingrid J. Cardona
        1350 Broadway, 11th Floor
        New York, New York 10018
        Tel (212) 216-8000
        rsteer@tarterkrinsky.com
        tcarolan@tarterkrinsky.com
        icardona@tarterkrinsky.com

13