**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. SARI EDELMAN,

    Plaintiff,

  – against –

NYU LANGONE HEALTH SYSTEM, NYU LANGONE
HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU
LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL
OF MEDICINE, NYU GROSSMAN SCHOOL OF
MEDICINE, NYU HOSPITALS CENTER, ANDREW T.
RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and
JOSHUA SWIRNOW,

    Defendants.

Case No. 1:21-cv-502 (LGS) (GWG)

**PROPOSED JOINT**
**VOIR DIRE**

The parties, having conferred, respectfully submit the following questions to be asked of prospective jurors. Counsel for the parties also jointly respectfully request an opportunity to engage in direct questioning of jurors after questioning by the Court.

I.  **INTRODUCTION**

Our judicial system provides that the parties are entitled to a trial by a fair and impartial jury. I will be asking you certain questions today about your background. The purpose of this process is not to intrude into your privacy, but so that the Court and the parties may ensure that the jurors selected to decide this case will be fair and impartial.

This lawsuit was filed by Dr. Sari Edelman ("Dr. Edelman") against NYU Langone Health System, NYU Langone Hospitals, NYU Grossman School of Medicine, a Division of New York University, NYU Langone Nassau Rheumatology, which I will refer to these entities as "NYU," as well as individual NYU employees Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow, which I will refer to either as the "Individual Defendants" or by their names. I will refer to NYU and the Individual Defendants collectively as the Defendants.

1

Dr. Edelman alleges that NYU, Messrs. Rubin and Swirnow violated the Equal Pay Act and Section 194 of the NY Labor Law [*Plaintiff objects and submits that "New York Equal Pay Act" should be substituted*] by paying her less than similarly situated male physicians.  She also claims that Defendants discriminated against her by making allegedly sexist remarks to her; and that Defendants allegedly [*Plaintiff objects to the inclusion of the word allegedly*] retaliated against her by not renewing her employment contract when it expired allegedly because she filed a complaint with NYU Human Resources against NYU employees Messrs. Antonik and Kaplan.

NYU and Mr. Rubin and Mr. Swirnow deny that they violated the law in connection with Dr. Edelman's pay and allege that legitimate business reasons existed for how Dr. Edelman's compensation was set and for any alleged difference in compensation claimed by Dr. Edelman.

Defendants also deny that any sexists remarks or gestures were made to her.  Defendants also allege that Dr. Edelman's employment contract was not renewed based on concerns about Dr. Edelman's clinical practices that were raised in patient complaints and not because she made a complaint to Human Resources about Mr. Antonik and Mr. Kaplan.

Plaintiff submits that these proffered reasons are merely pretext because these alleged concerns were never brought to her attention, her contract was previously renewed, and her patients admired her for her bedside manner and ability to determine what ailed them. [*Defendants objects to the inclusion of the highlighted statement in the voir dire because there is an issue as to whether Plaintiff was made aware of certain complaints and it also introduces evidence concerning patient statements to which Defendants object and have filed a motion in limine.*]

## II.    QUESTIONS TO THE JURY PANEL

1.   Do any of you have any personal knowledge of the allegations as I have described them?

2.   Do any of you have any opinions regarding this case based on the nature of the allegations that might prevent you from being impartial?

3.   Have you heard anything about this case?

  i)     If so, what did you hear? Where did you hear it? Did you form an opinion of this case based upon what you heard? What was your opinion?

  ii)    Do you have any knowledge concerning any lawsuit brought against Dr. Edelman or any of the defendants, if any?

### A.    Knowledge of Litigants, Counsel or Witnesses

1.    Do any of you, any member of your family, or any of your friends know Dr. Edelman or any members of her family? Have you, any member of your family, or any of your friends ever worked with or for Dr. Edelman or any member of her family? If so, come up to describe the circumstances.

2.    Dr. Edelman is represented by Joseph M. Labuda and Emanuel Kataev from the law firm of Milman Labuda Law Group PLLC. Do any of you, any member of your family, or any of your friends know Robert F. Milman, Richard I. Milman, Joseph Labuda or Emanuel Kataev, or have you consulted, retained, or otherwise had any dealings with the Milman Labuda Law Firm or with attorneys Milman, Labuda, or Kataev? If so, please describe the circumstances.

3.    Have any of you, any member of your family, or any of your friends had any dealings with NYU Langone Health System, NYU Langone Hospitals, NYU Langone Medical Center, NYU Langone Nassau Rheumatology, NYU School Of Medicine, NYU Grossman School

3

Of Medicine, NYU Hospitals Center, Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow?  If so, please describe the circumstances.

4.    Do you or anyone close to you presently work for, or have worked in the past for NYU or applied for a job with NYU?  Please explain.

5.    Do any of you know anyone who works or who has worked for NYU?

6.    Have you had any experiences with NYU? If so, describe the circumstances.

7.    Would that experience render you unable to be fair and impartial in this case?

8.    Do you know what a wRVU is?

9.    Do you see a rheumatologist?

10.    **Plaintiff**: Can you treat NYU, an entity, the Individual Defendants, and Plaintiff as equals under the law giving them each equal treatment during trial? **Defendants:** Can you treat NYU, an entity, and Dr.Edelman as equals under the law giving them both equal treatment during trial?

11.    Defendants NYU, Andrew Rubin, Joshua Swirnow, David Kaplan, and Joseph Antonik are represented by attorneys Richard L. Steer, Justin Chu, Tara Toevs Carolan, and Ingrid J. Cardona, from Tarter Krinsky & Drogin LLP. Do you, or any member of your family, or any of your friends know Messrs. Steer or Chu or Mmes. Carolan or Cardona or anyone at the Tarter Krinsky & Drogin law firm?  If so, please describe the circumstances.

12.    During the trial, representatives and attorneys from NYU may be present at counsel's table or in the courtroom. These include Daniel T. Driesen, Associate General Counsel of NYU.  Do any of you know Mr. Driesen?

13.    Do any of you know Andrew Rubin, David Kaplan, Joseph Antonik or Joshua Swirnow?

4

002528\5\170172754.v1

14.     During the trial of this case, the following people, in addition to the named parties, may be called to testify as witnesses, or you may hear their names mentioned. Do you, any member of your family, or any of your friends know of, or are you related to, any of the following individuals:

Dr. Andrew J. Porges

Miriam Ruiz

Dr. Kavini Mehta

Kathleen Pacina

Dr. Anang Modi

Dr. Avram Goldberg

Bryan Maguire

Rashidat Ogbara

Brian Kim

Patricia Faslowich RN

Dr. Deborah Porges

Claudia Rose

15.     As you look around this room, do any of you recognize any friends or acquaintances among the other potential jurors?

**B.    General Responsibilities and Duties of Jurors**

18.     Do any of you have any difficulty reading or understanding English?

19.     Do any of you have any physical or health-related problems that might interfere with your ability to serve on the jury?

20.     Do any of you have any problems at home or at work that might interfere with your

002528\5\170172754.v1

ability to concentrate on this case during trial or to act impartially as a juror?

21.    As a result of your life experiences, do any of you believe there is anything that would cause you to lean in favor of either party in this case?

22.    Do any of you have any religious, moral, philosophical or other belief that would prevent you from passing judgment on another person?

23.    This trial is expected to last approximately 5-7 days. Is there anything about the length or scheduling of the trial that might interfere with your ability to serve on the jury?

## III.    INDIVIDUAL QUESTIONS FOR EACH JUROR

### A.    Work Background

24.    What is your occupation?

25.    Are you currently employed? If so, where do you work?

26.    If unemployed, how long and under what circumstances did you become unemployed?

27.    If retired, at what age did you retire?

28.    Under what circumstances did you retire? (e.g., voluntary, involuntary, Layoffs) [Plaintiff objects to this question.]

29.    How long have you worked there?

30.    What was your job title?

31.    Have you ever negotiated your pay or salary?

32.    Have you ever owned your own business or medical practice and had employees? If so, please describe the type of business and the number of employees.

33.    Do you now, or have you ever, supervised people? [Plaintiff objects to this question.]

6

      i)      If so, how many people do/did you supervise? [Plaintiff objects to this question.]

34.     Have you ever disciplined an employee? [Plaintiff objects to this question.]

35.     Do you now, or have you ever, had any responsibility for hiring people? [Plaintiff objects to this question.]

36.     Do you now, or have you ever, had any responsibility for promoting people? [Plaintiff objects to this question.]

37.     Were you ever unsuccessful in obtaining a promotion(s) for which you applied?

      i.   If unsuccessful, what if anything did you do when you were not promoted?

38.     Is your spouse or significant other, if any, employed?

      i.   If so, where?

      ii.   What job title?

39.     Has your spouse or significant other ever owned his/her/their own business or medical practice with employees?

40.     Has your spouse or significant other ever supervised people? [Plaintiff objects to this question.]

      i. If so, how many people did s/he/they supervise? [Plaintiff objects to this question.]

41.     Has your spouse or significant other ever disciplined an employee? [Plaintiff objects to this question.]

42.     Does your spouse or significant other have or has s/he/they had any responsibility for hiring people? [Plaintiff objects to this question.]

43.     Has your spouse or significant other ever been unsuccessful in obtaining a

002528\5\170172754.v1

promotion for which they applied?

      i.   If unsuccessful, what if anything did s/he do when they s/he not get the promotion?

44.   Do you have any working children?

      i.     If so, where?

      ii.    What job title?

45.   Are there any other adults who live with you who work? [Plaintiff objects to this question.]

      i.     If so, where do they work? [Plaintiff objects to this question.]

      ii.    What is their job title? [Plaintiff objects to this question.]

46.   Have you ever worked for any governmental agencies or government healthcare facility?

      i.     If so, which ones?

47.   Has your spouse or significant other ever worked for any governmental agency or government healthcare facility?

48.   Have any of your adult children ever worked for any governmental agency or government healthcare facility?

49.   Have you ever had a job in Human Resources? [Plaintiff objects to this question.]

      i.     If so, please describe. [Plaintiff objects to this question.]

50.   Have you ever had a job in medicine or healthcare?

      i.     If so, please describe

**B.**   **Educational Background**

54.   Please describe your educational background.

55.   Do you have any certifications or licenses? [Plaintiff objects to this question.]

8

56. Have you had any special training or taken any courses related to law? [Plaintiff objects to this question.]

57. If so, what training and courses? [Plaintiff objects to this question.]

58. Have you ever had any special training, education, or experience in the field of finance related to the healthcare industry?

59. Have you ever had any special training, education, or experience in the field of medicine or healthcare? [Plaintiff objects to this question.]

60. Have you or anyone close to you even attended New York University or any of its schools such as NYU Grossman Medical School?

61. Have you read or seen any articles in the news media or online concerning New York University, NYU Langone Medical Center, or NYU Grossman School of Medicine? [Plaintiff objects to this question.]

62. Have you had any special training, education, or experience in personnel or human resource matters? [Plaintiff objects to this question.]

    i. If so, what training, education, or experience?

**C.**    **<u>Social Background</u>**

65. Do you belong to any clubs or community organizations?

    i.    If so, which ones? [Plaintiff objects to this question.]

66. Do you have any hobbies? [Defendants objects to this question.]

67. Do you regularly read any magazines related to medicine, finance, human resources, or law?

    i.    If so, which ones?

68. What websites, if any, do you regularly visit? [Plaintiff objects to this question.]

002528\5\170172754.v1

69.　　What social media sites or blogs do you regularly visit? [Plaintiff objects to this question.]

70.　　Are you now or have you ever been a member of Union?  Has your spouse, significant other, or someone close to you been a member of a Union?  Have you, your spouse or significant other or someone close to you been a Union Official? [Plaintiff objects to this question.]

**D.　　Medical Treatment**

71.　　Have you or anyone close to you ever been treated by NYU Langone Health, NYU Langone Medical Center or any medical facility or physician affiliated with NYU?  If so, do you believe you were treated well? [Plaintiff objects to this question.]

**E.　　Attitudes About Discrimination and Work**

72.　　**Plaintiff:** Have you or someone close to you ever filed a lawsuit concerning discrimination or retaliation in the workplace? **Defendants:** Have you or someone close to you ever witnessed or experienced discrimination or retaliation in the workplace?

　　　i.　　If so, please describe the discrimination, harassment or retaliation.

　　　ii.　　**Defendants:** Was any kind of complaint filed? [Plaintiff objects to this question.]

　　　iii.　　**Defendants:** How was the situation handled? [Plaintiff objects to this question.]

　　　iv.　　**Defendants:** What was the outcome? [Plaintiff objects to this question.]

　　　v.　　Would that have any impact on your ability to be fair and impartial in a case involving discrimination and retaliation?

73.　　Have you or someone close to you ever made a complaint of discrimination? If so, please describe the circumstances. If you wish, these circumstances can be explained outside the presence of other prospective jurors. [Plaintiff objects to this question.]

　　　i.　　What was the outcome of that complaint? [Plaintiff objects to this question.]

002528\5\170172754.v1

ii.     Were you, your relative or your friend satisfied with that outcome? Why or why not? [Plaintiff objects to this question.]

iii.    Would that experience affect your ability to render a fair and impartial verdict in this case? [Plaintiff objects to this question.]

74.    Have you or anyone close to you even been treated by a rheumatologist? Were you satisfied with treatment? [Plaintiff objects to this question.]

75.    Have you or anyone close to you been an administrator for a medical practice or hospital or a physician's assistant, Nurse, or nurses aid? [Plaintiff objects to this question.]

76.    Have you, any member of your family, or any of your friends ever been paid less than a member of the opposite sex, denied a position or promotion, demoted, transferred, discharged, or laid off from any job for a reason that you or they considered to be discriminatory? If so, please describe the circumstances. If you wish, these circumstances can be explained outside the presence of the other prospective jurors. [Plaintiff objects to this question.]

i.      Would that experience affect your ability to render a fair and impartial verdict in this case? [Plaintiff objects to this question.]

77.    Have you or someone close to you ever sued an employer or filed a grievance against an employer? [Plaintiff objects to this question.]

i.      If so, in what court, agency or other forum? [Plaintiff objects to this question.]

ii.     What was the basis of the lawsuit or grievance? [Plaintiff objects to this question.]

iii.    What was the outcome? [Plaintiff objects to this question.]

iv.     Were you/they satisfied with the outcome? Why or why not? [Plaintiff objects to this question.]

v.      Would that have any impact on your ability to be fair and impartial in a case

11

involving a suit against an employer? [Plaintiff objects to this question.]

78. Have you or someone close to you ever been accused of discrimination or retaliation in the workplace, either by a complaint within the employing company, through an administrative agency, or in a lawsuit? [Plaintiff objects to this question.]

    i. If so, please describe the complaint. [Plaintiff objects to this question.]

    ii. How was the complaint handled, if at all, by the employer? [Plaintiff objects to this question.]

    iii. What was the outcome? [Plaintiff objects to this question.]

    iv. Were you/they satisfied with the outcome? Why or why not? [Plaintiff objects to this question.]

    v. Would that have any impact on your ability to be fair and impartial in a case involving a suit involving claims of discrimination and retaliation against an employer? [Plaintiff objects to this question.]

79. Have you or someone close to you ever had a grievance filed against you in connection with your work? [Plaintiff objects to this question.]

    i. What was the nature of the claims in the grievance? [Plaintiff objects to this question.]

    ii. What was the outcome? [Plaintiff objects to this question.]

    ii. Were you/they satisfied with the outcome? Why or why not? [Plaintiff objects to this question.]

    iii. Would that have any impact on your ability to be fair and impartial in a case involving a suit against an employer? [Plaintiff objects to this question.]

002528\5\170172754.v1

**F.**  **Prior Civil Litigation Experience**

80.    Have you or any member of your family <mark>or someone close</mark> to you ever been a party to a lawsuit?  [Plaintiff objects to the highlighted section.]

      i.    If so, were you suing or being sued? Describe the case.

      ii.    Who was the other party? [Plaintiff objects to this question.]

      iii.    Did you testify or otherwise participate? [Plaintiff objects to this question.]

      iv.    Was the matter resolved? [Plaintiff objects to this question.]

      v.    If so, how long ago did this happen? [Plaintiff objects to this question.]

      vi.    Did the matter go to a jury? [Plaintiff objects to this question.]

      vi.    What was the outcome? [Plaintiff objects to this question.]

81.    Have you, your spouse, any member of your family or friends, ever sued or seriously considered suing an employer? If so, please state the circumstances surrounding the matter, including the name of the employer, the nature of the problem, when this occurred, and why the person ultimately decided not to sue?  [Plaintiff objects to this question.]

      i.    Would such experience affect your ability to be an impartial juror in this case? [Plaintiff objects to this question.]

82.    Do you believe that because a Dr. Edelman started a lawsuit there must be some merit to her allegations? [Plaintiff objects to this question.]

83.    Will you be able to follow the legal instructions given to you by the Court regardless of your personal feelings as to what the law should be?

84.    I don't know if this case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the internet, or listening to any radio or television reports, or podcasts concerning the case,

002528\5\170172754.v1

until after it is over? If not, please raise your hand.

85.    Do you understand that, if chosen as a juror, you have to decide this case based on the legal instructions given to you by the Court and the facts as the jury finds them from the evidence presented in this courtroom without regard to any sympathy you may feel for Dr. Edelman or the Defendants? [Plaintiff objects to this question.]

86.    If selected as a juror, I will instruct you that Dr. Edelman has the burden to prove her case. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand. [Plaintiff objects to this question.]

87.    In general, would you, at the beginning of this trial, start out with any feelings favoring or disfavoring Dr. Edelman 's case or Defendants' case? [Plaintiff objects to this question.]

88.    Is there anything else about you that you think the Court would want to know about you or your life experience in relation to you being a juror in this case? [Plaintiff objects to this question.]

## G.    Miscellaneous Matters

93.    Is there anything else that has not been raised today that would prevent you from sitting as a fair and impartial juror in this matter? [Plaintiff objects to this question.]

Dated: March 30, 2023
       New York, New York

**APPROVED AS TO FORM AND SUBSTANCE**

**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Dr. Edelman*

By:  /s/ Emanuel Kataev
    Joseph M. Labuda
    Emanuel Kataev
    3000 Marcus Avenue, Suite 3W8
    Lake Success, NY 11042-1073
    (516) 328-8899

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By:  /s/ Richard L. Steer
    Richard L. Steer
    Justin Chu
    Ingrid J. Cardona
    1350 Broadway, 11th Floor
    New York, NY 10018

14

joe@mllaborlaw.com                              (212) 216-8000
emanuel@mllaborlaw.com                          rsteer@tarterkrinsky.com
                                                jchu@tarterkrinsky.com
                                                icardona@tarterkrinsky.com

---

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

002528\5\170172754.v1