**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. SARI EDELMAN,<br><br>     Dr. Edelman,<br><br>     – against –<br><br>NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,<br><br>     Defendants. | Case No. 1:21-cv-502 (LGS) (GWG)<br><br>**PROPOSED JOINT**<br>**VERDICT SHEET** |

Dr. Sari Edelman ("Dr. Edelman") and NYU Langone Health System, NYU Langone Hospitals, and NYU Grossman School of Medicine, a Division of New York University, f/k/a "NYU Hospitals Center" s/h/a "NYU Langone Medical Center," "NYU Langone Nassau Rheumatology," "NYU School of Medicine," "NYU Grossman School of Medicine," and "NYU Hospitals Center;" and Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow (collectively, "Defendants" and together with the Dr. Edelman, the "Parties"), through their undersigned counsel of record, agree to the following Verdict Sheet:

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions:

## I.    Liability[1]

A.    <u>Gender Discrimination under New York City Law</u>

1.    Has Dr. Edelman proved by a preponderance of the evidence that Defendants intentionally discriminated against her because of her gender by making sexist remarks?

---

[1] Plaintiff objects to the order of the claims; she respectfully submits that her Equal Pay Act claims should be first, her retaliation claims second, and the discrimination claim under the NYCHRL third.

YES: _____  NO:_____

*Please proceed to question I.B.1.*

    B.    <u>Retaliation Claim under the New York State Human Rights Law and the New York City Human Rights Law against all Defendants</u>

    1.    Has Dr. Edelman proved by a preponderance of the evidence that she reasonably believed that the way Messrs. Kaplan and Mr. Antonik spoke to her and made certain gestures, about which she complained, were made because of her <mark>gender or sex</mark>[2] and constituted unlawful discrimination?

YES: _____  NO:_____

    2.    Has Dr. Edelman proved by a preponderance of the evidence that she complained in good faith to NYU's Human Renounces representative about Mr. Kaplan's and Mr. Antonik's alleged conduct?

YES: _____  NO:_____

    3.    Has Dr. Edelman proved by a preponderance of the evidence that she engaged in protected conduct under the New York City Human Rights Law?

YES: _____  NO:_____

    4.    Has Dr. Edelman proved by a preponderance of the evidence that Defendants, NYU and Messrs. Rubin, Swirnow, Kaplan, and Antonik, committed an adverse act against her because of her protected conduct?

YES: _____  NO:_____

    5.    Has Dr. Edelman proved by a preponderance of the evidence that her protected conduct was a but-for cause for the alleged adverse act committed against her?

YES: _____  NO:_____

*If you have answered "No" to any of the questions in I.A., please proceed directly to Section II (Damages). If you have answer "Yes" to all of the questions in I.A., please proceed to I.B.*

---

[2] Defendants object to the use of the term "gender or sex" because it may confuse the Jury as to whether there are two separate violations. Defendants respectfully submit that the term "because of her sex" should be used uniformly throughout.

C.    Retaliation Claim under Title VII against NYU

1.    Has Dr. Edelman proved by a preponderance of the evidence that she reasonably believed that the way Messrs. Kaplan and Antonik spoke to her and made certain gestures, about which she complained, were made because of her ==gender or sex==[3] and constituted unlawful discrimination?

YES: _____    NO:_____

2.    Has Dr. Edelman proved by a preponderance of the evidence that she complained in good faith to NYU's Human Renounces representative about Mr. Kaplan's and Mr. Antonik's alleged conduct?

YES: _____    NO:_____

3.    Has Dr. Edelman proved by a preponderance of the evidence that she engaged in protected conduct under Title VII?  [Plaintiff objects to this question.]

YES: _____    NO:_____

4.    Has Dr. Edelman proved by a preponderance of the evidence that Defendant NYU committed an adverse act against her because of her protected conduct under Title VII?

YES: _____    NO:_____

5.    Has Dr. Edelman proved by a preponderance of the evidence that her protected conduct was a but for cause for the alleged adverse act committed against her? [Plaintiff objects to this question.]

YES: _____    NO:_____

*If you have answered "No" to any of the questions in I.B., please proceed directly to Section II (Damages).*

D.    Equal Pay Act

1.    Has Dr. Edelman proved by a preponderance of the evidence that NYU employed her and Dr. Goldberg in a job requiring substantially equal skill, effort, and responsibility?

YES: _____    NO:_____

---

[3] Defendants object to the use of the term "gender or sex" because it may confuse the Jury as to whether there are two separate violations. Defendants respectfully submit that the term "because of her sex" should be used uniformly throughout. Plaintiff submits that it is appropriate to use the term "gender or sex" with an appropriate instruction to the jury that it constitutes one claim to eliminate any potential for confusion to the jury.

2.      Has Dr. Edelman proved by a preponderance of the evidence that NYU employed her and Dr. Porges in a job requiring substantially equal skill, effort, and responsibility?

YES: _____ NO:_____

3.      Has Dr. Edelman proved by a preponderance of the evidence that NYU employed her and Dr. Modi in a job requiring substantially equal skill, effort, and responsibility?

YES: _____ NO:_____

4.      Has Dr. Edelman proved by a preponderance of the evidence that the jobs were performed under similar working conditions?

YES: _____ NO:_____

5.      Has Dr. Edelman proved by a preponderance of the evidence that she was paid lower compensation than Dr. Goldberg for doing substantially equal work?

YES: _____ NO:_____

6.      Has Dr. Edelman proved by a preponderance of the evidence that she was paid lower compensation than Dr. Porges for doing substantially equal work?

YES: _____ NO:_____

7.      Has Dr. Edelman proved by a preponderance of the evidence that she was paid lower compensation than Dr. Modi for doing substantially equal work?

YES: _____ NO:_____

8.      **Plaintiffs' question:** Have Defendants proved by a preponderance of the evidence that the difference in pay between Dr. Edelman and other male doctors were based on factors other than sex?

**Defendants' question**: Have Defendants proved by a preponderance of the evidence that any difference in pay that Dr. Edelman may have proved existed were based on factors other than sex?

YES: _____ NO:_____

E.    Unequal pay under N.Y. Labor Law Section 194[4]

1.    Has Plaintiff, Dr. Edelman, proved by a preponderance of the evidence that NYU paid Dr. Edelman less than Drs. Goldberg, Porges, or Modi for performing equal work under similar working conditions?

a.  Dr. Goldberg:   YES: _____   NO:_____
b.  Dr. Porges:      YES: _____   NO:_____
c.  Dr. Modi:        YES: _____   NO:_____

*If your answer is "No" to the persons in question I.A.1., please proceed to question I.B.1 without answering question I.A.2.  If your answer is "Yes" to any person in question I.A.1, please proceed to question I.A.2 only as to the persons for whom you answered "Yes".*

2.    Have Defendants, NYU and Messrs. Rubin and Swirnow, proved by a preponderance of the evidence that the differential in pay between Dr. Edelman and Drs. Goldberg, Porges, and Modi was the result of a bona fide factor other than sex?

YES: _____   NO:_____

*If your answer is "No" as to either person in question I.A.2., please proceed to question I.A.3. If your answer is "Yes" to any person in question I.A.2., please proceed to question I.B.1 without answering question I.A.3.*

3.    Have Defendants, NYU and Messrs. Rubin and Swirnow, proved by a preponderance of the evidence that NYU had a good faith basis to believe that its underpayment, as found above, was in compliance with the law?

YES: _____   NO:_____

*If your answer is "No" to question I.A.3., please proceed to question I.A.4. If your answer is "Yes" to question I.A.3., please proceed to question I.B.1 without answering question I.A.4.*

---

[4] Dr. Edelman would prefer use to New York Labor Equal Pay Act and define it as New York Equal Pay Act. However, Defendants object to the global reference proposed by Dr. Edelman to utilize references to the "New York Equal Pay," rather than New York Labor Law § 194. "New York Equal Pay" is a commonly used shorthand among attorneys and the court, but the New York State legislature does not refer to it this way, and it could potentially bias a jury.

4. **Plaintiff's question**: Has Dr. Edelman proved by a preponderance of the evidence that NYU and Messrs. Rubin and Swirnow underpayment as found above was willful?

**Defendants' question**: Has Dr. Edelman proved by a preponderance of the evidence that NYU's underpayment as found above was willful? *(Defendants object to Plaintiff's question above because the individual defendants do not make payments.)*

YES: _____ NO:_____

*Please proceed to question I.B.1.*

## II.    Damages:

A.    **Defendants' question:** Please note the following:

Dr. Edelman cannot recover more than once for the same injury.

Thus, for example, if you were to find that Dr. Edelman was paid unlawfully less than men under the Equal Pay Act and that she was also paid less than men in violation of New York Labor Law Section 194, Dr. Edelman can only recover once for that alleged lower payment.

Likewise, if you were to find that Dr. Edelman proved damages based on alleged retaliation, she could only recover once for retaliation even if the alleged retaliatory conducted violated Title VII, New York State Human Rights Law, and the New York City Human Rights Law.

Also, if you find that Dr. Edelman proved her alleged retaliation claims based on the Defendants' conduct, she would still be entitled to only a single award of damages for the alleged retaliation of all the Defendants. For example, if you were to find that all of the Defendants retaliated against Dr. Edelman, she could only be given a single award of damages for the retaliation by all of them.  *(Plaintiff objects to this question on the grounds that it is not a question.)*

B.    Gender Discrimination under New York City Law

1.    **Plaintiff's question #1:** If you found that Dr. Edelman proved by a preponderance of the evidence that Defendants intentionally discriminated against her because of her gender by making sexist remarks, then what amount of damages should Dr. Edelman be awarded?

_____

1.    **Defendants' question #1**: Has Dr. Edelman proved by a preponderance of the evidence that she suffered monetary damages because allegedly sexist remarks were made to her?

YES: _____ NO:_____

2.      **Defendants' question #2:** If your answer to II.A.1. is "YES" then what amount of damages should Dr. Edelman be awarded?

_____

C.      <u>Retaliation Claim under Title VII, New York State Human Rights Law, and New York City Human Rights Law</u>

1.      **Plaintiff's question #1:** If you found that Dr. Edelman proved by a preponderance of the evidence that she reasonably believed that the way Messrs. Kaplan and Antonik spoke to her, about which she complained, were made because of her gender and constituted unlawful discrimination, what amount of damages should Dr. Edelman be awarded? *(Defendants object to Plaintiff's question because it is contrary to the Court's Order (Dkt. #155), which solely allowed a claim for **discrimination** based on allegedly sexist remarks. It did not provide for a claim of retaliation based on sexist remarks, which would have a different burden of proof. Plaintiff disputes Defendants' contention as her federal, state, and local law retaliation claims survived summary judgment.)*

Back-pay: _____

Front-pay: _____

Compensatory Damages: _____

Emotional   Distress   Damages:   _____
*(Defendants also object to Plaintiff's separation of emotional distress from compensatory damages as they are part of the same damages and could arguably lead to duplicative damages.)*

1.      **Defendants' question #1:** Has Dr. Edelman proved by a preponderance of the evidence that she suffered monetary damages because of alleged retaliation for complaining to Human Resource about alleged discrimination?

YES: _____   NO:_____

2.      **Defendants' question #2:** If your answer to II.B.1. is "YES" then what amount of damages should Dr. Edelman be awarded?

Back-pay: _____

Front-pay: _____

Compensatory Damages: _____

D.    <u>Unequal pay under the Equal Pay Act</u>

1.    Has Dr. Edelman proved by a preponderance of the evidence that she was paid less than similarly situated men for substantially equal work?

YES: _____ NO:_____

2.    If your answer to II.C.1 is "YES" then which of the following male physicians, if any, was a proper comparator with Dr. Edelman?

Dr. Goldberg:  YES: _____  NO:_____
Dr. Porges:     YES: _____  NO:_____
Dr. Modi:       YES: _____  NO:_____

3.    **Plaintiff's question #3:**  If your answer to any of the questions in II.C.2 was "YES" then how much less was Dr. Edelman paid?

**Defendants' question #3:** If your answer to any of the questions in II.C.2 was "YES" then how much less was Dr. Edelman paid? Please note that Dr. Edelman may only receive the difference in pay for a single comparator.  The different amounts that you may determine for each comparator, if any, must not be added together.

Dr. Goldberg: _____

Dr. Porges: _____

Dr. Modi: _____

4.    Did you find that the difference in pay complained of by Dr. Edelman was a willful violation of the statute?

YES: _____ NO:_____

5.    **Defendants' question #5:** If you found that the difference in pay <u>was not</u> due to a willful violation of the statute you <u>may not</u> award Dr. Edelman any liquidated damages. However, if you find that the difference in pay complained of by Dr. Edelman arose from a willful violation, then you may award her liquidated damages in the amount equal to double the difference in pay. What amount, if any, would you award Dr. Edelman?  *(Plaintiff objects to this question.)*

Liquidated damages_____

E.    Unequal pay under N.Y. Labor Law Section 194

1.    How much, if any, damages are attributable to NYU's underpayment in violation of Labor Law Section 194?

_____

2.    **Defendants' question #2:** If Defendants did not prove that the alleged unequal pay to Dr. Edelman were made in good faith, then you may award Dr. Edelman liquidated damages in the amount of the unequal payment. What amount, if any, would you award Dr. Edelman? *(Plaintiff objects to this question.)*

Liquidated damages_____

3.    Did Dr. Edelman prove by a preponderance of the evidence that the failure to pay her equal pay with male physicians was a willful violation of the statue?

YES: _____ NO:_____

4.    **Defendants' question #2:** If you found that the difference in pay was not due to a willful violation of the statute you may not award Dr. Edelman liquidated damages in the amount of three times the alleged difference in pay. However, if you find that the difference in pay complained of by Dr. Edelman arose from a willful violation, then you may award her liquidated damages in the amount equal to three times the difference in pay. What amount, if any, would you award Dr. Edelman? *(Plaintiff objects to this question.)*

Liquidated damages_____

F.    Punitive Damages

1.    Has Dr. Edelman proved by a preponderance of the evidence that NYU should be subjected to punitive damages under New York City Human Rights Law?

YES: _____ NO:_____

2.    If you found that punitive damages should be awarded, what amount of punitive damages should be awarded, if any?

_____

*Please have the foreperson sign and date this Verdict Sheet and advise the Court by note that you have reached a verdict.*

Dated: _____, 2023

New York, New York

Signed:

_____
                FOREPERSON

Dated:  March 30, 2023
            New York, New York

**APPROVED AS TO FORM AND SUBSTANCE**

| | |
|---|---|
| **MILMAN LABUDA LAW GROUP PLLC** | **TARTER KRINSKY & DROGIN LLP** |
| *Attorneys for Dr. Edelman* | *Attorneys for Defendants* |

By:   */s/ Emanuel Kataev*                    By:   */s/ Richard L. Steer*

   Joseph M. Labuda                               Richard L. Steer
   Emanuel Kataev                                 Justin Chu
   3000 Marcus Avenue, Suite 3W8                  Ingrid J. Cardona
   Lake Success, NY 11042-1073                    1350 Broadway, 11th Floor
   (516) 328-8899                                 New York, NY 10018
   joe@mllaborlaw.com                             (212) 216-8000
   emanuel@mllaborlaw.com                         rsteer@tarterkrinsky.com
                                                  jchu@tarterkrinsky.com
                                                  icardona@tarterkrinsky.com

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

002528\5\170172752.v1