**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. SARI EDELMAN,

                    Plaintiff,

        – against –

NYU LANGONE HEALTH SYSTEM, NYU
LANGONE HOSPITALS, NYU LANGONE
MEDICAL CENTER, NYU LANGONE NASSAU
RHEUMATOLOGY, NYU SCHOOL OF MEDICINE,
NYU GROSSMAN SCHOOL OF MEDICINE, NYU
HOSPITALS CENTER, ANDREW T. RUBIN,
DAVID KAPLAN, JOSEPH ANTONIK, and
JOSHUA SWIRNOW,

                    Defendants.

Case No.: 1:21-cv-502 (LGS)(GWG)

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S PRE-TRIAL MEMORANDUM OF LAW**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

The Burden of Proof ...................................................................................................1

Good Faith ...................................................................................................................2

Willfulness ..................................................................................................................3

Punitive Damages ......................................................................................................4

Standard of Proof .......................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Branen*,
  17 F.3d 552 (2d Cir.1994)...................................................................................5

*Barfield v. New York City Health Corp.*,
  537 F.3d 132 (2d Cir. 2008)............................................................................2, 6

*Cameron v. City of New York*,
  598 F.3d 50 (2d Cir. 2010)..................................................................................5

*Fisher v. Vassar College*,
  114 F.3d 1332 (2d Cir.1997) (*en banc*) ............................................................5

*Herman & McClean v. Huddleston*,
  495 U.S. 375 (1983)............................................................................................5

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999)............................................................................2, 6

*Hodgson v. Corning Glass Works*,
  474 F.2d 226 (2d Cir. 1973)................................................................................1

*Inclan v. New York Hospital*,
  95 F.Supp.3d 490 (S.D.N.Y. 2015) ....................................................................1

*Kolstad v. American Dental Ass'n.*,
  527 U.S. 526 (1999)............................................................................................4

*Mazzella v. RCA Global Comm., Inc.*,
  642 F.Supp. 1531 (S.D.N.Y. 1986), *aff'd.* 815 F.2d 653 (2d Cir. 1987)..................................1

*McLaughlin v. Richland Shoe Co.*,
  486 U.S. 128 (1988)............................................................................................3

*Perdue v. City University of New York*,
  13 F.3d 326 (S.D.N.Y. 1998)..............................................................................3

*Pollis v. New School of Social Research*,
  132 F.3d 115 (2d Cir. 1997)................................................................................2

*Reich v. S. New England Telecomm. Corp.*,
  121 F.3d 58 (2d Cir. 1997)...............................................................................2, 6

*Rikhyv. AMC Computer Corp.*
    *95 Fed.Appx. 388, 289 (2d Cir. 2004)* ....................................................................5

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985)..............................................................................................3

**Statutes**

29 U.S.C. 255......................................................................................................................3

Equal Pay Act ..................................................................................................................3,4

FLSA................................................................................................................................2, 4

New York Labor Law 198(1-a) ..........................................................................................3

Plaintiff would have the Court believe that a pay difference between a woman and a man is an automatic violation of the federal and New York equal pay acts and that the broad "factor other than sex" defense does not exist in the statutes and has no effect.  Plaintiff would also have the Court believe that a defendant could never meet the "good faith" standard but a plaintiff, on the other hand, could easily meet the "willful" standard as a matter of course.   These contentions are not supported by the law and their illogic is self-evident.

**<u>The Burden of Proof</u>** – Plaintiff must prove that her pay is different from a male rheumatologist who is a proper comparator, instead of simply relying on the pay difference and conclude that a violation of the statutes has occurred.  In this regard, Plaintiff bears the burden of proof to show that each of the rheumatologists who are higher paid is a proper comparator, instead of simply concluding that they are all proper comparators.

If Plaintiff is able to meet the burden of proof that she is paid less than a proper comparator, Defendants may disprove a violation by showing that the difference in pay is because of a "factor other than sex" or some other exceptions provided in the statutes.  As expressly declared by the Congress, the "factor other than sex" exclusion is a "broad general exception" which, if proven, is a complete defense to conduct that would otherwise violate the statute.  *Hodgson v. Corning Glass Works*, 474 F.2d 226, 232 (2d Cir. 1973); *Mazzella v. RCA Global Comm., Inc.*, 642 F.Supp. 1531, 1551 (S.D.N.Y. 1986), *aff'd*. 815 F.2d 653 (2d Cir. 1987).[1]  In the interest of brevity, Defendants respectfully refer the Court to their Pre-Trial Memorandum of Law for a fuller discussion of the significance and application of the "factor other than sex" statutory exception to the facts in this action.  Dkt. # 191.

---

[1] Courts have analyzed both the Federal and New York statutes in the same manner.  *Inclan v. New York Hospital*, 95 F.Supp.3d 490, 505 (S.D.N.Y. 2015).  Plaintiff has repeatedly submitted to the Court that the analyses under the EPA and NYLL are the same. See, e.g., Dkt. # 195 at 8.

**Good Faith** – As regarding "good faith" and Plaintiff's potential entitlement to liquidated damages if she proves a violation of the statutes, Defendants have the rights to prove that such a violation was made in good faith and avoid liquidated damages.  In the context of wage and hour disputes, the Second Circuit has held that an employer must prove that it "acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA" and that "an employer must show that it took 'active steps' to ascertain the dictates of the FLSA and then act to comply with them."  *See, e.g., Barfield v. New York City Health Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 142 (2d Cir. 1999); *Reich v. S. New England Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997).  Since those cases involved wage and hour issues governed by detailed regulations such as meal breaks as in *Reich*, minimum wage payment as in *Herman*, and overtime payment as in *Barfield*, the application of this "good faith" standard appeared straightforward.

Here, it is not at all clear that this standard is appropriate and, assuming that it is, how it would be applied because the individuals being compared are highly trained professionals and executives whose compensation is not reducible to hours worked.  Rather, the setting of their compensation involved the exercise of judgment concerning their credentials, prior experience, their ability to help build a start-up medical practice, other leadership and business qualities, as well as other factors not involving sex.  Unlike the straightforward determination of overtime pay, meal breaks and the like, the determination of Plaintiff's compensation and her alleged comparators depended on Defendants' business judgment in the consideration these multi-varied non-sex based factors.  The considerations and reliance of these factors are some of the active steps Defendants have taken to comply with the law, and thus constitute good faith. *See, e.g., Pollis v. New School of Social Research*, 132 F.3d 115, 122 (2d Cir. 1997) (finding that plaintiff female

professor was not comparable to certain male professors because "she offered no suggestion that she was considered one of the most renowned members of the New School faculty or enjoyed a reputation akin to that of Bruner [male] or Heilbroner [male]. Bruner and Schlesinger [male], furthermore, were major grant recipients and thus represented important sources of funding for the New School.  Pollis [plaintiff] had no such economic importance to the School").

**Willfulness** – A plaintiff may recover damages for a period of three years under the Equal Pay Act ("EPA") and recover additional liquidated damages under New York Labor Law 198(1-a) if she proves that the employer's violation of the statute was "willful."  By their plain terms, the statutes require the plaintiff to carry the burden of proof of a willful violation.  29 U.S.C. 255 (claim "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"); NYLL 198(1-a) ("liquidated damages may be up to three hundred percent of the total amount of wages found to be due for a willful violation").  *Perdue v. City University of New York*, 13 F.3d 326, 333 (S.D.N.Y. 1998).

In order to prove a willful violation of the EPA, a plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126 (1985).  The Supreme Court explained that this standard is consistent with the clear intent of Congress when it established the two-tiered statute of limitations "to draw a significant distinction between ordinary violations and willful violations."  *McLaughlin*, 486 U.S. at 134.

3

Importantly, in adopting this standard, the Supreme Court expressly rejected a standard that merely required the knowledge of the existence of a statute for a violation to be willful. *Id.*:

> It is equally obvious to us that the *Jiffy June* standard of willfulness—a standard that merely requires that an employer knew that the FLSA "was in the picture"—virtually obliterates any distinction between willful and nonwillful violations. As we said, "it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability." (quoting *Thurston*, 111 U.S at 128)

Similarly, NYLL 198(1-a) also draws a two-tiered level of liquidated damages and makes clear that willful violation must be proven for the award of the higher tiered liquidated damages. The dictates of the Supreme Court therefore apply equally in analyzing the willfulness standard under NYLL 198(1-a).[2]

Plaintiff, however, seeks to lead the Court astray and asks the Court to ignore these Supreme Court precedents and adopt a standard that is contrary to the clear statements of the Supreme Court.

**Punitive Damages** – According to the Supreme Court: "Punitive damages are limited, however, to cases in which the employer has engaged in intentional discrimination and has done so "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. American Dental Ass'n.*, 527 U.S. 526, 529 (1999). Accordingly, "a positive element of conscious wrongdoing is always required" to award punitive damages. *Id.* at 538. Here, this Court has already determined at summary judgment that Plaintiff failed to adduce any evidence showing a trial issue of fact that Defendants' conduct was motivated by discrimination. Dkt. $ # 155 at 17-20, 28. Nor is there any evidence that Defendants acted with

---

[2] In this regard, Plaintiff has repeatedly submitted to the Court that the analyses under the EPA and NYLL are the same. See, e.g., Dkt. # 195 at 8.

4

reckless disregard of Plaintiff's rights.  Plaintiff therefore cannot prove, as a matter of law, the "positive element of conscious wrongdoing" that is "always required" for the award of damages. Moreover, since there is no evidence to support a punitive damages award, the Court should not charge the jury with any instructions on the issue of punitive damages.  *Cameron v. City of New York*, 598 F.3d 50, 69 (2d Cir. 2010) (to warrant an instruction, the party must "show is that there is some evidence supporting the theory behind the instruction so that a question of fact may be presented to the jury"); *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994) (same).[3]

**Standard of Proof** – The standard of proof in a civil action is generally the preponderance of the evidence.  *Herman & McClean v. Huddleston*, 495 U.S. 375, 390 (1983) ("the preponderance-of-the-evidence standard [is] generally applicable in civil actions"); *Rikhyv. AMC Computer Corp.*, 95 Fed.Appx. 388, 389 (2d Cir. 2004) (applying standard on summary judgment in an employment discrimination case, stating: "the question becomes the same question asked in any other civil case: Has the plaintiff shown, by a preponderance of the evidence, that the defendant is liable for the alleged conduct?"); *Fisher v. Vassar College*,  114 F.3d 1332, 1336 (2d Cir.1997) (*en banc*) (same).  The same standard, of course, applies to both the plaintiff and the defendant in a civil action.

Plaintiff, however, contends that Defendants are subject to a different standard of proof, which standard is higher than hers.  For example, Plaintiff contends that Defendants bear a "heavy" burden to prove good faith.  Dkt. 195 at 9.  Plaintiff does not point to any language in the statutes for this alleged and amorphous "heavy" burden of proof the Defendants must carry.   Instead, Plaintiff cites cases that were describing standards for a court in deciding as a matter of law at

---

[3] For further discussions on the effect of the Court's determination at summary judgment, Defendants respectfully refer the Court to their Pre-Trial Memorandum of Law.  Dkt. 191.

summary judgment or post rial, rather than a standard of proof for a finder of fact to apply.  *See, e.g., Barfield*, 537 F.3d at 142 (summary judgment); *Herman*, 172 F.3d 142 (post trial); *Reich*, 121 F.3d at 71 (post trial).  Thus, whatever the correct standard is for a determination by the court as a matter of law, the standard of proof for the jury to apply remains preponderance of the evidence. In any event, Plaintiff has not articulated a reason, let alone one based on the law, why Defendants bear a higher burden of proof than she does and be afforded less protection under the law.

Dated: April 7, 2023

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

*s/Richard L. Steer*

By:_____

Richard L. Steer
Justin Chu
Ingrid J. Cardona
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rsteer@tarterkrinsky.com
jchu@tarterkrinsky.com
icardona@tarterkrinsky.com

`