UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DR. SARI EDELMAN,

                                                 **Case No.:** 1:21-cv-502 (LGS) (GWG)

                Plaintiff,

    -against-

NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,

                Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRETRIAL MEMORANDUM OF LAW**

                                          **MILMAN LABUDA LAW GROUP PLLC**
                                          Joseph M. Labuda, Esq.
                                          Emanuel Kataev, Esq.
                                          3000 Marcus Avenue, Suite 3W8
                                          Lake Success, NY 11042-1073
                                          (516) 328-8899 (office)
                                          (516) 328-0082 (facsimile)
                                          joe@mllaborlaw.com
                                          emanuel@mllaborlaw.com

                                          *Attorneys for Plaintiff*
                                          *Dr. Sari Edelman*

I. **PRELIMINARY STATEMENT**

Plaintiff Dr. Sari Edelman (hereinafter "Plaintiff") respectfully submits this response to Defendants' pretrial memorandum of law pursuant to ¶ IV(B)(4) of this Court's Individual Rules and Procedures for Civil Cases to address issues that are likely to arise during the trial.

Defendants argue that the catch-all "factor other than sex" exception is "broad," but they fail to address *how* the alleged factors other than sex they cite to were applied in a non-discriminatory way to differentiate Plaintiff from the male rheumatologists performed the same work but earned more than she did. Moreover, even if the Defendants present evidence of factors other than sex, Plaintiff is entitled to challenge this evidence as pretextual by demonstrating that Defendants did not use any such factor reasonably in light of the employer's stated purpose as well as its other practices.

II. **THE "FACTOR OTHER THAN SEX" IS NO PANACEA FOR DEFENDANTS**

An employer seeking to rely on the "factor other than sex defense [ ] ... must ... demonstrate that it had a legitimate business reason for implementing the gender-neutral factor that brought about the wage differential." See Virgona v. Tufenkian Import-Export Ventures, Inc., 05-CIV.-10856 (GEL), 2008 WL 4356219, at *10 (S.D.N.Y. Sept. 23, 2008) (citing Belfi v. Prendergast, 191 F.3d 129, 136 (2d Cir. 1999)); see also Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 526 (2d Cir.1992).

"This limitation prevents the employer from relying on a compensation differential that is merely a pretext for sex discrimination-e.g., determining salaries on the basis of an employee's height or weight, when those factors have no relevance to the job at issue." See Engelmann v. Nat'l Broadcasting Co., Inc., No. 94-CIV.-5616, 1996 WL 76107, at * 7 (S.D.N.Y. Feb. 22, 1996).

The Court in Butler v. New York Health & Racquet Club demonstrates how to scrutinize alleged factors "other than sex" in its analysis of the smorgasbord of differences the defendants there cited to support their defense on the catch-all factor:

> [Defendants] have not cited any specific differences which would explain why [Plaintiff, a female,] was paid less than the thirteen male [employees]. Instead, the Defendants simply rely on a set of amorphous factors allegedly used to determine [employee] pay rates, "including the length of the class, the kind of class, popularity of the class, the instructor's enthusiasm and attitude, member comments, and similar factors." … Although such factors could potentially rebut a *prima facie* showing of an EPA violation, the <u>Defendants have utterly failed to explain, except in the most conclusory terms, *how* these criteria were applied in a non-discriminatory way to differentiate [Plaintiff] from the male [employees] who earned more than she did</u>.

See 768 F. Supp. 2d 516, 531 (S.D.N.Y. 2011) (emphasis added). As such, establishing that a factor "other than sex," alone, is inadequate; Defendants must also demonstrate that they uniformly applied this factor in a non-discriminatory manner so as to differentiate Dr. Edelman from the male rheumatologists that worked alongside her.

Even assuming Defendants advance proof that any pay disparity is justified, Plaintiff may nonetheless counter their defense by coming forward with evidence showing that the proffered justification is a pretext for sex discrimination. See Virgona, 2008 WL 4356219, at *7 (citing Belfi, 191 F.3d at 136). Crucially, in assessing whether a plaintiff has demonstrated pretext, "[t]he appropriate inquiry ... is whether the employer has 'use[d] the factor reasonably in light of the employer's stated purpose as well as its other practices.'" See Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 526 (2d Cir.1992) (second alteration in original) (quoting Maxwell v. City of Tucson. 803 F.2d 444, 446 (9th Cir.1986)).

Indeed, and for example, Defendants argue that Dr. Goldberg's high salary was justified because he was hired as the initial rheumatologist to "start and grow" their rheumatology practice. However, they ignore the fact that Plaintiff brought with her a substantial amount of patients and large referral base to similarly grow NYU's practice. Similarly, Plaintiff's resume and experience establishes that her credentials and accolades mirror that of her comparators with items such as publications as well as undertaking humanitarian trips in third world countries. As for Defendants' explanation of why Dr. Porges[1] was a more valuable employee, this Court already addressed this argument on summary judgment and rejected it. See ECF Docket Entry 155 at 13-14.

For the foregoing reasons, Defendants' suggestion that the factor "other than sex" exception serves as a shield for their failure to pay Plaintiff equally for the same work that the male rheumatologists performed is inaccurate.

### III. THE LAW OF THE CASE DOCTRINE DOES NOT APPLY TO BAR WILLFULNESS

The Court's finding that Plaintiff failed to establish discriminatory intent under its Title VII claim cannot serve as law of the case under her Equal Pay Act claim as it relates to willfulness.

As an initial matter, the use of the law-of-the-case doctrine is discretionary. See Cangemi v. United States, 13 F.4th 115, 140 (2d Cir. 2021) (the law of the case doctrine is "discretionary and does not limit a court's power to reconsider its own decision prior to final judgment" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))). As such, this Court should therefore permit the jury to make its findings and resolve Defendants law-of-the-case argument in Rule 50 motions.

---

[1] Defendants, for the first time, reference evidence that Dr. Porges purportedly performed research work which generated additional revenue, and that Defendants benefitted from this. Plaintiff reserves the right to move *in limine* to exclude any such evidence on the grounds that, *inter alia*, Defendants failed to disclose any such information during discovery.

Second, Defendants conflate the Title VII standard with that of the Equal Pay Act's, and thus ignore that intent plays no role in determining whether the latter statute was violated. Indeed, "[a] plaintiff need not show that an employer acted with intent to discriminate or in bad faith." See Pollis v. New Sch. for Soc. Research, 132 F.3d 115, 119 (2d Cir. 1997) (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126 n. 19 (1985)). Evidence that demonstrates that the defendant was aware of a payment disparity between male and female employees in comparable positions, but failed to rectify the disparity, is sufficient to support a finding of willfulness. See Pollis, 132 F.3d at 120 ("This evidence—that the New School knew that Pollis was paid less than comparable males, but did not rectify the situation—is sufficient to support the jury's finding of reckless or willful violation of the [EPA]") (citing E.E.O.C. v. Delaware Dept of Health and Soc. Servs., 865 F.2d 1408, 1419 (3rd Cir. 1989)). As such, even were the law-of-the-case doctrine to apply, Defendants argument is meritless, as intent does not enter the picture with the EPA.

Third, the law of the case doctrine cannot bar a court from making a contrary holding given the possibility of new evidence at trial and the different standards at trial as compared to a motion for summary judgment. See, e.g., Sagendorf-Teal v. County of Rensselaer, 100 F.3d 270, 277 (2d Cir. 1996) (concluding that new evidence presented during trial justified the district court's reconsideration of a prior ruling); see also McAnaney v. Astoria Fin. Corp., 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009) (explaining that the law of the case doctrine "is inapposite" to issues that have been developed through discovery "because of the divergent standard of review applicable to motions to dismiss and motions for summary judgment").

Accordingly, the jury should decide the issue of willfulness.

Dated: Lake Success, New York
      April 7, 2023                      Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

__/s/ Emanuel Kataev, Esq._____
Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*Dr. Sari Edelman*

cc:      Defendants (via ECF).