```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
DR. SARI EDELMAN,                                                    :
                                                                     :
                              Plaintiff,                             :
                                                                     :         21-cv-502 (LJL)
             -v-                                                     :
                                                                     :         MEMORANDUM AND
NYU LANGONE HEALTH SYSTEM, NYU                                       :              ORDER
LANGONE HOSPITALS, NYU LANGONE                                       :
MEDICAL CENTER, NYU LANGONE NASSAU                                   :
RHEUMATOLOGY, NYU SCHOOL OF                                          :
MEDICINE, NYU GROSSMAN SCHOOL OF                                     :
MEDICINE, NYU HOSPITALS CENTER,                                      :
ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH                                :
ANTONIK, and JOSHUA SWIRNOW,                                         :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Sari Edelman ("Edelman" or "Plaintiff") moves *in limine* to preclude Defendants'[1] affirmative defenses, exhibits, and witnesses. Dkt. No. 183. Defendants move *in limine* to preclude Plaintiff from introducing certain evidence and testimony. Dkt. No. 186. The Court heard oral argument on Plaintiff's motion to exclude the testimony of undisclosed witnesses and Defendants' motion to exclude certain evidence of damages on June 27, 2023. A number of the remaining motions *in limine* were addressed by bench decision at the oral

---

[1] "Defendants" is collectively defined as NYU Langone Health System, NYU Langone Hospitals, NYU Langone Medical Center, NYU Langone Nassau Rheumatology, NYU School of Medicine, NYU Grossman School of Medicine, NYU Hospitals Center, Andrew T. Rubin, David Kaplan, Joseph Antonik, and Joshua Swirnow. Rubin, Kaplan, Antonik, and Swirnow are defined as "Individual Defendants." The remainder are collectively defined as "NYU" or "NYU Defendants."

argument. This Memorandum and Order addresses Plaintiff's remaining motions. A subsequent Memorandum and Order will address Defendants' remaining motions.

A jury trial is scheduled for July 10, 2023. Plaintiff asserts claims under the (1) Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*, the New York State Equal Pay Act, New York Labor Law § 194 *et seq.*, against the NYU Defendants, Swirnow, and Rubin, (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against the NYU Defendants for retaliation, (3) New York State Human Rights Law, N.Y. Exec. L. § 296(1)(a) *et seq.*, for retaliation against all Defendants, (4) and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) *et seq.*, for retaliation and discrimination against all Defendants. Dkt. No. 197 at 3.

## BACKGROUND

The Court assumes familiarity with the facts described in the prior Opinion and Order addressing the Defendants' motion for summary judgment. *See* Dkt. No. 155.

In 2014, Edelman and Dr. Kavini Mehta were recruited to join NYU's Faculty Practice Group ("FPG"). Before then, Edelman and Mehta co-owned and operated a successful rheumatology practice for approximately six years.

When NYU hires a physician from private practice, NYU sets an initial target of work relative value units ("wRVUs"), which is meant to measure the physician's production. Such wRVUs are used by the Centers for Medicare and Medicaid Services to assign a relative value to each medical procedure, patient visit, and other clinical functions. Upon Plaintiff joining the FPG, NYU negotiated her salary and wRVU target based at least in part upon financial and productivity data about her former private practice. The decisionmakers concerning Plaintiff's salary were Andrew Rubin, Senior Vice President of Clinical Affairs and Ambulatory Care for NYU Langone Health and Joshua Swirnow, Vice President of Ambulatory Care at NYU Langone Health. Plaintiff was employed as a Staff Physician and appointed as a Clinical

Assistant Professor at NYU. Her time and compensation were, as expected, 100% dedicated to clinical functions throughout her tenure at NYU.

Her contract was renewed by NYU in 2017 effective on January 1, 2018, for a three-year term. Also of relevance, through October and November 2019, Plaintiff communicated with Defendants' human resources department to complain about what she believed to be sex discrimination. FGP Manager Miriam Ruiz began compiling a list of "issues" with Plaintiff concerning her clinical practices and her interactions with coworkers. Dr. Andrew Porges and Mr. Joseph Antonik also added to this list. In December 2020, Plaintiff was advised that her employment would be extended to May 2021 and then not renewed. Rubin told Plaintiff that her employment was not renewed because NYU was going in a different direction, that it did not have to do with her care as a physician, and that she was well-liked and a great doctor. Rubin wished her well and would share her resume with other NYU departments.

Plaintiff's salary at all times was lower than that of Porges, Dr. Avram Goldberg, and Dr. Anang Modi, both in absolute terms and on a per-wRVU basis. Goldberg held the same academic appointment as Plaintiff as well as the administrative title of Clinical Director, NYU Langone Nassau Rheumatology. He was the first rheumatologist hired for NYU's Ambulatory Care network on Long Island and was charged with growing NYU Langone's rheumatology practice. He recruited Plaintiff to NYU. Porges has been a Board-certified rheumatologist since 1992 and was in private practice from 1993 until joining NYU in 2014. His initial salary and wRVU target were set based on data about his private practice and he also received non-salary benefits that Plaintiff did not. Modi was hired in 2017 and his salary and wRVU were set based on his employment in his prior position.

**LEGAL STANDARD**

"The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). The decision whether to grant an *in limine* motion "resides in a district court's inherent and discretionary 'authority to manage the course of its trials.'" *United States v. Ray*, 2022 WL 558146, at *1 (S.D.N.Y. Feb. 24, 2022) (quoting *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008)). "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

**DISCUSSION**

The Court only addresses Plaintiff's motions to exclude the testimony of undisclosed witnesses and for an order of sequestration. Defendants' motion to exclude damages evidence will be addressed in a forthcoming Memorandum and Order. For the following reasons, Plaintiff's motions are granted in part and denied in part.

**I.     Plaintiff's Motions to Exclude the Testimony of Undisclosed Witnesses**

Plaintiff moves to preclude Defendants from calling the following individuals as witnesses at trial on the grounds that they were not listed in Defendants' initial disclosures in this case: Bryan Maguire, Rashidat Ogbara, Brian Kim, Patricia Faslowich, Deborah Porges and

Claudia Rose.[2]  Dkt. No. 184 at 10.  On or about April 1, 2021, Defendants served initial disclosures on Plaintiff, listing the individuals likely to have discoverable information. Defendants listed six individuals including the Plaintiff.  Dkt. No. 185-12.  None of the individuals that Plaintiff seeks to preclude from testifying was listed in Defendants' initial disclosures.  In the alternative, Plaintiff asks for the right to depose the individuals.

Federal Rule of Civil Procedure 26(a)(1)(A) requires each party, "without awaiting a discovery request," to disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support the claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A).  "[A] party's mere knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if the disclosing party informed the opposing party that it might call the witness."  *3DT Holdings LLC v. Bard Access Sys. Inc.*, 2022 WL 1569493, at *3 (S.D.N.Y. May 17, 2022) (internal quotation marks omitted) (alterations accepted) (quoting *Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016)).

"The failure to identify a witness under Rule 26 can result in exclusion of that witness from offering evidence under Rule 37(c)(1)."  *Id.* at *2.  "In deciding whether to exclude a witness from testifying as a sanction for a violation of Rule 26, the court considers the [*Softel*] factors: '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility

---

[2] Plaintiff also moved to exclude the testimony of Tisa Hall, but Defendants indicated at oral argument that they will not call Ms. Hall as a witness.

of a continuance.'" *Id.* at *3 (alterations accepted) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

Defendants respond that four of the individuals (all but Ogbara and Kim) were identified in the responses served as per the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"). Rose and Maguire were identified in Defendants' Responses dated May 14, 2021. Dkt. No. 199 at 11. Falsowich and Deborah Porges were identified in Plaintiff's Responses dated April 23, 2021. *Id.* Defendants note that the statement of purpose for the initial discovery protocols for employment cases alleging adverse action state that the protocols "are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1)." Initial Discovery Protocols at 4. Defendants further argue that Ogbara and Kim were identified as relevant witnesses in documents produced by Defendants in discovery and in deposition testimony given during discovery. *Id.* at 12–13.

The motion is granted in part and denied in part. The motion is denied with respect to Rose, Maguire, Ogbara, and Kim. The relevance of each of these four witnesses would have been apparent from close to the beginning of the litigation and Plaintiff has suffered no prejudice from Defendants' failure to formally list any of the four on its initial disclosures. Defendants have a powerful and convincing reason for their failure to have listed Rose and Maguire on the initial disclosures. The two were identified in Defendants' Responses in connection with the Initial Discovery Protocols, which are intended to serve as a substitute for initial disclosures. Although Rose does not appear to be a particularly important witness and is listed only as

someone whom Defendants might call to testify, Dkt. No. 179 at 18, Maguire is listed in the final pretrial report as a witness Defendants will call, *id.* at 15.  More important, Plaintiff has been unable to articulate any prejudice she suffered as a result of the failure to have included the two in the initial disclosures.  She could not identify anything that she would have done had the two been listed in the initial disclosures that she would not have had reason to do by virtue of their inclusion in the Responses.

Plaintiff also has not established a basis to exclude Ogbara or Kim or to permit their deposition.  Ogbara's sole relevance is to authenticate an email that she sent to Plaintiff in Ogbara's capacity as an Human Resources representative.  There is no dispute that the email is authentic. Defendants have represented that they will call Ogbara only in the event that Plaintiff does not admit to receipt of the email or objects to its introduction into evidence.  There is good reason why Defendants would not have listed Ogbara as a witness; there was no particular reason for Defendants to believe that Plaintiff would dispute that she had received an authentic email that was addressed to her at work.  Plaintiff has suffered no prejudice from Defendants' failure to list Ogbara in their Rule 26(a)(1) initial disclosure.  From the start of the case, Plaintiff complained about the lack of response by the Human Resources Department to her complaints; it would have been obvious that Ogbara's email—which was produced in discovery—was relevant. Plaintiff could have taken Ogbara's deposition if Plaintiff had a genuine basis to believe that the email was not sent.  And, if she still has a genuine basis to believe that the email was not sent (a basis she has not articulated), she can inquire of Ogbara at trial into that basis.  The same can be said about Kim.  He is expected to testify regarding his efforts to discuss with Plaintiff the issues that she raised about being unable to see certain Epic messages in her inbasket.  Dkt. No. 179 at 16.  It could not come as a surprise that if Plaintiff intends to raise issues regarding the IT issue

in connection with the Epic messages, that Kim would be a relevant witness called by the defense. Plaintiff had direct dealings with Kim. There is no prejudice from the failure to have listed Kim. Plaintiff knew of his identity, his relevance, and that he might be called as a witness. She could have taken his deposition if she had a genuine basis to challenge his testimony. Plaintiff's motion to exclude Kim is in the nature of a "gotcha" attempt—penalizing Defendants for what is at most a footfault.

The Court will permit Plaintiff to take the deposition of Faslowich and Deborah Porges, by remote means if more convenient for the witnesses, and for no more than one half hour each, to be concluded by July 6, 2023, and with each side to pay its own fees and Plaintiff to pay the costs of the deposition. The relevance of each witness is remote. Although the two were listed by Plaintiff as potential witnesses, it would not necessarily have been apparent that Defendants would call them as witnesses when they were not listed in any of Defendants' disclosures. Defendants offered no good reason for their failure to list them in any of those disclosures. Each of the two is listed as someone Defendants might call—Faslowich for an estimated one hour of testimony and Deborah Porges for an estimated one half hour. Dkt. No. 179 at 17. The short depositions will eliminate any conceivable prejudice to Plaintiff without there being a need for a continuance.

## II.     Plaintiff's Motion for an Order of Sequestration

Finally, Plaintiff moves for an order that each of the Individual Defendants be sequestered from each other's trial testimony. Dkt. No. 184 at 12. Federal Rule of Evidence 615 requires the Court to order witnesses to be sequestered so that they do not hear the testimony of other witnesses at the request of a party or on its own motion. Fed. R. Evid. 615. However, the rule also explicitly states that it does not authorize excluding "a party who is a natural person." Fed. R. Evid. 615(a). Plaintiff argues that "[w]hile some common allegations may make some or

all of the Defendants co-parties, it is incorrect to consider the Defendants 'co-parties' at this trial because each Defendants' defenses are separate with unique circumstances." Dkt. No. 184 at 14. Plaintiff further asserts that "none of Defendants would be prejudiced by a sequester." *Id.*

Rule 615 is seemingly absolute. "A party who is a natural person may not be excluded from the courtroom." 4 Weinstein on Evidence § 615.04[1], at 615-9 (2019). Plaintiff made the decision to join all four Individual Defendants in the complaint seemingly because Plaintiff was asserting a "right to relief, jointly, severally or in the alternative" against each of the four "arising out of the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Having done so, Plaintiff hardly can be heard to complain when, as required by Rule 615, each of the four Individual Defendants is permitted to attend the entirety of a trial in which that defendant is sought to be held liable for violating Plaintiff's rights.

## CONCLUSION

Plaintiff's motions *in limine* are GRANTED in part and DENIED in part.

The Clerk of Court is respectfully directed to close Dkt. No. 183.

SO ORDERED.

Dated: June 28, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge

9