# EXHIBIT G

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DR. SARI EDELMAN,

        Plaintiff,

        v.                 21 Civ. 502 (LJL)

NYU LANGONE HEALTH SYSTEM, et
al.,

        Defendants.
                           Trial
------------------------------x
                           New York, N.Y.
                           July 19, 2023
                           8:55 a.m.
Before:

                      HON. LEWIS J. LIMAN,

                      District Judge
                      -and a Jury-


                      APPEARANCES

MILMAN LABUDA LAW GROUP PLLC
     Attorneys for Plaintiff
BY: JOSEPH M. LABUDA
     EMANUEL S. KATAEV

TARTER KRINSKY & DROGIN LLP
     Attorneys for Defendants
BY: RICHARD C. SCHOENSTEIN
     RICHARD L. STEER
     INGRID J. CARDONA
```

       2. that the protected activity Dr. Edelman engaged in was known to the defendants;

       3. that she suffered a material adverse action; and

       4. that defendants took the adverse action because of Dr. Edelman's protected activity.

       I will now instruct you on each element.

       The first element of a claim under the state human rights law is that the activity plaintiff engaged in that resulted in retaliation against her was an activity protected by law.  The standard for protected activity is the same as under Title VII and my instructions to you with respect to that element under Title VII also apply here.  An employee has a right to report and protest workplace discrimination where such discrimination has actually occurred or the employee reasonably believes in good faith that discrimination occurred.

       Protected activity includes an employee's conduct in opposing in good faith unlawful discrimination by complaining about discrimination to the employer.

       The second element of a retaliation claim under the state human rights law is that the defendant whose conduct you are considering must have known that Dr. Edelman was engaged in protected activity.  With respect to NYU, I instruct you that general corporate knowledge that Dr. Edelman engaged in a protected activity is sufficient to establish this element of a retaliation claim under the state human rights law.  Thus, with

1        In considering whether plaintiff has proved that a
2   material adverse action was taken against her because of
3   protected activity she engaged in, you must first decide
4   whether the defendant you are considering was, in fact,
5   motivated by a desire to retaliate against her because of her
6   complaints to human resources.  If not, you must find in favor
7   of that defendant.
8        Like under Title VII, NYU's retaliatory intent may be
9   imputed from a subordinate under New York State Human Rights
10  Law if NYU's decision to terminate was proximately caused by a
11  subordinate who had a retaliatory motive and intended to bring
12  about the adverse employment action.  The same standard applies
13  here as under Title VII.  NYU must have been negligent or
14  reckless in giving effect to the retaliatory intent of its
15  low-level employees, which requires NYU to have known or
16  reasonably should have known about the retaliatory motivation.
17  Again, you must also find that the false accusations themselves
18  were the product of retaliatory intent.
19       Like under Title VII, an employer may not be held
20  liable simply because it acts on information provided by a
21  biased coworker.  Thus, if NYU, non-negligently and in good
22  faith, relies on a false and malign report of an employee who
23  acted out of an unlawful animus, it cannot be held accountable
24  or said to have been motivated by the employee's animus.
25       If you conclude that a defendant was motivated by a

1    the alleged adverse actions against Dr. Edelman at least in
2    part because she engaged in a protected activity, and the
3    burden is on Dr. Edelman to prove that.
4             Unlike her Title VII claims, plaintiff also seeks to
5    hold three of the individual defendants -- Mr. Rubin,
6    Mr. Antonik or Mr. Swirnow -- liable for retaliation under New
7    York State Human Rights Law.  Although New York State Human
8    Rights Law does not allow employees to be liable as employers,
9    you may find these particular employees nonetheless
10   individually liable under an aiding-and-abetting theory to an
11   employer who has retaliated in violation of New York State
12   Human Rights Law.  Therefore, to find that these individual
13   defendants aided and abetted such a violation, you must first
14   find that the employer, NYU, violated New York State Human
15   Rights Law.  An individual defendant cannot aid and abet his
16   own retaliatory conduct; he may only aid and abet another's
17   violation of the law.  You may, however, find aiding and
18   abetting liability based on the same conduct that serves as the
19   predicate for NYU's liability, as long as you have found that
20   NYU engaged in retaliatory conduct.  If you find that the
21   individual defendants actually participated in the decision to
22   not renew plaintiff's contract and to terminate her employment,
23   then you may find them liable under an aider-and-abettor
24   theory, even if they did not have hiring or firing authority.
25   Furthermore, you must also find that they possessed the same

period.  The same standards guide damages under New York Labor Law Section 194 as under the Equal Pay Act.  The same definition of wages that I have given for the Equal Pay Act also applies under New York Labor Law Section 194.

Plaintiff has sued for retaliation under Title VII against NYU.  It is for this Court to determine any amount of front pay to be awarded, if any, for any violation of Title VII you may have found was committed.

Dr. Edelman asserts that, because she made allegedly protected complaints of discrimination, defendants did not renew her employment contract when it was expiring.  Your job as the jury is to determine what damages, if any, Dr. Edelman has proved by a preponderance of the evidence for each claim that she has proven, if any.

If Dr. Edelman has proved her claim for retaliation under the state human rights law or the city human rights law, she would be entitled to lost wages and benefits arising under such claim even if they were difficult to calculate.  Any uncertainty about the amount of lost compensation to be awarded to Dr. Edelman should be resolved in her favor.

Here, if you find for Dr. Edelman on her claims for retaliation under state human rights law or city human rights laws, you should consider her damages for front pay.  Front pay damages, if any, represent a plaintiff's lost salary and benefits, caused by an unlawful discharge or other adverse

1    action, accruing from the time of trial through some point in
2    the future.  If you find that Dr. Edelman will be unable to
3    earn in the future what she would have earned at NYU, then you
4    may award her, as additional compensation, the amount she would
5    have earned during the time period between the date of your
6    verdict and either: 1) the date you believe she would have
7    worked at NYU absent any discriminatory conduct or 2) the date
8    you can reasonably predict that she has a reasonable prospect
9    of obtaining comparable employment.  Factors to be considered
10   in determining front pay include the age of the plaintiff and
11   her reasonable prospects of obtaining comparable employment.
12   In doing so, you should bear in mind that the purpose of front
13   pay is to make a plaintiff whole -- that is, to put plaintiff
14   in the position she would have been in if defendants had not
15   discriminated against her.
16              That said, Dr. Edelman has the burden of proving that
17   she actually incurred a loss of front pay.  Please note that
18   Dr. Edelman is only entitled to be compensated once for any
19   alleged front pay that arose from the retaliation claims that
20   she's prevailed upon.
21              If you find that Dr. Edelman has established any of
22   her claims of gender retaliation and discrimination, you may
23   award her compensatory damages for injuries such as emotional
24   pain, suffering, inconvenience, mental anguish, humiliation and
25   loss of enjoyment of life.  Compensatory damages are an amount