# EXHIBIT G

N7JCede1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DR. SARI EDELMAN,

              Plaintiff,

         v.                    21 Civ. 502 (LJL)

NYU LANGONE HEALTH SYSTEM, *et al.*,

              Defendants.
                               Trial
------------------------------x
                               New York, N.Y.
                               July 19, 2023
                               8:55 a.m.

Before:

                          HON. LEWIS J. LIMAN,

                               District Judge
                               -and a Jury-


                          APPEARANCES

MILMAN LABUDA LAW GROUP PLLC
    Attorneys for Plaintiff
BY:  JOSEPH M. LABUDA
        EMANUEL S. KATAEV

TARTER KRINSKY & DROGIN LLP
    Attorneys for Defendants
BY:  RICHARD C. SCHOENSTEIN
        RICHARD L. STEER
        INGRID J. CARDONA

N7jWede4            Charge

1                  2. that the protected activity Dr. Edelman engaged in

2        was known to the defendants;

3                  3. that she suffered a material adverse action; and

4                  4. that defendants took the adverse action because of

5        Dr. Edelman's protected activity.

6                  I will now instruct you on each element.

7                  The first element of a claim under the state human

8        rights law is that the activity plaintiff engaged in that

9        resulted in retaliation against her was an activity protected

10       by law.  The standard for protected activity is the same as

11       under Title VII and my instructions to you with respect to that

12       element under Title VII also apply here.  An employee has a

13       right to report and protest workplace discrimination where such

14       discrimination has actually occurred or the employee reasonably

15       believes in good faith that discrimination occurred.

16                 Protected activity includes an employee's conduct in

17       opposing in good faith unlawful discrimination by complaining

18       about discrimination to the employer.

19                 The second element of a retaliation claim under the

20       state human rights law is that the defendant whose conduct you

21       are considering must have known that Dr. Edelman was engaged in

22       protected activity.  With respect to NYU, I instruct you that

23       general corporate knowledge that Dr. Edelman engaged in a

24       protected activity is sufficient to establish this element of a

25       retaliation claim under the state human rights law.  Thus, with

1              In considering whether plaintiff has proved that a

2      material adverse action was taken against her because of

3      protected activity she engaged in, you must first decide

4      whether the defendant you are considering was, in fact,

5      motivated by a desire to retaliate against her because of her

6      complaints to human resources.  If not, you must find in favor

7      of that defendant.

8              Like under Title VII, NYU's retaliatory intent may be

9      imputed from a subordinate under New York State Human Rights

10     Law if NYU's decision to terminate was proximately caused by a

11     subordinate who had a retaliatory motive and intended to bring

12     about the adverse employment action.  The same standard applies

13     here as under Title VII.  NYU must have been negligent or

14     reckless in giving effect to the retaliatory intent of its

15     low-level employees, which requires NYU to have known or

16     reasonably should have known about the retaliatory motivation.

17     Again, you must also find that the false accusations themselves

18     were the product of retaliatory intent.

19             Like under Title VII, an employer may not be held

20     liable simply because it acts on information provided by a

21     biased coworker.  Thus, if NYU, non-negligently and in good

22     faith, relies on a false and malign report of an employee who

23     acted out of an unlawful animus, it cannot be held accountable

24     or said to have been motivated by the employee's animus.

25             If you conclude that a defendant was motivated by a

1   the alleged adverse actions against Dr. Edelman at least in

2   part because she engaged in a protected activity, and the

3   burden is on Dr. Edelman to prove that.

4            Unlike her Title VII claims, plaintiff also seeks to

5   hold three of the individual defendants -- Mr. Rubin,

6   Mr. Antonik or Mr. Swirnow -- liable for retaliation under New

7   York State Human Rights Law.  Although New York State Human

8   Rights Law does not allow employees to be liable as employers,

9   you may find these particular employees nonetheless

10  individually liable under an aiding-and-abetting theory to an

11  employer who has retaliated in violation of New York State

12  Human Rights Law.  Therefore, to find that these individual

13  defendants aided and abetted such a violation, you must first

14  find that the employer, NYU, violated New York State Human

15  Rights Law.  An individual defendant cannot aid and abet his

16  own retaliatory conduct; he may only aid and abet another's

17  violation of the law.  You may, however, find aiding and

18  abetting liability based on the same conduct that serves as the

19  predicate for NYU's liability, as long as you have found that

20  NYU engaged in retaliatory conduct.  If you find that the

21  individual defendants actually participated in the decision to

22  not renew plaintiff's contract and to terminate her employment,

23  then you may find them liable under an aider-and-abettor

24  theory, even if they did not have hiring or firing authority.

25  Furthermore, you must also find that they possessed the same

1   period.  The same standards guide damages under New York Labor

2   Law Section 194 as under the Equal Pay Act.  The same

3   definition of wages that I have given for the Equal Pay Act

4   also applies under New York Labor Law Section 194.

5        Plaintiff has sued for retaliation under Title VII

6   against NYU.  It is for this Court to determine any amount of

7   front pay to be awarded, if any, for any violation of Title VII

8   you may have found was committed.

9        Dr. Edelman asserts that, because she made allegedly

10  protected complaints of discrimination, defendants did not

11  renew her employment contract when it was expiring.  Your job

12  as the jury is to determine what damages, if any, Dr. Edelman

13  has proved by a preponderance of the evidence for each claim

14  that she has proven, if any.

15       If Dr. Edelman has proved her claim for retaliation

16  under the state human rights law or the city human rights law,

17  she would be entitled to lost wages and benefits arising under

18  such claim even if they were difficult to calculate.  Any

19  uncertainty about the amount of lost compensation to be awarded

20  to Dr. Edelman should be resolved in her favor.

21       Here, if you find for Dr. Edelman on her claims for

22  retaliation under state human rights law or city human rights

23  laws, you should consider her damages for front pay.  Front pay

24  damages, if any, represent a plaintiff's lost salary and

25  benefits, caused by an unlawful discharge or other adverse

action, accruing from the time of trial through some point in

the future.  If you find that Dr. Edelman will be unable to

earn in the future what she would have earned at NYU, then you

may award her, as additional compensation, the amount she would

have earned during the time period between the date of your

verdict and either: 1) the date you believe she would have

worked at NYU absent any discriminatory conduct or 2) the date

you can reasonably predict that she has a reasonable prospect

of obtaining comparable employment.  Factors to be considered

in determining front pay include the age of the plaintiff and

her reasonable prospects of obtaining comparable employment.

In doing so, you should bear in mind that the purpose of front

pay is to make a plaintiff whole -- that is, to put plaintiff

in the position she would have been in if defendants had not

discriminated against her.

That said, Dr. Edelman has the burden of proving that

she actually incurred a loss of front pay.  Please note that

Dr. Edelman is only entitled to be compensated once for any

alleged front pay that arose from the retaliation claims that

she's prevailed upon.

If you find that Dr. Edelman has established any of

her claims of gender retaliation and discrimination, you may

award her compensatory damages for injuries such as emotional

pain, suffering, inconvenience, mental anguish, humiliation and

loss of enjoyment of life.  Compensatory damages are an amount