**EXHIBIT R**

N7JCede1

```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
                  ------------------------------x

                  DR. SARI EDELMAN,

                           Plaintiff,

                      v.                     21 Civ. 502 (LJL)

                  NYU LANGONE HEALTH SYSTEM, et
                  al.,

                           Defendants.
                                             Trial
                  ------------------------------x
                                             New York, N.Y.
                                             July 19, 2023
                                             8:55 a.m.
                  Before:

                                     HON. LEWIS J. LIMAN,

                                     District Judge
                                     -and a Jury-


                                     APPEARANCES

                  MILMAN LABUDA LAW GROUP PLLC
                       Attorneys for Plaintiff
                  BY:  JOSEPH M. LABUDA
                       EMANUEL S. KATAEV

                  TARTER KRINSKY & DROGIN LLP
                       Attorneys for Defendants
                  BY:  RICHARD C. SCHOENSTEIN
                       RICHARD L. STEER
                       INGRID J. CARDONA
```

1           The fourth element is causal connection.

2           A causal connection between the protected activity and
3    the alleged adverse action can be established indirectly, by
4    showing that plaintiff filed a complaint with NYU human
5    resources, the protected activity was followed closely by the
6    alleged adverse action, or directly through evidence of
7    retaliatory animus directed against plaintiff by NYU because of
8    her complaint.  Plaintiff must establish by a preponderance of
9    the evidence that NYU subjected her to the adverse employment
10   action because of her participation in the protected activity.

11          With respect to this fourth element, it must be the
12   case that NYU would not have taken the adverse action except as
13   a response to plaintiff's protected activity.  NYU must have
14   taken the adverse action because of an intent to retaliate
15   against plaintiff for complaining about employment
16   discrimination.

17          NYU's retaliatory intent may be imputed from the
18   intent and conduct of a subordinate if NYU's decision to
19   terminate was proximately caused by a subordinate who had a
20   retaliatory motive and intended to bring about the adverse
21   employment action.  NYU, however, must have been negligent or
22   reckless in giving effect to the retaliatory intent of its
23   low-level employees, which requires plaintiff to prove that NYU
24   knew or reasonably should have known about the retaliatory
25   motivation.  Of course, to make this finding, you must also

1   the alleged adverse actions against Dr. Edelman at least in
2   part because she engaged in a protected activity, and the
3   burden is on Dr. Edelman to prove that.
4            Unlike her Title VII claims, plaintiff also seeks to
5   hold three of the individual defendants -- Mr. Rubin,
6   Mr. Antonik or Mr. Swirnow -- liable for retaliation under New
7   York State Human Rights Law.  Although New York State Human
8   Rights Law does not allow employees to be liable as employers,
9   you may find these particular employees nonetheless
10  individually liable under an aiding-and-abetting theory to an
11  employer who has retaliated in violation of New York State
12  Human Rights Law.  Therefore, to find that these individual
13  defendants aided and abetted such a violation, you must first
14  find that the employer, NYU, violated New York State Human
15  Rights Law.  An individual defendant cannot aid and abet his
16  own retaliatory conduct; he may only aid and abet another's
17  violation of the law.  You may, however, find aiding and
18  abetting liability based on the same conduct that serves as the
19  predicate for NYU's liability, as long as you have found that
20  NYU engaged in retaliatory conduct.  If you find that the
21  individual defendants actually participated in the decision to
22  not renew plaintiff's contract and to terminate her employment,
23  then you may find them liable under an aider-and-abettor
24  theory, even if they did not have hiring or firing authority.
25  Furthermore, you must also find that they possessed the same

deter a person from engaging in protected activity was taken for a nonretaliatory reason.

In deciding whether the defendant you are considering has satisfied his or its burden on this issue, follow these steps: Consider whether the defendant has proved that the decision to take an action against plaintiff that was reasonably likely to deter a person from engaging in protected activity was motivated by a nonretaliatory reason in addition to a retaliatory motive. If you find that the defendant you are considering was not motivated by any nonretaliatory reason, you must find for plaintiff. If, however, you find that the defendant had a nonretaliatory reason or reasons for his or its action, you must determine whether the defendant has proved that he or it would have taken this action against plaintiff based upon these nonretaliatory reasons alone.

Like her state human rights law claim, plaintiff also seeks to hold three individual defendants -- Mr. Rubin, Mr. Antonik or Mr. Swirnow -- liable for retaliation under the city human rights law. Unlike state human rights law, however, you may those employees individually liable, both under a direct liability theory and an aiding-and-abetting theory. The standards for an aiding-and-abetting theory are the same as those under the state human rights law. The instructions I gave you with respect to aiding and abetting under the state human rights law also apply under the city human rights law.

1   Therefore, to find that the individual defendants aided and
2   abetted retaliation, you must first find that the employer,
3   NYU, retaliated in violation of city human rights law.  You may
4   find aiding and abetting liability based on the same conduct
5   that serves as the predicate for NYU's liability, as long as
6   you have found that NYU engaged in retaliatory conduct.  Again,
7   if you find that the individual defendants actually
8   participated in the decision to not renew plaintiff's contract,
9   then you may find them liable under an aider-and-abettor
10  theory, even if they did not have hiring or firing authority.
11  Furthermore, you must also find that they possessed the same
12  retaliatory motive or intent as the employer.  In other words,
13  they must have engaged in direct and purposeful participation
14  in the retaliation.  But in addition to an aiding-and-abetting
15  theory, you may also find that the individual defendant, you
16  may also find the individual defendant liable for retaliation
17  under the New York City Human Rights Law, without regard to
18  whether they qualify as an employer or supervisor, and without
19  regard to whether NYU has itself retaliated against plaintiff,
20  if you find that the individual defendant has retaliated
21  against plaintiff for her engagement in protected activity.
22          Plaintiff brings a gender discrimination claim against
23  Mr. Antonik and NYU under the New York City Human Rights Law
24  based on certain remarks made to her by Mr. Antonik.  Under the
25  city human rights law, it is unlawful for an employer to