# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 6, 2025

Author: Joseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com

<u>Via ECF</u>
Hon. Lewis J. Liman, U.S.D.J.
United States District Court Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007-1312

  **Re: Edelman v. NYU Langone Health System, et al.**
  **Case No.: 1:21-cv-502 (LJL)**
  **MLLG File No. 209-20**

Dear Judge Liman:

  Our firm represents Plaintiff, Dr. Sari Edelman ("Edelman"), in the above-captioned matter. We are in receipt of Defendants' letter dated July 8, 2025. This letter shall serve as Edelman's opposition to Defendants' request to "renew their remittitur motion" as moot based on the Second Circuit's decision dated June 18, 2025 directing this Court to "reinstate the jury's verdict" as well as the Court's July 10, 2025 Mandate Order "remand[ing] with instructions to reinstate the jury's verdict on those claims" in accordance with the mandate rule. Accordingly, Edelman respectfully requests that the Court enter a final judgment of $700,000.00 against Defendants NYU and Antonik based on the decision of the Second Circuit.

  "The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." <u>United States v. Ben Zvi</u>, 242 F.3d 89, 92 (2d Cir. 2001).

  In the present case, the Second Circuit, on three (3) separate occasions, made express reference to the $700,000.00 verdict awarded to Plaintiff by the jury in compensatory damages in its Order to "reinstate the jury's verdict". <u>Edelman v NYU Langone Health Sys.</u>, 2025 U.S. App. LEXIS 15036, at *2, 4, 14 (2d Cir June 18, 2025). Moreover, it is clear that the Second Circuit read this Court's December 26, 2023 decision: "In sum, the jury's verdicts against Antonik and NYU were not 'the result of sheer surmise and conjecture,' and should not have been set aside by the District Court." <u>Id</u>. citing <u>Connelly v. County of Rockland</u>, 61 F.4th 322, 325 (2d Cir. 2023) (citation and quotation marks omitted). This not only resolved the issue presented on appeal but expressly names the resolution. The Second Circuit offers a clear directive: "REMAND with instructions to reinstate the jury's verdict" <u>Id</u>. at *2. In fact, the mandate could not be more clear. The Order to reinstate the jury's previously agreed upon verdict fully satisfies the definition of being expressly or impliedly resolved in accordance with the mandate rule, thereby denying the necessity to explore further re-litigation. <u>See Smith v United States</u>, 2018 U.S. Dist. LEXIS 19905, at *6 (D Conn. Feb. 7, 2018).

      We understand that in this Court's December 26, 2023 decision, your Honor chose to not address the issue of pursuing a remittitur as unnecessary based on the decision. Edelman v NYU Langone Health Sys., 708 F Supp 3d 409, 446 (S.D.N.Y. 2023). However, in its Order, the Second Circuit Court remanded and held that the verdict shall be reinstated without any reservations or mention of remittitur. And it was clear from the Second Circuit's decision (and its repeated reference to the $700,000 jury verdict) that it was aware of and thoroughly read this Court's December 26, 2023 decision granting Defendants judgment as a matter of law in which this Court noted that "[t]he Court does not address Defendants' motion for remittitur." The Second Circuit could have issued a decision which kept the remittitur issue alive in a variety of ways, but it chose not to and directed this Court to reinstate the jury's verdict. First, the Second Circuit could have remanded and directed this Court to modify its judgment as a matter of law consistent with the Second Circuit's decision, but it did not. Second, the Second Circuit could have directed this Court to rule on the issue of remittitur, but it did not. Third, the Second Circuit could have also remanded the case and directed this Court to reinstate the jury's verdict as to liability, but it did not. Instead, the Second Circuit specifically directed this Court to reinstate the jury's verdict of $700,000.00. If a remittitur had been a necessary resolution to the matter at hand, the Second Circuit would have included this in its decision after review and directed the Court to decide the remittitur issue.[1]

      Further, the Second Circuit held "the evidence at trial was sufficient to permit a reasonable jury to find in favor of Edelman on her claims of retaliation." Edelman v NYU Langone Health Sys., (2d Cir. 2025). The Second Circuit acknowledged the sufficiency of the evidence presented to the jury, thus denying the need to readjudicate. See Mui v United States, 614 F3d 50, 54 (2d Cir 2010) ("The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate. See United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001). To determine whether an issue may be reconsidered on remand, a district court "should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Id.) Here, the express remand was to reinstate the jury's verdict of $700,000.

---

[1] In contrast to the present case, the Second Circuit has issued very specific mandates concerning remanding as to damages. See Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 162-63 (2d Cir. 2012) ("For the foregoing reasons, we affirm the district court's conclusion that the Port Authority is liable to Christian Eng, Nicholas Yum, Alan Lew, David Lim, George Martinez, Stanley Chin, and Milton Fong under both the individual disparate treatment and disparate impact theories. We also affirm the denial of individual relief to Howard Chin, Richard Wong, Sanrit Booncome, and Michael Chung. Because the district court erred in applying the continuing-violation exception to the plaintiffs' claims, however, we: (1) vacate the jury's back pay awards with respect to Christian Eng, Alan Lew, Stanley Chin, and Milton Fong; (2) vacate the jury's compensatory damage awards with respect to Christian Eng, Nicholas Yum, Alan Lew, David Lim, George Martinez, Stanley Chin, and Milton Fong; (3) vacate the retroactive promotion of Alan Lew; and (4) vacate the salary and pension adjustments for Alan Lew, Stanley Chin, and Milton Fong. We remand all of these remedies issues to the district court for a new trial solely on damages and for the reconsideration of equitable relief. On remand, individual relief should be awarded only insofar as it corresponds to discriminatory failures to promote committed after August 2, 2000.")

      In any event, this Court should not disturb the jury's verdict. <u>Trademark Research Corp. v. Maxwell Online, Inc.</u>, 995 F2d 326, 337 (2d Cir 1993). "It is well-settled that calculation of damages is the province of the jury." <u>Ismail v. Cohen</u>, 899 F.2d 183, 186 (2d Cir. 1990). As explained by the Second Circuit in Trademark Research Corp., "[n]evertheless, we have found remittitur appropriate in at least two distinct kinds of cases: "(1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken, . . . and (2) more generally, where the award is 'intrinsically excessive' in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." <u>Id</u>. quoting <u>Shu-Tao Lin v. McDonnell Douglas Corp.</u>, 742 F.2d 45, 49 (2d Cir. 1984)). Neither of those situations exist in the present case as there is no identifiable error in the jury's calculation nor is the amount intrinsically excessive.

      Dr. Sari Edelman respectfully requests that your Honor issue a final judgment in accordance with the resolution expressly mandated by the Second Circuit against Defendants and in favor of Plaintiff for $700,000 in compensatory damages and further respectfully requests that this Court direct the Clerk of the Court to enter judgment consistent with the Second Circuit's mandate.

      In addition, we respectfully request the Court schedule a trial date at its earliest convenience concerning the remaining claims against Defendant David Kaplan.[2]

                                                              Respectfully submitted,

                                                               *Joseph M. Labuda*
                                                               Joseph M. Labuda

---

[2] Since receiving the Second Circuit's decision the parties have discussed and attempted to resolve the case in its entirety without further judicial intervention but without success.