UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DR. SARI EDELMAN,

                    Plaintiff,

          -against-

NYU LANGONE HEALTH SYSTEM, NYU
LANGONE HOSPITALS, NYU LANGONE
MEDICAL CENTER, NYU LANGONE NASSAU
RHEUMATOLOGY, NYU SCHOOL OF
MEDICINE, NYU GROSSMAN SCHOOL OF
MEDICINE, NYU HOSPITALS CENTER,
ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH
ANTONIK, and JOSHUA SWIRNOW,

                    Defendants.

-----------------------------------------------------------------X

Case No.: 1:21-cv-502 (LJL) (GWG)


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER
CROSS-MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 54**


**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
jamie@mllaborlaw.com

*Attorneys for Plaintiff Dr. Sari Edelman*

## PRELIMINARY STATEMENT

Plaintiff, Dr. Sari Edelamn's motion for entry of judgment against the NYU corporate defendants and Joseph Antonik ("Antonik") (collectively "Defendants") must be granted. The claims against the NYU corporate defendants and Antonik resulted in a jury verdict more than two (2) years ago. There is no just reason for delay in entering judgment in Dr. Edelman's favor against the NYU corporate defendants and Antonik.

## ARGUMENT

### JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER AND ANTONIK IN FAVOR OF PLAINTIFF FOR $700,000 AND FOR COSTS AND REASONABLE ATTORNEYS' FEES[1]

Defendants seek to keep the door open for endless appeals on the jury verdict rendered over two years ago by arguing they will appeal if this court renders an unfavorable decision on Defendants' Rule 59(e) motion. Defendants' reasoning is precisely what Fed. R. Civ. Proc. 54(b) seeks to manage: judicial administrative efficiency and unjust delay.

For purposes of Rule 54(b) motions, District Courts are the "dispatchers" which make determinations of finality for causes of action where multiple claims and parties exist. District Courts that make this determination of finality are then given the discretion to assess the factors of the case and determine whether there exists no just reason for delay in granting a 54(b) determination. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 12 (1980), *citing Sears, Roebuck & Co., v. Mackey*, 351 U.S. 427, 436 (1956). In weighing the "equities in favor of the

---

[1] Upon entry of judgment, Plaintiff will file a motion for costs and attorneys' fees.

motion" and the "interest of sound judicial administration", the District Court determines the appropriate time to certify a cause of action as final and when mere potential for future impact is not enough to deny 54(b) determination. *Curtiss-Wright Corp.* at 8. "[T]he proper role of the court of appeals is not to re-weigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound." *Curtiss-Wright Corp.* at 10.

Indeed, courts in this district grant Rule 54(b) determinations where doing so "would not implicate the merits" of other impending causes of action or "subject multiple [appellate] panels to a review of the same issues." *Kers & Co. v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative, & Emple. Ret. Sec. Act* (ERISA, Litig., No. 09 MD 2058 (PKC), 2013 U.S. Dist. LEXIS 159132, at *28 (S.D.N.Y. Nov. 4, 2013). Upon remittitur, the District Court conclusively determines the merits of the claims that constitute a final judgment.

Acting as dispatcher for Rule 54(b) determinations, this district court safeguards against the judicial administrative inefficiencies that Defendants seek to promote. Here, the Court of Appeals sought to put an end to litigation regarding the causes of action against Antonik and NYU, which this Court is now reviewing as the result of Defendants' Rule 59(e) motion. The underlying claims were resolved over two years ago at the jury trial. The Second Circuit is not intimate with the facts or parties of that trial and cannot be expected to act as a safety net for Defendants' concerns that a remittitur decision may favor Dr. Edelman.

Notably, the Court in *Newton*, the decision upon which Defendants most strongly rely in their Rule 59(e) motion, confirmed that the trial court is the venue empowered to resolve a Rule 59(e) determination should the motion be heard at all. *Newton v. City of N.Y.,* 171 F. Supp. 3d 156, 165 (S.D.N.Y. 2016).

Defendants have identified no reason for delay in finalizing claims against Antonik and NYU that have been fully adjudicated after their Rule 59(e) motion is decided. As such, Dr. Edelman requests this Court grant her Rule 54(b) motion and enter judgment against the NYU corporate defendants and Joseph Antonik.

## CONCLUSION

Accordingly, Defendants' motion under Rule 54 must be granted.

Dated:    Lake Success, New York
          September 22, 2025                        Respectfully submitted,

                                          **MILMAN LABUDA LAW GROUP PLLC**

                                          By:_____/s/_____
                                            Joseph M. Labuda, Esq.
                                            Jamie S. Felsen, Esq.
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, New York 11042
                                            (516) 328-8899 (office)
                                            (516) 328-0082 (facsimile)
                                            joe@mllaborlaw.com
                                            jamie@mllaborlaw.com

                                            *Attorneys for Plaintiff Dr. Sari Edelman*