UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DR. SARI EDELMAN,

Case No.: 1:21-cv-502 (LJL) (GWG)

Plaintiff,

-against-

NYU LANGONE HEALTH SYSTEM, NYU
LANGONE HOSPITALS, NYU LANGONE
MEDICAL CENTER, NYU LANGONE NASSAU
RHEUMATOLOGY, NYU SCHOOL OF
MEDICINE, NYU GROSSMAN SCHOOL OF
MEDICINE, NYU HOSPITALS CENTER,
ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH
ANTONIK, and JOSHUA SWIRNOW,

Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN CONNECTION WITH THE COURT'S
OCTOBER 8, 2025 ORDER**

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
jamie@mllaborlaw.com

*Attorneys for Plaintiff Dr. Sari Edelman*

## PRELIMINARY STATEMENT

This supplemental brief is respectfully submitted on behalf of Plaintiff, Dr. Sari Edelman, in connection with this Court's October 8, 2025 Order inviting the parties to brief the questions:

> whether the Court was obliged by Federal Rule of Civil Procedure 50(c) to rule on the motion for a new trial in the alternative when it granted Defendants' Rule 50 motion for judgment as a matter of law and whether, the Court having not done so and Defendants not having raised the issue either in the form of a motion to the District Court or on appeal, Defendants should be deemed to have abandoned the issue. See Arenson v. S. Univ. L. Ctr., 43 F.3d 194 (5th Cir.), decision clarified on reh'g, 53 F.3d 80 (5th Cir. 1995)."

ECF Docket Entry 324.

With regard to the first question, Fed. R. Civ. Proc. 50(c)(1) explicitly required the Court to decide Defendants' Rule 59(e) motion when it granted Defendants' Rule 50 motion for judgment as a matter of law.

With regard to the second question, Defendants abandoned their Rule 59(e) motion by not raising the issue to this Court or the Second Circuit on appeal.

## ARGUMENT

### POINT I

### THIS COURT WAS REQUIRED TO DECIDE DEFENDANTS' RULE 59(E) MOTION FOR A NEW TRIAL WHEN IT GRANTED DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Fed. R. Civ. Proc. 50(c)(1), entitled "Granting the Renewed Motion; Conditional Ruling on a Motion for a New Trial", states:

> If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.

Fed. R. Civ. Proc. 50(c)(1) (emphasis added).

Accordingly, Fed. R. Civ. Proc. 50(c)(1) explicitly mandated this Court to conditionally rule on Defendants' Rule 59(e) motion when this Court granted Defendants' Rule 50 motion for judgment as a matter of law.

POINT II

**DEFENDANTS ABANDONED THEIR MOTION FOR A NEW TRIAL**

*Grant* v. *Hazelett Strip-Casting Corp.*, 880 F.2d 1564 (2d Cir. 1989) is instructive in answering the Court's second question. There, like here, the district court did not rule on the defendant's alternative motion for a new trial when it granted judgment n.o.v. The Second Circuit, relying on the Seventh Circuit's decision in *Oberman* v. *Dun & Bradstreet, Inc.*, 507 F.2d 349 (7th Cir. 1974) that a "motion for new trial is abandoned if not pursued following entry of judgment n.o.v." (*Oberman*, 507 F.2d at 353), and its broad power, concluded that "[u]nder the circumstances of this case, including the fact that [the defendant] fails to raise any reason for a new trial on appeal … we see no reason to deprive [the plaintiff] of the benefit of the jury's verdict", and the Court directed the district court to vacate its judgment n.o.v. on the plaintiff's retaliation claim. *Id*. at 1571. As the Court explained "if the court of appeals may reverse the *grant* of a new trial and order entry of judgment on the verdict, and it seems settled that we may do so, it would seem absurd to hold that the remedy is circumscribed by the failure of the district judge to follow the command of rule 50(c) to rule on the motion for a new trial." *Id*. quoting *Mays v. Pioneer Lumber Corp.*, 502 F.2d 106, 110 (4th Cir. 1974). Although the Second Circuit did not explicitly hold the new trial motion abandoned under such circumstances, it made no attempt to decide on the merits whether a new trial was warranted, but rather, reinstated the jury's verdict. Accordingly, its conclusion was the equivalent of deeming the motion abandoned.

3

The facts behind the *Oberman* case cited by the Second Circuit in *Grant* are also instructive.  In *Oberman*, following trial, the district court granted judgment as a matter of law but did not rule on a motion for a new trial.  The Seventh Circuit concluded that the motion for a new trial was abandoned because the defendant failed to press on the trial court after the grant of judgment as a matter of law regardless of whether the issue was raised on appeal.  *Id*. at 353.  The Seventh Circuit has reached the same conclusion in other cases.  *See Henderson* v. *DeRobertis*, 940 F.2d 1055, 1057 n.1 (7th Cir. 1991); *Vera Cruz v. Chesapeake & O. R. Co.*, 312 F.2d 330 (7th Cir.), *cert. denied*, 375 U.S. 813, 84 S. Ct. 44, 11 L. Ed. 2d 49 (1963).

Other Circuits have adopted an abandonment rule as well.  In the Eleventh Circuit, "[w]here a Defendant fails to pursue his motion for a new trial with the district court after the court grants JMOL without making the alternative ruling required by Fed. R. Civ. P. 50(c)(1), and the Defendant fails to argue for a new trial ruling on appeal, [] the issue [i]s abandoned." *Christopher* v. *Florida*, 449 F.3d 1360, 1365 n.3 (11th Cir. 2006); *see also Edwards* v. *Board of Regents of the University of Georgia*, 2 F.3d 382, 384 n.6 (11th Cir. 1993) (where the "[a]ppellee failed to pursue its motion for a new trial with the district court after the grant of j.n.o.v. and failed to argue for a ruling on that motion on this appeal[,] [w]e are not obliged to remand for such a ruling, and we deem that motion abandoned.")

The Fifth Circuit has reached the same conclusion as the Eleventh Circuit.  In *Arenson v. Southern University Law Center*, 43 F.3d 194, 196 (5th Cir. 1995), after the plaintiff prevailed before a jury, the district court granted defendants' motion for judgment as a matter of law, but did not rule on their alternative motion for a new trial.  *Id*. at 195. On appeal, the court reversed the judgment of the district court and reinstated the jury's verdict. *Id*.  The defendants then sought a ruling from the district court on their motion for a new trial. *Id*. at 196. The court

4

granted the motion, and the defendants prevailed at the second trial. *Id*. On appeal for the second time, the Fifth Circuit held that the district court erred in granting defendants' motion for a new trial, explaining that "when the defendants failed to seek a ruling from the district court on their motion for new trial and failed to mention the new trial motion on appeal, they had abandoned the motion." *Id*. The Fifth Circuit explained that Rule 50 "effectively set up a use-it-or-lose-it system" requiring the party moving for a new trial to obtain a ruling for the benefit of the appellate court in case the judgment as a matter of law is reversed, or otherwise lose the right to the new trial. *Id*. at 198. In its analysis, the Court explained "the delay and waste of judicial resources that can occur if parties are allowed to resuscitate dormant motions for new trial after the appeals court has once considered a judgment." *Id*. at 196. This makes sense and equally applies here where Dr. Edelman was fired in 2020, received a $700,000 jury verdict in her favor in July 2023 and is still waiting for a final judgment. And Defendants have already stated that they plan to appeal a negative decision from this Court on their Rule 59 motion. NYSCEF Docket Entry 322 at 17. As the *Arenson* court aptly explained:

> the [district] court's error resulted in exactly the type of piecemeal litigation that the framers of Rule 50(c)(1) sought to avoid. This case, in which the parties have experienced an extra appeal and trial, exemplifies the delay and waste of judicial resources that can occur if parties are allowed to resuscitate dormant motions for new trial after the appeals court has once considered a judgment.

*Id*. Therefore, the purpose of Rule 50(c)(1) is to have finality upon the conclusion of a trial and not piecemeal litigation and appeals.

The Fifth Circuit has reached this conclusion in other cases. See *Johnstone v. Johnstone*, 7 F.3d 1217 (5th Cir 1993) ("Because the plaintiffs failed to obtain a ruling on their alternative motion for a new trial from the magistrate judge, and also failed to raise the issue on appeal, we hold that the plaintiffs have abandoned it.")

The Second Circuit appears to have further adopted the reasoning of *Arenson* concerning requisite notice to the appellate court by a party seeking a new trial (discussed *infra*) in *Otero v. Bridgeport Hous. Auth.*, 98 F. App'x 899, 900 (2d Cir. 2004). In *Otero*, the district court did not rule conditionally on defendants' motion for a new trial under violated Fed. R. Civ. P. 50(c)(1), yet expressly declined to rule on the motion for a new trial when it granted judgment as a matter of law. The defendants emphasized this fact and requested the Second Circuit to "remand the case for resolution of [defendants' alternative] motions." *Id*. at 900. The Second Circuit "granted that request and remanded rather than merely order the district court to reinstate the jury's verdict. This was consistent with 'our broad power in this area'; although 'a remand is not automatic,' it is well established that 'appellate courts often remand such cases to the trial court for reconsideration of the motion for a new trial.'" *Id. quoting Grant 880 F.2d* at 1571 and *citing Arenson v. S. Univ. Law Ctr.*, 963 F.2d 88, 89-90 (5th Cir. 1992) (dismissing for lack of jurisdiction a party's appeal from an order granting a new trial, which followed the Fifth Circuit's reversal of a grant of judgment notwithstanding the verdict, despite the district court's earlier noncompliance with Fed. R. Civ. P. 50(c)(1)). Here, the facts are similar to *Otero* with one (1) significant exception – NYU and Antonik never requested that the Second Circuit remand the case for its alternative motion for a new trial. Since remand is not "automatic", the Second Circuit here did not do so and instead instructed this Court as follows:

> VACATE the District Court's decision granting judgment notwithstanding the verdict as to Edelman's retaliation claims against Antonik under the NYSHRL and the NYCHRL, and against NYU under Title VII, the NYSHRL, and the NYCHRL, and REMAND with instructions to reinstate the jury's verdict on those claims.

*Edelman v. NYU Langone Health Sys.*, 141 F.4th 28, 54 (2d Cir. 2025).

In *Caprio v. Bell Atl. Sickness & Acc. Plan*, 374 F.3d 217 (3d Cir 2004), in dicta, the Third Circuit also addressed this issue when it explained "if the party does not notify the court of this procedural requirement [under Fed. R. Civ. Proc. 50(c)(1)] it may lose the possibility of obtaining a new trial if the judgment as a matter of law in its favor is reversed." This is appropriate since it is the moving party seeking the new trial who is expected to advocate, and when the movant remains silent, it constitutes waiver and abandonment of that argument. *See Totalplan Corp. of Am. V. Colborne*, 14 F3d 824 (2d Cir 1994) (failure to raise res judicata constitutes waiver).

Defendants rely on *Newton v. City of NY*, 171 F. Supp. 3d 156 (S.D.N.Y. 2016), where the Court concluded that a motion for a new trial was not abandoned because the Second Circuit was on notice that these motions had never been decided. The court noted that "defendants' Opposition Brief on Appeal explained, with respect to the post-trial proceedings below, that: '[a]lternatively, defendants [had] moved for a new trial or remittitur of the damages award.'" *Id*. at 168.

Here, unlike *Newton*, Defendants did <u>not</u> notify the Second Circuit about their Rule 59(e) motion. Indeed, Defendants concede "[b]ecause <u>the Remittitur Motion was not raised on appeal</u>, it was not addressed by the Second Circuit at all." *See* ECF Docket Entry 312 at 10 (emphasis added). Defendants then attempt to hedge by arguing that the Second Circuit "had not only the [District] Court's decision, explicitly stating that it would not be addressing the Remittitur Motion given its decision on the Rule 50 motion, but also the briefing which included the Remittitur Motion itself." *Id*. 13. However, Defendants failed to explicitly notify the Second Circuit in their briefing, as the defendant in *Newton* did, that the District Court failed to decide their Rule 59(e) motion as the District Court was required to do under Fed. R. Civ. P. 50(c)(1) or that Defendants were seeking a new trial as an alternative remedy in the event the Second Circuit reversed this Court's decision vacating the jury's verdict.

Notably, here, Defendants' appellate brief contains a section entitled "Procedural History" wherein Defendants explained various motions filed by the parties, including that both sides filed post-trial motions for judgment notwithstanding the verdict under Rule 50. 2nd Circuit ECF Docket Entry 56.1 at 21-23. Defendants chose to not explicitly inform the Second Circuit that the District Court did not decide their Rule 59(e) motion, likely so that Defendants can engage in piecemeal appeals that the framers of Rule 50(c)(1) sought to avoid in an attempt to delay the entry of judgment. Defendants have stated the possibility that they may appeal the decision on the Rule 59(e) motion if there is one (which there should not be as it has been abandoned). NYSCEF Docket Entry 322. Endless appeals are precisely what Rule 50(c)(1) is designed to prevent.

Defendants' failure to explicitly inform the Second Circuit about the District Court's failure to decide their Rule 59(e) motion must render this issue abandoned.[1]

### CONCLUSION

Based on the foregoing, Defendants' motion under Rule 59(e) must be denied.

Dated:    Lake Success, New York
      October 14, 2025           Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Joseph M. Labuda
   Joseph M. Labuda, Esq.
   Jamie S. Felsen, Esq.
   3000 Marcus Avenue, Suite 3W8
   Lake Success, New York 11042
   (516) 328-8899 (office)
   (516) 328-0082 (facsimile)
   joe@mllaborlaw.com
   jamie@mllaborlaw.com

---

[1] *Newton* also concluded that there was no waiver because Rule 50 does not refer to waiver whereas other provisions of the Federal Rules of Civil Procedure, such as Rule 12(h) expressly provide for waiver based on certain conduct by the parties. However, Rule 12(h) pertains to specific obligations of the parties to plead certain defenses to avoid waiving defenses whereas Rule 50(c)(1) pertains to an obligation of the Court. Moreover, as explained in *Arenson* the purpose of Rule 50(c)(1) is to avoid "exactly th[is] type of piecemeal litigation." *Arenson*, *43 F.3d* at 196.

9

*Attorneys for Plaintiff Dr. Sari Edelman*