UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. SARI EDELMAN,<br><br>Plaintiff,<br><br>– against –<br><br>NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,<br><br>Defendants. | Case No. 1:21-cv-502 (LJL)<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW TO ADDRESS THE COURT'S QUESTIONS POSED IN ITS OCTOBER 8, 2025 ORDER

## TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................................... 3

    I.    THE REMITTITUR MOTION WAS NOT ABANDONED ................................. 3

        A.    Discussion ................................................................................................... 3

            1.    Conditional Decision of the Remittitur Motion was Appropriate ................................................................................... 3

            2.    The Lack of a Conditional Decision Does Not Result in Abandonment of the Remittitur Motion ........................................... 3

CONCLUSION ....................................................................................................................... 8

002528\5\180173654.v3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arenson. Jennings v. Jones*,
  479 F.3d 110 (1st Cir. 2007) ................................................................................................ 6

*Arenson v. Southern Univ. Law Center*,
  43 F.3d 194 (5th Cir. 1995) ............................................................................................ 2, 6

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
  498 U.S. 533 (1991) ........................................................................................................... 4

*Edwards v. Bd. of Regents of Univ. of Ga.*,
  2 F.3d 382 (11th Cir. 1993) ............................................................................................... 6

*Freund v. Nycomed Amersham*,
  347 F.3d 752 (9th Cir. 2003) ............................................................................................. 5

*Grant v. Hazelett Strip-Casting Corp.*,
  880 F.2d 1564 (2d Cir. 1989) ......................................................................................... 4, 5

*Jennings v. Jones*,
  499 F.3d 2 (1st Cir. 2007) ............................................................................................. 5, 6

*Mays v. Pioneer Lumber Corp.*,
  502 F.2d 106 (4th Cir. 1974) ............................................................................................. 5

*McGrory v. City of New York*,
  No. 99 Civ. 4062, 2004 WL 2290898 (S.D.N.Y. Oct. 8, 2004) ........................................ 3

*Newton v. City of New York*,
  171 F. Supp. 3d 156 (S.D.N.Y. 2016) .................................................................... 2, 6, 7, 8

*Nodak Oil Co. v. Mobil Oil Corp.*,
  526 F.2d 798 (8th Cir. 1975) ............................................................................................. 5

*Oberman v. Dun & Bradstreet, Inc.*,
  507 F.2d 349 (7th Cir. 1974) ............................................................................................. 6

*Phillips v. Ceribo*,
  Civ. No. 81-00124, 1982 WL 30792 (D. Guam Nov. 15, 1982) ....................................... 5

*Rhone Poulenc Rorer Pharmaceuticals, Inc. v. Newman Glass Works*,
  112 F. 3d 695 (3d Cir. 1997) ............................................................................................. 5

*Silge v. Merz*,
    510 F.3d 157 (2d Cir. 2007)..................................................................................................4

*Stampf v. Long Island R. Co.*,
    761 F. 3d 192 (2d Cir. 2014).................................................................................................3

*Szekeres v. CSC Trans., Inc.*,
    731 F.3d 592 (6th Cir. 2013) ................................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 50(c) ........................................................................................... 4

Defendants submit this supplemental memorandum of law in further support of their renewed motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e) (the "Remittitur Motion"), in accordance with the instructions in the Court's October 8, 2025 order (ECF Doc. No. 324; the "Order").

At issue is Defendants' Remittitur Motion, to lower the front pay amount awarded to Plaintiff due to the lack of evidentiary support for the number. Defendants originally moved for remittitur along with Defendants' motion for judgment as a matter of law ("JNOV Motion"). The Court granted judgment as a matter of law and, as a result, did not decide the Remittitur Motion. The decision on the JNOV Motion was reversed by the Court of Appeals for the Second Circuit, and Defendants have renewed the Remittitur Motion. Plaintiff argues that the mandate from the Court of Appeals precludes reconsideration of the Remittitur Motion, and this Court has posed two questions:

1. "whether the Court was obliged by Federal Rule of Civil Procedure 50(c) to rule on the motion for a new trial in the affirmative when it granted Defendants' Rule 50 motion for judgment as a matter of law"; and

2. "whether, the Court having not done so and Defendants not having raised the issue either in the form of a motion to the District Court or on appeal, Defendants should be deemed to have abandoned the issue."

Defendants respectfully submit that the answer to the first question is yes, but the answer to the second question is no.

The text of Rule 50(c) states that a conditional ruling is required for "any motion for a new trial." Had the Court granted the motion for remittitur, a motion submitted under Rule 59, Defendants would have had the option of accepting the new amount or electing a new trial on front

1

pay damages. Accordingly, and given the dictates of Rule 50(c)(1), it does appear that the Court should have issued a conditional ruling on a motion for remittitur at the time it granted the JNOV Motion. Nonetheless, the Court should not now hold that the Remittitur Motion was abandoned by Defendants.

The Federal Rules of Civil Procedure do not provide any consequence regarding the Court's failure to conditionally rule on a motion for new trial where it is granting a motion for judgment as a matter of law. Thus, nothing in the Federal Rules suggests that any such motion not conditionally ruled upon is abandoned or waived by the parties.

As is detailed below, the Second Circuit has not expressly ruled on the precise issue before the Court but has recognized that abandonment is not automatic, as it has noted how appellate courts often remand the undecided motions for the district court to consider. Other circuit courts have considered the question of abandonment under facts similar to those in this case. Some circuits, such as the Fifth Circuit in the case noted in the Order, have found the undecided motion to be abandoned, but other circuits, such as the First Circuit, have held the opposite. Most of the circuits have not squarely addressed the question.

The Second Circuit has never ruled on the precise issue in this case and, accordingly, has never adopted a rule like that found in the Fifth Circuit. Authority in the Southern District of New York, however, rejects the notion of abandonment. This issue was squarely addressed by Judge Scheindlin in *Newton v. City of New York*, where she held – two decades after the *Arenson* decision in the Fifth Circuit – that the proper treatment of an undecided motion for new trial and remittitur in a similar situation was to consider it on remand.

Because the Federal Rules do not mandate a finding of abandonment, because there is no such authority within the Second Circuit, and because it would be manifestly unfair for Defendants

in this case, the Remittitur Motion should be heard and decided. Accordingly, Defendants respectfully maintain their pending request that the court decide the Remittitur Motion in their favor.

## ARGUMENT

### I. THE REMITTITUR MOTION WAS NOT ABANDONED

#### A. Discussion

##### 1. Conditional Decision of the Remittitur Motion was Appropriate

The Federal Rules of Civil Procedure provide that a court is to conditionally rule on a motion for a new trial at the time it grants a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(c)(1). Defendants here did not and do not seek a new trial on front pay damages; Defendants seek remittitur. But if the Remittitur Motion is granted, Plaintiff would have an opportunity to accept remittitur or accept a new trial on the amount of front pay damages. *Stampf v. Long Island R. Co.*, 761 F. 3d 192, 204 (2d Cir. 2014) (identifying remittitur as "the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial"); *McGrory v. City of New York*, No. 99 Civ. 4062, 2004 WL 2290898, *16 (S.D.N.Y. Oct. 8, 2004) (providing plaintiff option to elect between remittitur or new trial on damages subject to the remittitur motion). Accordingly, Rule 50(c)(1) is applicable, and the Court should have issued a conditional ruling on the Remittitur Motion at the time it granted the JNOV Motion.

##### 2. The Lack of a Conditional Decision Does Not Result in Abandonment of the Remittitur Motion

The Court's second question asks whether the lack of such a conditional ruling and the Defendants not raising the lack of a ruling constituted abandonment of the Remittitur Motion. The answer is no.

3

The Federal Rules themselves do not provide or require a finding that the Remittitur Motion was abandoned. Federal Rule of Civil Procedure 50(c) states in its entirety

> **(c) Granting the Renewed Motion; Conditional Ruling on a Motion for a New Trial.**
>
> **(1) *In General.*** If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.
>
> **(2) *Effect of a Conditional Ruling.*** Conditionally granting the motion for a new trial does not affect the judgment's finality; if the judgment is reversed, the new trial must proceed unless the appellate court orders otherwise. If the motion for a new trial is conditionally denied, the appellee may assert error in that denial; if the judgment is reversed, the case must proceed as the appellate court orders.

Fed. R. Civ. P. 50(c). There is nothing in the text of Rule 50(c) that says the lack of a conditional decision renders a motion abandoned. More broadly, Rule 50 as a whole says nothing to that effect. As "[w]e give the Federal Rules of Civil Procedure their plain meaning" (*Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540-41 (1991)), the lack of any statement that a motion for a new trial – or a motion for remittitur – is abandoned if no conditional decision is made weighs against any claim that such a result is mandated.

Beyond the Federal Rules, there is no controlling authority for holding that the Remittitur Motion was abandoned. The Second Circuit has never adopted a rule that a motion must be considered abandoned if a conditional ruling under Rule 50(c) was not made and the moving party had not raised the issue in a subsequent motion or on appeal. To the contrary, the Second Circuit has noted that "appellate courts often remand such cases to the trial court for reconsideration of the motion for a new trial" when the district court has not provided a conditional decision on a motion for a new trial. *Grant v. Hazelett Strip-Casting Corp.*, 880 F.2d 1564, 1571 (2d Cir. 1989).

4

This confirms that abandonment is not automatic, as otherwise remanding for reconsideration would not even be a possibility.

In other circuits, there is authority going both ways. For decades, as a rule "[u]nder the majority of federal precedents, the appellate court must remand for a ruling on the new trial motion if the trial court did not originally dispose of the action." *Phillips v. Ceribo*, Civ. No. 81-00124, 1982 WL 30792, *4 (D. Guam Nov. 15, 1982). In addition to the Second Circuit's confirmation that remanding to permit the district court to decide the pending motion is the common resolution where a district court has not decided a motion due to the grant of judgment notwithstanding a verdict (*Grant*, 880 F.2d at 1571)), the First, Third, Fourth, Sixth, Eighth, Ninth, and Tenth Circuits have all rejected an argument that abandonment was required and/or explained that remanding is the common response when faced with an undecided motion implicated by Rule 50(c). *See, e.g., Jennings v. Jones*, 499 F.3d 2, 21 (1st Cir. 2007) (remanding new trial motion); *Rhone Poulenc Rorer Pharmaceuticals, Inc. v. Newman Glass Works*, 112 F. 3d 695, 698-99 (3d Cir. 1997) (electing to remand to allow the district court to decide new trial motion); *Mays v. Pioneer Lumber Corp.*, 502 F.2d 106, 109-10 (4th Cir. 1974) (explaining that motion would not be abandoned, as "it would be absurd to hold that we may not grant similar relief because of the error of the district judge in failing to either grant or refuse the motion for a new trial", but electing to decide the motion instead of remanding it); *Szekeres v. CSC Trans., Inc.*, 731 F.3d 592, 604-05 (6th Cir. 2013) (deciding between remand and deciding new trial motion not conditionally decided by district court); *Nodak Oil Co. v. Mobil Oil Corp.*, 526 F.2d 798, 798 (8th Cir. 1975) (remanding undecided motion for new trial following grant of a motion for judgment notwithstanding the verdict); *Freund v. Nycomed Amersham*, 347 F.3d 752, 764-65 (9th Cir. 2003) (explaining option where a district court has not provided a conditional decision as "to either remand to the district court to let it

5

decide the new trial motion or to decide the new trial motion ourselves") (citation omitted). Only the Fifth, Seventh, and Eleventh Circuits appear to have entertained a categorical rule of abandonment in situations similar to here. *Arenson v. Southern Univ. Law Center*, 43 F.3d 194 (5th Cir. 1995); *Oberman v. Dun & Bradstreet, Inc.*, 507 F.2d 349, 353 (7th Cir. 1974); *Edwards v. Bd. of Regents of Univ. of Ga.*, 2 F.3d 382, 384 n. 6 (11th Cir. 1993).

While the Court referenced *Arenson* in its Order, the mere fact that it and some other circuits have adopted such a rule does not require the Second Circuit to do similarly. Despite *Arenson* being over three decades old, giving the Second Circuit ample time to embrace the decision if it wished to do so, neither *Arenson* nor its reasoning have ever been so adopted.

Moreover, *Arenson* is not followed in other circuits. For example, the First Circuit has remanded the new trial question after vacating a decision on a motion for judgment notwithstanding the verdict, explaining:

> [a]t the close of trial, in addition to his motion for judgment as a matter of law, Jones filed alternative motions for a new trial and a remittitur. After granting his motion for judgment as a matter of law, the district court held that the alternative motions were moot. This holding was error. Federal Rule of Civil Procedure 50(c)(1) requires the district court to rule conditionally on such motions in the event that the grant of judgment as a matter of law is overturned on appeal.
>
> We now remand to the district court for a ruling on the undecided motions.

*Jennings v. Jones*, 499 F.3d 2, 21 (1st Cir. 2007). In *Jennings*, the First Circuit reversed an earlier decision in that litigation had adopted a rule similar to *Arenson*. *Jennings v. Jones*, 479 F.3d 110 (1st Cir. 2007). Despite the fact that Jones had not challenged the district court's failure to conditionally decide its motions and had not raised those motions on appeal, the First Circuit granted reargument and withdrew that earlier decision accepting *Arenson*.

The only case within the Second Circuit squarely addressing this issue is Judge Scheindlin's decision in *Newton v. City of New York*. On remand, Newton argued that defendants'

6

002528\5\180173654.v3

undecided motions for a new trial and remittitur were not properly before the district court because "defendants abandoned these motions in failing to pursue them before or on appeal." *Newton v. City of New York*, 171 F. Supp. 3d 156, 166 (S.D.N.Y. 2016).  While Judge Scheindlin acknowledged that the court had "erred in its May 12, 2011 Decision by not conditionally ruling . . . on defendants' Rule 59 motions" (*id.*), she explained that "[a]n examination of the case law, text of Rule 50, and policy considerations on both sides leads me to conclude that defendants are entitled to a post-remand ruling on their pending Rule 59 motions." *Id.*  This is exactly the issue before this Court, and Judge Scheindlin reached exactly the result urged by Defendants herein.

Reasoning through the question, Judge Scheindlin noted that the Federal Rules did not require a finding of abandonment.  She explained that there was no uniform rule, either within or outside of the Second Circuit.  And she explained how multiple cases in the Second Circuit showed the Second Circuit considered the standard rule when a district court had not conditionally decided a pending Rule 59 motion was to remand the undecided motion for a new trial (or remittitur) to be decided by the district court.  *See id.*, at 167-68.

Moreover, the *Newton* court highlighted the fundamental harm that would ensue if a defendant were found to have abandoned its properly filed motion despite the Second Circuit having no rule requiring abandonment of such motions:

> Given the state of the law, it follows that there would be a fundamental unfairness in deeming defendants' Rule 59 motions abandoned. Defendants, litigating within the Second Circuit, cannot be expected to have anticipated being held to a rule regarding abandonment that the Second Circuit had not adopted. Further, the Second Circuit does not have a blanket rule requiring parties to seek reconsideration of erroneous trial court rulings. Nor does the Second Circuit require appellees (as defendants were, having prevailed on their Rule 50(b) motion) to brief issues not raised by the appellant or file cross-appeals. And although Newton certainly has a significant interest in the resolution of this litigation, he too failed to avail himself of earlier opportunities to alert the trial and/or appellate courts to the Rule 50(c)(1) oversight. For these reasons, this Court will not shift the burden of its error in not conditionally ruling onto defendants.

7

*Id.*, at 168-89.  These same harms should not be imposed on Defendants when no such rule has been set forth by the Second Circuit.

There is no basis to find abandonment of the Remittitur Motion.  The Federal Rules do not require it.  The Second Circuit does not require it and has never adopted the hardline rule found in the Fifth Circuit.  And the exact issue was addressed, and rejected, in the case in this district with the most similar procedural posture to this current litigation.  All things considered, this Court should rule that the Remittitur Motion remains live and should be decided by the Court.

## CONCLUSION

For these reasons, the Remittitur Motion was not abandoned and should not be found to be abandoned.  Defendants respectfully request that their Remittitur Motion be granted.

Dated: New York, New York
October 14, 2025

        **TARTER KRINSKY & DROGIN LLP**
        *Attorneys for Defendants*

        By: */s/ Richard L. Steer*
            Richard L. Steer
            Richard C. Schoenstein
            Ingrid J. Cardona
            1350 Broadway, 11th Floor
            New York, New York 10018
            (212) 216-8000
            rsteer@tarterkrinsky.com
            rschoenstein@tarterkrinsky.com
            icardona@tarterkrinsky.com