UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. SARI EDELMAN,

        Plaintiff,

– against –

DAVID KAPLAN,

        Defendants.

Case No.: 1:21-cv-502 (LJL)

**PROPOSED**
**VERDICT FORM**

**PLEASE FOLLOW ALL INSTRUTIONS, CHECK (√) YOUR ANSWERS, AND FILL IN THE BLANKS**

*All Answers Must Be Unanimous*

**I.   New York State Human Rights Law Retaliation Claim Against David Kaplan**

1. Has Dr. Edelman proved by a preponderance of the evidence that David Kaplan committed an adverse act against her because of her protected conduct under New York State Human Rights Law?

        YES: _____ NO:_____

2. Has Dr. Edelman proved by a preponderance of the evidence that David Kaplan aided or abetted an adverse act against her because of her protected conduct under New York State Human Rights Law?

[You may only answer this question if you answered "YES" in the previous question.]

        YES: _____ NO:_____

**II.   New York City Human Rights Law Retaliation Claim Against David Kaplan**

3. Has Dr. Edelman proved by a preponderance of the evidence that David Kaplan's conduct was motivated, at least in part, by Plaintiff's protected activity?

        YES: _____ NO:_____

1

4. Has Dr. Edelman proved by a preponderance of the evidence that David Kaplan engaged in conduct reasonably likely to deter a person from engaging in the alleged protected activity?

YES: _____ NO:_____

5. Has Dr. Edelman proved by a preponderance of the evidence that David Kaplan aided or abetted conduct that was reasonably likely to deter a person from engaging in the alleged protected activity?

[You may only answer this question if you answered "YES" to Question 3 and answered "YES" to Question 4.]

YES: _____ NO:_____

### III. Damages relating to Retaliation Claim under the New York State Human Rights Law and New York City Human Rights Law.

*(Defendant objects to this entire section and respectfully submits that this section is subject to this Court's decision on Defendant's motion in limine and pending motion for remittitur.)*

6. If you found that David Kaplan committed retaliation under the New York State Human Rights Law or the New York City Human Rights Law, continue to Question 7. If you did not find retaliation under any statute, please stop here.

YES: _____ NO: _____

7. Plaintiff's Proposed Language: Did Dr. Edelman suffer monetary damages for complaining to Human Resources about alleged discrimination?[1]

---

[1] Defendant objects to Plaintiff's language because it is overbroad. The issue at this trial is whether alleged retaliation by David Kaplan caused her to incur damages. Under Plaintiff's language, this trial would not be necessary because we already know that NYU was found liable for retaliation.

Plaintiff disagrees with Defendant's objection. The parties agreed and this Court approved and utilized this same question in the verdict form for the first trial which was issued to the first jury. There is basis to change this question from one defendant to another. Moreover, nothing in question 7 asks whether NYU is liable.

Defendant's Proposed Language: Did Dr. Edelman suffer monetary damages because of retaliation committed by David Kaplan?

NYSHRL:         YES: _____   NO: _____

NYCHRL:         YES: _____   NO: _____

8. If your answer to the preceding question is YES, then what amount of back pay should Dr. Edelman be awarded?[2]

   Back Pay: $_____

9. If your answer to Question 7 is YES, then what amount of front pay should Dr. Edelman be awarded?[3]

   Front Pay: $_____

---

[2]  Defendant objects to this Question because it incorporates language that is not at issue at this trial and was already decided by a jury. The questions for this trial should relate to the actions taken by David Kaplan.

Plaintiff disagrees with Defendant's objection as the claims against Mr. Kaplan were not tried and Dr. Edelman is entitled to a separate judgment against Mr. Kaplan. Moreover, this jury may conclude that Dr. Edelman is entitled to more damages, less damages, or no damages in connection with Mr. Kaplan.

[3]  Defendant objects to this Question because it incorporates language that is not at issue at this trial and was already decided by a jury. The questions for this trial should relate to the actions taken by David Kaplan.

Plaintiff disagrees with Defendant's objection. The parties agreed and this Court approved and utilized this same question in the verdict form for the first trial which was issued to the first jury. There is basis to change this question from one defendant to another. Moreover, the claims against Mr. Kaplan were not tried and Dr. Edelman is entitled to a separate judgment against Mr. Kaplan. This jury may conclude that Dr. Edelman is entitled to more damages, less damages, or no damages in connection with Mr. Kaplan.

3

10. If your answer to Question 7 is YES, then what amount of compensatory damages for emotional distress should Dr. Edelman be awarded?[4]

Compensatory damages: $_____

After completing the form, each juror who agrees with this verdict must sign below:

_____    _____
Foreperson

_____    _____


_____    _____


_____    _____


Dated:    _____

_____

---

[4] Defendant objects to this Question because it incorporates language that is not at issue at this trial and was already decided by a jury. The questions for this trial should relate to the actions taken by David Kaplan.

Plaintiff refers to her response in footnote 3.

4