UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. SARI EDELMAN,

                        Plaintiff,

      -against-                               Case No.: 1:21-cv-502 (LJL) (GWG)

NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,

                        Defendants.
------------------------------------------------------------------X

# PLAINTIFF'S MOTION IN LIMINE CONCERNING EMOTIONAL DISTRESS TESTIMONY

**MILMAN LABUDA LAW GROUP PLLC**
Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
jamie@mllaborlaw.com

*Attorneys for Plaintiff*
*Dr. Sari Edelman*

**PRELIMINARY STATEMENT**

Plaintiff Sari Edelman ("Dr. Edelman" or "Plaintiff") respectfully submits this motion in limine regarding Dr. Edelman's emotional distress in relation to her special needs child and the family's relocation to Florida following NYU's failure to renew her contract. This motion is necessary to ensure that testimony at trial remains within the scope previously authorized by the Court and to preempt anticipated objections and disputes over what constitutes permissible "background" as opposed to impermissible detail. Plaintiff does not seek to expand the Court's prior ruling on the record on June 27, 2023 and in the June 30, 2023 Memorandum & Order (see Felsen October 22, 2025 Declaration, Exhibits 1 and 2 respectively), but rather to seek clarity for questioning of Dr. Edelman consistent with the Court's authority to manage the course of trial and rule in advance on the admissibility of forecasted evidence. *See Gunn v. Sergeant*, 2024 U.S. Dist. LEXIS 175418, at 4 (S.D.N.Y. September 27, 2024) ("The purpose of an in limine motion is allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."). Alternatively, if the Court determines that the requested clarification would not sufficiently address the risk of prejudice or confusion, Plaintiff respectfully requests bifurcation of liability and damages pursuant to Fed. R. Civ. P. 42(b).

**THE COURT'S PRIOR RULINGS DATED JUNE 27, 2023 AND JUNE 30, 2023**

In its June 27, 2023 oral ruling on Defendants' motion in limine, the Court excluded evidence and testimony regarding the specific costs associated with Dr. Edelman's daughter's therapy, tuition, and other out-of-pocket expenses, as well as details about the child's diagnosis or regression, finding such evidence to be "extremely attenuated" and likely to "prejudice the jury by playing upon their sympathies and would waste time." *See* Felsen Decl. Ex. A at 45. However, the Court expressly permitted Dr. Edelman to testify about her own emotional distress, including

1

the impact of the non-renewal and the move on herself, stating: "The Plaintiff may testify regarding the impact of the non-renewal on herself, e.g., did the move cause her any anxiety, sleeplessness, sorrow, despondency, humiliation, depression, and the like." *Id*. at 46.  In its June 30, 2023 Memorandum & Order, the Court further recognized that "evidence of Plaintiff's background and personal circumstances may be admissible to show her mental state and the impact of the termination on her mental state."  *See* Felsen Decl. Ex. 2 at 18.

## ARGUMENT

Courts in this Circuit recognize that a plaintiff's testimony about her particular circumstances—including family and lifestyle facts that compound emotional distress—is relevant and admissible in support of garden variety emotional distress claims. *See Hill v. Airborne Freight Corp.*, 212 F. Supp. 2d 59 (E.D.N.Y. 2002) (affirming damages where plaintiff's emotional distress was <u>compounded by family disruption</u> and inability to fulfill parental responsibilities); *Olsen v. County of Nassau,* 615 F. Supp. 2d 35 (E.D.N.Y. 2009) (upholding emotional distress awards where plaintiff's testimony described how workplace discrimination caused stress and anxiety that affected her relationships with spouse and children); *Figueroa v. KK Sub II, LLC*, 2019 U.S. Dist. LEXIS 38451 (W.D.N.Y. Mar. 11, 2019) (in determining emotional distress damages, considering financial restraints caused by discriminatory termination that changed plaintiff's living situation and family dynamic); *Caravantes v. 53rd Street Partners, LLC*, No. 09 Civ. 7821, 2012 U.S. Dist. LEXIS 120182 (S.D.N.Y. Aug. 23, 2012) (considering marital problems in determining emotional distress damages in sexual harassment case); *Martino v Chenel Capital, LLC*, 235 AD3d 498 (1st Dept 2025) (concluding that under NYSHRL and NYCHRL, the plaintiff was entitled to emotional distress damages in connection with a relationship strain impacted by the discrimination); *Fink v. City of New York*, 129 F.Supp.2d 511 (E.D.N.Y. 2001)

(crediting testimony about sleeplessness, headaches, and marital problems as relevant to the extent and persistence of emotional distress); *Zinaman v. Kingston Reg'l Senior Living Corp.*, 2014 U.S. Dist. LEXIS 8776, at 5-6 (N.D.N.Y. Jan. 23, 2014) (permitting plaintiff to testify to all contributing nuances of her emotional distress, including lifestyle changes resulting from defendant's conduct).

In this matter, Plaintiff seeks to offer testimony strictly limited to her own emotional experience as a mother whose special needs child struggled with the family's relocation to Florida after Plaintiff's contract with NYU was not renewed in retaliation for her lodging a discrimination complaint. Such testimony is directly relevant to her emotional distress claim. She does not seek to introduce evidence regarding her child's diagnosis, regression, or any quantifiable costs associated with therapy, tuition, or other out-of-pocket expenses. This is consistent with the boundaries set by the Court's prior order, which sought to avoid a "mini-trial" on the child's condition or quantifiable damages, but did not bar Plaintiff from describing her own emotional experience as a mother facing these challenges based on her relocation.

Thus, Plaintiff intends on testifying how the move to Florida caused her to suffer emotional distress because, *inter alia*, she witnessed the effects that the new environment after the move to Florida had on her daughter. This sort of testimony is no different than if Plaintiff's husband was unable to find a job after they moved to Florida and it caused financial and emotional strain on their relationship causing Plaintiff to suffer emotional distress. *See e.g. Hill*, 212 F. Supp. 2d at 73 (E.D.N.Y. 2002) (affirming damages where plaintiff's emotional distress was compounded by, *inter alia*, family disruption such as the plaintiff's inability to discharge his financial responsibilities to his wife and three young children resulting in the plaintiff's separation from his wife and him moving in with his mother).

3

In the alternative, if the Court finds a substantial risk of prejudice or confusion remains despite Plaintiff's limited proffered testimony, Plaintiff respectfully requests that the Court order bifurcation of liability and damages pursuant to Fed. R. Civ. P. 42(b). Bifurcation is appropriate under Fed. R. Civ. P. 42(b) where it will avoid prejudice, promote judicial economy, or expedite proceedings. *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (bifurcation is within the Court's discretion to manage the course of trial). In this case bifurcation would further insulate liability phase from any potential prejudice arising from emotional distress testimony and would promote judicial economy and fairness, particularly in light of anticipated disputes over the admissibility and scope of such evidence.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court (1) permit Dr. Edelman to testify regarding her emotional distress—including the impact of the move on her as a mother of a special needs child who struggled with the transition—provided her testimony excludes details about diagnosis, regression, or costs; and (2) direct that objections based on the prior order should be overruled so long as the testimony remains within these boundaries. In the alternative, Plaintiff requests bifurcation of liability and damages if the Court finds a substantial risk of prejudice or confusion.

Dated: Lake Success, NY
      October 22, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Colleen O'Neil
Colleen O'Neil, Esq.
Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042

4

colleen@mllaborlaw.com

5