# EXHIBIT "1"

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   DR. SARI EDELMAN,

 4                  Plaintiff,

 5              v.                             22 CV 502(LJL)

 6   NYU LANGONE HEALTH SYSTEM, et
     al.,
 7
                    Defendants.
 8
     ------------------------------x
 9                                             New York, N.Y.
                                               June 27, 2023
10                                             12:35 p.m.

11   Before:

12                        HON. LEWIS J. LIMAN,

13                                             District Judge

14                            APPEARANCES

15   MILMAN LABUDA LAW GROUP PLLC
          Attorneys for Plaintiff
16   BY:  JOSEPH M. LABUDA
          EMANUEL KATAEV
17
     TARTER KRINSKY & DROGINS LLP
18        Attorneys for Defendants
     BY:  RICHARD C. SCHOENSTEIN
19        RICHARD L. STEER
          INGRID J. CARDONA
20

21

22

23

24

25
```

The motion, therefore, is granted.

Defendants' next preclude plaintiff from offering evidence regarding her special needs child and her volunteer work in Ecuador to treat patients under Rules 401 and 403.

Plaintiff's responds that evidence of her special needs child is relevant to her claim for emotional distress damages because after her employment was not renewed, she was forced to move to Florida for a job.  As a result, she claims her child was uprooted and suffered from behavioral issues due to a regression of autism spectrum disorder, which in turn caused plaintiff emotional distress, docket number 201 at 11. She states that defendants knew plaintiff had a special needs child and learned about this in discovery.  *Id*.

She claims that the trip to Ecuador reflects well in her track record as an accomplished and successful rheumatologist.  *Id*.

The Court grants the motion with respect to the evidence regarding the special needs child for two reasons. First, the evidence of -- the relevance of the evidence regarding the special needs child is extremely attenuated and the introduction of evidence that plaintiff had a special needs child "might prejudice the jury by playing upon their sympathies and would waste time."  *Tardif v. City of New York*, 991 F.3d 394, 409, Second Circuit, 2021.  It would also lead to a mini-trial within this trial, on issues irrelevant to those

1  at issue in this case, including whether the child is on the
2  spectrum and whether the move aggravated the child's condition
3  and forced the child to regress.
4         The plaintiff may testify regarding the impact of the
5  non-renewal on herself, e.g., did the move cause her any
6  anxiety, sleeplessness, sorrow, despondency, humiliation,
7  depression, and the like.  The reasons why she may have been
8  susceptible to those particular emotional reactions is not
9  particularly relevant unless the door is opened on
10 cross-examination.
11        Second, independent of defendants' separate motion to
12 preclude plaintiff from offering any evidence in support of
13 damages for failure to comply with Rule 26(a)(1) and 34, the
14 motion by defendant has merit to the extent that it relates to
15 evidence regarding the special needs child.  Plaintiff produced
16 no evidence in discovery regarding the condition of her child.
17 Nor did she produce evidence that the child was on the spectrum
18 and had regressed because of plaintiff's move.  There's no
19 excuse provided for the failure to provide that evidence,
20 defendants would be prejudice at this stage by the introduction
21 of that evidence, which they could have explored in discovery
22 had the notice been provided and information provided.  Of
23 course, the Court may revisit this ruling and permit some
24 limited testimony from plaintiff depending on the
25 cross-examination of her at trial.