# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. SARI EDELMAN,

                                 Plaintiff,

        -against-

NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, NYU LANGONE MEDICAL CENTER, NYU LANGONE NASSAU RHEUMATOLOGY, NYU SCHOOL OF MEDICINE, NYU GROSSMAN SCHOOL OF MEDICINE, NYU HOSPITALS CENTER, ANDREW T. RUBIN, DAVID KAPLAN, JOSEPH ANTONIK, and JOSHUA SWIRNOW,

                                 Defendants.
------------------------------------------------------------------X

**Case No.: 1:21-cv-502 (LJL) (GWG)**

**PLAINTIFF'S SECOND AMENDED RULE 26 DISCLOSURES**

      Plaintiffs, by and through their counsel Milman Labuda Law Group PLLC, make the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**(A)   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

**RESPONSE:**

    1. Sari Edelman, c/o Milman Labuda Law Group PLLC.  This individual has knowledge about the Plaintiff's claims.

    2. Andrew T. Rubin, c/o Tarter Krinsky & Drogin LLP.  This individual has knowledge about the Plaintiff's claims and Defendants' defenses.

    3. David Kaplan, c/o Tarter Krinsky & Drogin LLP.  This individual has knowledge about the Plaintiff's claims and Defendants' defenses.

    4. Joseph Antonik, c/o Tarter Krinsky & Drogin LLP.  This individual has knowledge about the Plaintiff's claims and Defendants' defenses.

    5. Joshua Swirnow, c/o Tarter Krinsky & Drogin LLP.  This individual has knowledge about the Plaintiff's claims and Defendants' defenses.

6. Dr. Andrew J. Porges, M.D., c/o Tarter Krinsky & Drogin LLP. This individual has knowledge about the Plaintiff's claims and Defendants' defenses.

7. Epic Systems Corporation. This entity has knowledge about documents produced in discovery and the means to authenticate same.

8. All similarly situated persons who are presently or were formerly employed by Defendants.

9. All present and former employees, managers, owners, officers, or shareholders of Defendants or any other entities affiliated with or controlled by Defendants, who have personal knowledge regarding Plaintiff's employment and similarly situated employees.

10. All present and former employees who worked in Defendants' payroll department who have personal knowledge regarding Plaintiff's employment and compensation as well as that of those employees who are similarly situated together with their male counterparts.

(B)    **RELEVANT DOCUMENTS**

**RESPONSE:**

Plaintiff possesses documents, data compilations, and tangible things that are relevant to the disputed facts including but not limited to Plaintiff's agreement with Defendants, correspondence between the parties, and correspondence between Plaintiff and patients. All of the documents referred to above may be inspected at the offices of Milman Labuda Law Group PLLC.

(C)    **COMPUTATION OF DAMAGES**

**RESPONSE:**

Plaintiff claims damages for:

(i) wages consisting of the differential in pay between herself and that of her male counterparts, for past and future loss of wages and benefits, currently calculated at $1,290,000.00, or in in an amount to be determined at trial;[1]

---

[1] Calculated as: (i) $340,000.00 - $207,000.00 = $133,000.00 x two (2) years; plus (ii) $500,000.00 - $278,000.00 = $222,000.00 x two (2) years; plus (iii) $510,000.00 - $278,000.00 = $232,000.00 x two (2) years; plus (iv) $255,000.00 - $139,000.00 = $116,000.00.

(ii) incentive pay consisting of the differential in pay between herself and that of her male counterparts, for past and future loss of such incentive pay, in an amount to be determined at trial;

(iii) back pay and front pay in an amount currently calculated at $137,400.00, or in an amount to be determined at trial;[2]

(iv) liquidated damages currently calculated at $5,160,000.00, or in an amount to be determined at trial;[3]

(v) compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life currently calculated at $1,252,000.00, or in an amount to be determined at trial;[4]

(vi) punitive damages currently calculated at $2,504,000.00, or in an amount to be determined at trial;[5]

(vii) prejudgment interest (plus compounding interest) in an amount to be determined at trial;[6]

(viii) post-judgment interest in an amount to be determined after judgment (plus compounding interest);[7]

and (ix) for attorneys' fees to be determined by the Court after trial;

---

[2] Calculated as $27,800.00 per year in 2022, 2023, and 2024 for Defendants' 10% match into Plaintiff's retirement account, plus $18,000.00 per year in 2022, 2023, and 2024 for Plaintiff's deposit into her retirement account.

[3] Calculated as 300% of the amount set forth for wages consisting of the differential in pay between herself and that of her male counterparts, for past and future loss of wages and benefits, i.e., $1,290,000.00 x 3.

[4] Calculated as $250,000.00 for emotional distress.

[5] Double Plaintiff's compensatory damages.

[6] Nine percent of the total damages sought herein.

[7] 4.46% of the total damages sought herein.

3

as well as (x) costs to be determined by the Court after trial.[8]

**(D)    INSURANCE COVERAGE**

**RESPONSE:**

Not applicable.

Plaintiff reserves the right to supplement these initial disclosures.

Dated: Lake Success, New York
July 16, 2023

**MILMAN LABUDA LAW GROUP PLLC**

  /s/
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*

**VIA E-MAIL**
Tarter Krinsky & Drogin LLP
<u>Attn</u>: Richard L. Steer and Tara Toevs Carolan, Esqs.
1350 Broadway, 11th Floor
New York, NY 10018-0878
rsteer@tarterkrinsky.com
tcarolan@tarterkrinsky.com

*Attorneys for Defendants*

---

[8] Filing fee, service costs, and deposition transcript costs for approximately seven (7) depositions and trial transcripts.

4