**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. SARI EDELMAN,

                Plaintiff,

      – against –

DAVID KAPLAN,

                Defendant.

Case No. 1:21-cv-502 (LJL)

**ORAL ARGUMENT
REQUESTED**

**DEFENDANT DAVID KAPLAN'S**
**OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

## <u>TABLE OF CONTENTS</u>

I.    PLAINTIFF'S MOTION TO INTRODUCE EMOTIONAL DISTRESS
      TESTIMONY SHOULD BE DENIED IN ITS ENTIRETY .................................................. 1

      A.    Plaintiff is Collaterally Estopped from Relitigating Damages ....................................... 1

      B.    Plaintiff's Proposed Testimony and Evidence Was Not Addressed
            During Discovery and Is Overly Prejudicial ................................................................. 3

      C.    Plaintiff Has Not Met Her Burden to Support Bifurcation ............................................ 6

002528\5\180226808.v5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Anderson v. Bungee Intern. Mfg. Corp.,
  44 F. Supp. 2d 534 (S.D.N.Y. 1999) ........................................................................................2

Dallas v. Goldberg,
  143 F. Supp. 2d 312 (S.D.N.Y. 2001) .......................................................................................6

Gelb v. Royal Globe Ins. Co.,
  798 F.2d 38 (2d Cir. 1986) ........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 42(b) ........................................................................................................................6

## I.  PLAINTIFF'S MOTION TO INTRODUCE EMOTIONAL DISTRESS TESTIMONY SHOULD BE DENIED IN ITS ENTIRETY

Plaintiff Dr. Sari Edelman submits her Motion *in Limine* Concerning Emotional Distress Testimony (ECF Doc. No. 341; "Plaintiff's MIL") seeking to introduce testimony at the trial of defendant David Kaplan regarding the impact on her relating to her special needs child.  Plaintiff's motion should be denied in its entirety.

As explained in Kaplan's motion *in limine* submitted on October 22, 2025 (ECF Doc. No. 344), all compensatory damages flowing from Plaintiff's retaliation claims, including any such damages for mental distress, have already been decided by the jury in the previous trial in this case (the "Prior Trial") that resulted in a verdict against defendants NYU Langone Health System, NYU Langone Hospitals, NYU Langone Medical Center, NYU Langone Nassau Rheumatology, NYU School of Medicine, NYU Grossman School of Medicine, NYU Hospitals Center, Andrew T. Rubin, Joseph Antonik, and Joshua Swirnow (collectively, the "Prior Defendants") and in which Kaplan remained a defendant through the entirety of the presentation of evidence and only was removed as a defendant upon the Court's grant of judgment as a matter of law (July 18, 2023 Tr. 1342:21-25).

As no damages issues remain to be decided, including no issues pertaining to compensatory damages, any such testimony and/or evidence would be irrelevant.  Even if compensatory damages remained a live issue, Plaintiff's failure to produce documents relevant to her claimed topics should be fatal to her now seeking to introduce testimony on those topics at trial.

### A.    Plaintiff is Collaterally Estopped from Relitigating Damages

As explained in Kaplan's motion *in limine*, Plaintiff is collaterally estopped from re-litigating the issue of compensatory damages because she had a full and fair opportunity to litigate those issues in the Prior Trial. In the Prior Trial, Plaintiff presented evidence and argument

regarding the damages she allegedly suffered that were attributable to retaliation under the NYSHRL and NYCHRL, culminating in the non-renewal of her employment. The issue was fully adjudicated, and a judgment was reached based on her presentation on those claims.

"An issue determined in a prior federal proceeding is given preclusive effect in a subsequent federal proceeding if the issue is identical to the one involved in the prior proceeding, the issue in the prior proceeding was actually litigated and actually decided, there was a full and fair opportunity for litigation in the prior proceeding, and the issue previously litigated was necessary to support a valid and final judgment on the merits." *Anderson v. Bungee Intern. Mfg. Corp.*, 44 F. Supp. 2d 534, 538 (S.D.N.Y. 1999) (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986).

In the Prior Trial, Plaintiff sought the damages she alleged were attributable to retaliation against her in violation of the NYSHRL and NYCHRL, including back pay, front pay, and compensatory damages, including emotional distress. *See* Plaintiff's Second Amended Complaint (ECF Doc. No. 170), p. 13 (identifying in prayer for relief that the damages sought included "past and future loss of wages and benefits" and "compensatory damages for emotional distress"). These retaliation claims, and the harm associated with them, are the same as those about to be tried against Kaplan. *See id.,* at ¶¶ 71-77 (alleging retaliation in violation of NYSHRL against Kaplan and Prior Defendants collectively); *id.*, ¶¶ 78-84 (alleging retaliation in violation of NYCHRL against Kaplan and Prior Defendants collectively). Plaintiff had her full opportunity to present all evidence relating to those claims even as they pertained to Kaplan, as Kaplan remained a co-defendant in the Prior Trial throughout the presentation of evidence until being granted judgment as a matter of law at the close of the case and just before the case was presented to the jury. July 18, 2023 Tr. 1342:21-25 (granting judgment as a matter of law for Kaplan on all claims of

retaliation based on insufficient evidence.)  The jury nonetheless continued with the case against Kaplan's co-defendants, returning a verdict of liable for retaliation under the NYSHRL and NYCHRL for multiple defendants and, in relevant part, awarding Plaintiff zero dollars in compensatory damages.  ECF Doc. No. 243.

As Plaintiff already litigated the issue of compensatory damages related to her NYSHRL and NYCHRL retaliation claims, Plaintiff is estopped from re-litigating the same issues here.  Her efforts to do so should be denied by the Court.

**B.    Plaintiff's Proposed Testimony and Evidence Was Not Addressed During Discovery and Is Overly Prejudicial**

Even if Plaintiff was not estopped from re-litigating the already-decided compensatory damages issue, she should not be permitted to introduce testimony and evidence that were not a part of discovery and would otherwise be overly prejudicial.

Indeed, this Court has already heard and decided this question before the Prior Trial.  When faced with the defendants' motion *in limine* to exclude the evidence Plaintiff now seeks again to admit, Plaintiff explained at argument that they intended to introduce evidence that,

> plaintiff suffered emotional distress because she had to up her – she was going to testify that she had to uproot her entire family and support network, and lose her support network by having to move to Florida.  Here in New York, she has her entire family on her husband's side and her side.  They lived in East Meadow, and they had the support of all their family members.
>
> When they moved to Florida, they were completely on their own.  Further, the services available for special needs children in New York is a lot more – is a lot greater than that available in Florida.  And it's a lot more affordable, believe it or not, here in New York than it is in Florida due to the scarcity of that resource.  She would be entitled to talk about how her life has been affected by the conduct of the – that's why [defendants'] motion *in limine* should be denied.

June 27, 2023 Tr. 28:25-29:14.  This is the same evidence Plaintiff is asking to introduce in her motion *in limine*.  *See* Plaintiff's MIL, p. 3 (claiming that Plaintiff seeks to introduce testimony

about "her own emotional experience as a mother whose special needs child struggled with the family's relocation to Florida after Plaintiff's contract with NYU was not renewed in retaliation for her lodging a discrimination complaint").

The Court rejected Plaintiff's efforts to introduce such evidence. While Plaintiff's MIL depicts the Court's decision previously as merely precluding "evidence and testimony regarding the specific costs associated with Dr. Edelman's daughter's therapy, tuition, and other out-of-pocket expenses, as well as details about the child's diagnosis or regression" (Plaintiff's MIL, p. 1), this is not true. The Court summarized Plaintiff's position:

> that evidence of her special needs child is relevant to her claim for emotional distress damages because after her employment was not renewed, she was forced to move to Florida for a job. As a result, she claims her child was uprooted and suffered from behavioral issues due to a regression of autism spectrum disorder, **which in turn caused plaintiff emotional distress**[.]

June 27, 2023 Tr. 45:5-11 (emphasis added).

The Court granted the defendants' motion to exclude any such evidence (June 27, 2023 Tr. 45:17-18), not just "evidence and testimony regarding the specific costs associated with Dr. Edelman's daughter's therapy, tuition, and other out-of-pocket expenses, as well as details about the child's diagnosis or regression[.]"

Plaintiff's confusion regarding this appears to be manufactured solely for the purpose of the upcoming Kaplan trial. The docket before the Prior Trial shows no efforts by Plaintiff to "seek clarity" about a ruling they now claim must be clarified. The trial transcript shows no testimony, or even efforts to introduce any evidence regarding, Plaintiff's child's special needs status. Plaintiff's counsel even defended himself against a claim of violating the prior motion *in limine* ruling at trial by characterizing it as only prohibiting evidence "with respect to her condition as autistic[.]" July 11, 2023 Tr. 157:16-18. Plaintiff was permitted to testify how the move and non-

renewal affected her, and she did.  Only now, on the eve of a new trial of a co-defendant, is Plaintiff

seeking a second bite at the apple.

Plaintiff's MIL also ignores the separate basis the Court provided to exclude such

evidence—Plaintiff's failure to comply with their discovery obligations regarding any such claims.

On May 17, 2021, Defendants served their First Request for the Production of Documents, which

included several specific requests for documents concerning Plaintiff's alleged damages.  On July

2, 2021, Plaintiff responded to the request and claimed that she has no responsive documents.  This

included the defendants' request for "[a]ll documents concerning Plaintiff's claims for and

computation of damages alleged in Plaintiff's Complaint and Rule 26 Disclosures" ((ECF Doc.

No. 186-2, p. 3 (Exhibit 1-B) and ECF Doc. No. 186-3, p.8 (Exhibit 1-C)), despite Plaintiff having

always sought compensatory damages for emotional distress (*see, e.g.* Plaintiff's Complaint, ECF

Doc. No. 1, p. 18 (seeking "compensatory damages for emotional distress")).  Nothing was

produced throughout fact discovery or expert discovery.

During pre-trial proceedings, defendants sought to exclude certain evidence.  As to these

arguments regarding Plaintiff's special needs child, the Court explained:

> the motion by defendant has merit to the extent that it relates to evidence regarding
> the special needs child.  Plaintiff produced no evidence in discovery regarding the
> condition of her child.  Nor did she produce evidence that the child was on the
> spectrum and had regressed because of plaintiff's move.  There's no excuse
> provided for the failure to provide that evidence, defendants would be prejudice
> [sic] at this stage by the introduction of that evidence, which they could have
> explored in discovery had the notice been provided and information provided.

June 27, 2023 Tr. 46:13-25.

Presenting her alleged emotional distress through her own point of view does not make this

previously excluded evidence now viable.  Plaintiff still seeks to present to the jury the very details

that she failed to provide notice of during discovery and about which Kaplan was not provided an

opportunity to explore.  Kaplan (and the Prior Defendants) did not have the benefit of discovery into that child previously, and discovery did not re-open after the matter was remanded for a new trial.

This Court has already explained why this evidence should be excluded from trial. Plaintiff's result in seeking to introduce this information now should be the same.

### C.    Plaintiff Has Not Met Her Burden to Support Bifurcation

Plaintiff has failed to provide the requisite support for her truncated request for bifurcated trial phases for liability and damages.

While the Court has discretion to order separate trials pursuant to Fed. R. Civ. P. 42(b) for "convenience", "to avoid prejudice", and "to expedite and economize", there is no basis to do so here.  "[B]ifurcation remains the exception rather than the rule". *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).    Critically, "[t]he party seeking bifurcation bears the burden of establishing that bifurcation is warranted." *Id.*  Plaintiff has failed to satisfy this burden.

Plaintiff's entire argument for bifurcation is merely that it would address any finding of "a substantial risk of prejudice or confusion[.]"  Plaintiff's MIL, p. 4.  Plaintiff does not address the fact that compensatory damages related to her NYSHRL and NYCHRL retaliation claims have already been fully litigated, thereby making any testimony regarding compensatory damages irrelevant and an improper subject of the upcoming trial.  Plaintiff does not address the previous finding of this Court that her failures during discovery preclude the introduction of evidence that the Prior Defendants (and Kaplan here) would have had an opportunity to explore and inquire into during discovery.

As Plaintiff has not met her burden, her request for bifurcation should be denied.

Dated: October 31, 2025
      New York, New York

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By:   */s/ Richard L. Steer*
       Richard C. Schoenstein
       Richard L. Steer
       William F. Schmedlin
       Ingrid J. Cardona
       1350 Broadway, 11th Floor
       New York, NY 10018
       (212) 216-8000
       rschoenstein@tarterkrinsky.com
       rsteer@tarterkrinsky.com
       wschmedlin@tarterkrinsky.com
       icardona@tarterkrinsky.com