# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 10, 2025

Author: Joseph M. Labuda - Member
Direct E-Mail Address: joe@mllaborlaw.com

<u>Via ECF</u>
Hon. Lewis J. Liman, U.S.D.J.
United States District Court Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007-1312

    **Re: Edelman v. NYU Langone Health System, et al.**
      **Case No.: 1:21-cv-502 (LJL)**
      **MLLG File No. 209-20**

Dear Judge Liman:

    Our firm represents Plaintiff, Dr. Sari Edelman, in the above-referenced matter. We submit this letter pursuant to the directive by the Court at the November 5, 2025 hearing for the parties to brief the issue of whether Kaplan (who remained a party through the entirety of the trial and was only removed before the jury was charged) is collaterally estopped from arguing that NYU did not retaliate against Edelman based on the prior jury's verdict as it relates to the element of the aiding and abetting retaliation claim against Kaplan under the NYSHRL and NYCHRL. For the reasons discussed herein, the Court should order that Kaplan is collaterally estopped from presenting any evidence that NYU did not retaliate against Plaintiff and the parties should be able to present such evidence and the jury should be so instructed as to NYU's retaliation.

    On November 5, 2025, this Court concluded that Dr. Edelman's damages against Kaplan are subject to collateral estoppel because Dr. Edelman had a full and fair opportunity to litigate her claim for damages against the defendants, including Kaplan. This Court must similarly conclude that collateral estoppel applies to Kaplan with regard to the prior finding that NYU retaliated against Dr. Edelman.

    "An issue determined in a prior federal proceeding is given preclusive effect in a subsequent federal proceeding if the issue is identical to the one involved in the prior proceeding, the issue in the prior proceeding was actually litigated and actually decided, there was a full and fair opportunity for litigation in the prior proceeding, and the issue previously litigated was necessary to support a valid and final judgment on the merits." *Anderson v. Bungee Intern. Mfg. Corp.*, 44 F. Supp. 2d 534, 538 (S.D.N.Y. 1999) (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986). "Collateral estoppel applies only against a party to a previous adjudication and that party's privies." *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l. B.V. v. Schreiber*, 327 F.3d 173, 184 (2d Cir. 2003). Collateral estoppel applies "regardless of whether the two suits are based on the same cause of

action." *Griffin v. Sirva, Inc.*, 291 F. Supp. 3d 245, 251-52 (E.D.N.Y. 2018) (quoting *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003).

Collateral estoppel can apply to an element of a claim. *See Linden Airport Mgt. Corp. v. NY City Economic Dev. Corp.*, 2011 U.S. Dist. LEXIS 60283 (S.D.N.Y. June 1, 2011) ("Although the proposed Second Amended Complaint adds a claim for aiding and abetting fraud, the existence of underlying fraud is an essential element of such a claim under New York law. Because Plaintiffs' fraud claim is barred by collateral estoppel, their proposed aiding and abetting fraud claim is similarly precluded"); *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 BR 788, 806 (Bankr E.D.N.Y. 2014) (concluding collateral estoppel applied to the first element of a Section 523(a)(6) claim, whether the debtor acted willfully).

"Before an individual may be considered an aider and abettor," liability "must first be established as to the employer." *Mondschein v. NY 101, Inc.*, 2020 U.S. Dist. LEXIS 46171, at *36 (E.D.N.Y. Mar. 17, 2020) (quoting *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F. Supp. 2d 477, 490–91 (S.D.N.Y. 1999)); *see also Wilkinson v. New York State*, No. 2:18-CV-4148, 2019 U.S. Dist. LEXIS 182991, 2019 WL 5423573, at *17 (E.D.N.Y. Oct. 22, 2019) ("[T]he NYSHRL and NYCHRL require that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor.").

Here, there was a jury verdict finding NYU retaliated against Plaintiff in violation of NYSHRL and NYCHRL – which is the first element of Plaintiff's aiding and abetting retaliation claims against Kaplan under NYSHRL and NYCHRL. This prior finding that Plaintiff's employer, NYU, retaliated against her establishes the first two elements of collateral estoppel – that the issue is identical to the one involved in the prior proceeding and the issue in the prior proceeding was actually litigated and actually decided.

Kaplan had a full and fair opportunity to litigate this issue in the prior proceeding. Indeed, in Kaplan's motion in limine where he sought a determination that Plaintiff is estopped from seeking damages against Kaplan for the period up through the first trial, Kaplan argued that collateral estoppel applied because "Kaplan remained a co-defendant in the Prior Trial throughout the presentation of evidence and was only removed upon motion for judgment as a matter of law immediately before the case was presented to the jury." The Court granted Kaplan's motion in limine on November 5, 2025. The same reasoning must apply as Kaplan had a full and fair opportunity at the first trial to litigate the issue of whether NYU retaliated against Plaintiff and to cross-examine Plaintiff.

Moreover, Kaplan is in privity with NYU. Courts routinely conclude that the employee-employer relationship is sufficient to establish privity. *See Pierre v. Lieberman*, 2017 U.S. Dist. LEXIS 92594 (S.D.N.Y. June 14, 2017) (employee in privity with employer in employment discrimination claim); *Davis v. Metro N. Commuter R.R.*, 2022 U.S. Dist. LEXIS 109913 (S.D.N.Y. June 21, 2022) ("the employee-employer relationship is sufficient to establish privity"); *Weir v Montefiore Med. Ctr.*, 2023 U.S. Dist. LEXIS 157038 (S.D.N.Y. Sep. 6, 2023) (hospital employees in privity with hospital).

Because the issue of retaliation by NYU was fully and fairly litigated in the first trial, the finding of NYU's retaliation is entitled to preclusive effect in the Kaplan trial. Kaplan cannot now contest whether NYU retaliated against Plaintiff as that issue has been conclusively resolved. The only issue for the jury to determine at the Kaplan trial is whether Kaplan aided and abetted NYU's retaliation. Moreover, the jury should be instructed that there has been a finding that NYU retaliated against Plaintiff such that the prerequisite to a finding of aiding and abetting retaliation – that liability must first be established as to the employer – has been satisfied.

If this motion is granted, Plaintiff anticipates that it will substantially reduce the amount of testimony needed at Kaplan's trial.

Lastly, the Court asked the parties to address what effect, if any, the verdict in favor of Swirnow and Rubin on the retaliation claims against them has on the collateral estoppel analysis. The answer to that inquiry is that it has no effect because it is the corporate employer's (NYU) liability, and not an individual defendant's liability, that must be first satisfied in an aiding and abetting retaliation claim. Indeed, in the jury verdict form for the first trial, paragraph 11, which addresses aiding and abetting retaliation under NYSHRL, states that the jury may only answer if the jury answers yes to paragraph 10 to the question as to whether the corporate defendants retaliated against Plaintiff. *See* ECF Docket No. 243. Similarly, paragraph 14, which addresses aiding and abetting retaliation under NYCHRL, states that the jury may only answer if the jury answers yes to paragraph 13 to the question as to whether the corporate defendants retaliated against Plaintiff. *Id*.

                                                                Respectfully submitted,

                                                                /s/ Joseph M. Labuda

cc: All counsel of record (via ECF)